Nos. 24-50627, 24-40533, 24-10855,

# United States Court of Appeals for the Fifth Circuit

SPACE EXPLORATION TECHNOLOGIES CORP.,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

ENERGY TRANSFER L.P. and its subsidiary and employing entity LA GRANGE ACQUISITION, L.P.,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

AUNT BERTHA, doing business as FINDHELP,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants.*

---

## On Appeal from the United States District Courts for the Northern, Southern, and Western Districts of Texas

---

## STATUTORY ADDENDUM

---

JENNIFER A. ABRUZZO
  *General Counsel*
PETER SUNG OHR
  *Deputy General Counsel*
NANCY E. KESSLER PLATT
  *Associate General Counsel*
DAWN L. GOLDSTEIN
  *Deputy Associate General Counsel*

KEVIN P. FLANAGAN
  *Deputy Assistant General Counsel*
PAUL A. THOMAS
  *Supervisory Attorney*
DAVID P. BOEHM
GRACE L. PEZZELLA
  *Trial Attorneys*

NATIONAL LABOR RELATIONS BOARD
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570
(202) 273-4202

# TABLE OF CONTENTS

THE CIVIL SERVICE REFORM ACT OF 1978.................................SA-1

THE NORRIS-LaGUARDIA ACT........................................................SA-2

THE NATIONAL LABOR RELATIONS ACT, AS AMENDED.........SA-7

# THE CIVIL SERVICE REFORM ACT OF <u>1978</u>

## <u>5 U.S.C. § 7521</u> Actions against administrative law judges

(a) An action may be taken against an administrative law judge appointed under section 3105 of this title by the agency in which the administrative law judge is employed only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board.

(b) The actions covered by this section are--
    (1) a removal;
    (2) a suspension;
    (3) a reduction in grade;
    (4) a reduction in pay; and
    (5) a furlough of 30 days or less;

    but do not include--
        (A) a suspension or removal under section 7532 of this title;
        (B) a reduction-in-force action under section 3502 of this title; or
        (C) any action initiated under section 1215 of this title.

# THE NORRIS-LaGUARDIA ACT

### Sec. 101 (29 U.S.C. §101). Issuance of restraining orders and injunctions; limitation; public policy

No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter.

### Sec. § 104. (29 U.S.C. §104). Enumeration of specific acts not subject to restraining orders or injunctions

No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

(a) Ceasing or refusing to perform any work or to remain in any relation of employment;

(b) Becoming or remaining a member of any labor organization or of any employer organization, regardless of any such undertaking or promise as is described in section 103 of this title;

(c) Paying or giving to, or withholding from, any person participating or interested in such labor dispute, any strike or unemployment benefits or insurance, or other moneys or things of value;

(d) By all lawful means aiding any person participating or interested in any labor dispute who is being proceeded against in, or is

prosecuting, any action or suit in any court of the United States or of any State;

(e) Giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence;

(f) Assembling peaceably to act or to organize to act in promotion of their interests in a labor dispute;

(g) Advising or notifying any person of an intention to do any of the acts heretofore specified;

(h) Agreeing with other persons to do or not to do any of the acts heretofore specified; and

(i) Advising, urging, or otherwise causing or inducing without fraud or violence the acts heretofore specified, regardless of any such undertaking or promise as is described in section 103 of this title.

### Sec. 107 (29 U.S.C. § 107). Issuance of injunctions in labor disputes; hearing; findings of court; notice to affected persons; temporary restraining order; undertakings

No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect—

(a) That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the

threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;

(b) That substantial and irreparable injury to complainant's property will follow;

(c) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;

(d) That complainant has no adequate remedy at law; and

(e) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection.

Such hearing shall be held after due and personal notice thereof has been given, in such manner as the court shall direct, to all known persons against whom relief is sought, and also to the chief of those public officials of the county and city within which the unlawful acts have been threatened or committed charged with the duty to protect complainant's property: *Provided, however*, That if a complainant shall also allege that, unless a temporary restraining order shall be issued without notice, a substantial and irreparable injury to complainant's property will be unavoidable, such a temporary restraining order may be issued upon testimony under oath, sufficient, if sustained, to justify the court in issuing a temporary injunction upon a hearing after notice. Such a temporary restraining order shall be effective for no longer than five days and shall become void at the expiration of said five days. No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any

injunctive relief sought in the same proceeding and subsequently denied by the court.

The undertaking mentioned in this section shall be understood to signify an agreement entered into by the complainant and the surety upon which a decree may be rendered in the same suit or proceeding against said complainant and surety, upon a hearing to assess damages of which hearing complainant and surety shall have reasonable notice, the said complainant and surety submitting themselves to the jurisdiction of the court for that purpose. But nothing in this section contained shall deprive any party having a claim or cause of action under or upon such undertaking from electing to pursue his ordinary remedy by suit at law or in equity.

## Sec. 108. (29 U.S.C. § 108). Noncompliance with obligations involved in labor disputes or failure to settle by negotiation or arbitration as preventing injunctive relief

No restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation imposed by law which is involved in the labor dispute in question, or who has failed to make every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration.

## Sec. 113 (29 U.S.C. § 113). Definitions of terms and words used in chapter

When used in this chapter, and for the purposes of this chapter--

(a) A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft, or occupation; or have direct or indirect interests therein; or who are employees of the same employer; or who are members of the same or an affiliated organization of employers or employees; whether such dispute is (1) between one or more employers or associations of employers and one or more employees or associations of employees; (2)

between one or more employers or associations of employers and one or more employers or associations of employers; or (3) between one or more employees or associations of employees and one or more employees or associations of employees; or when the case involves any conflicting or competing interests in a "labor dispute" (as defined in this section) of "persons participating or interested" therein (as defined in this section).

(b) A person or association shall be held to be a person participating or interested in a labor dispute if relief is sought against him or it, and if he or it is engaged in the same industry, trade, craft, or occupation in which such dispute occurs, or has a direct or indirect interest therein, or is a member, officer, or agent of any association composed in whole or in part of employers or employees engaged in such industry, trade, craft, or occupation.

(c) The term "labor dispute" includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee.

(d) The term "court of the United States" means any court of the United States whose jurisdiction has been or may be conferred or defined or limited by Act of Congress, including the courts of the District of Columbia.

# THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

## Sec. 1 (<u>29 U.S.C. § 151</u>) Findings and declaration of policy

The denial by some employers of the right of employees to organize and the refusal by some employers to accept the procedure of collective bargaining lead to strikes and other forms of industrial strife or unrest, which have the intent or the necessary effect of burdening or obstructing commerce by (a) impairing the efficiency, safety, or operation of the instrumentalities of commerce; (b) occurring in the current of commerce; (c) materially affecting, restraining, or controlling the flow of raw materials or manufactured or processed goods from or into the channels of commerce, or the prices of such materials or goods in commerce; or (d) causing diminution of employment and wages in such volume as substantially to impair or disrupt the market for goods flowing from or into the channels of commerce.

The inequality of bargaining power between employees who do not possess full freedom of association or actual liberty of contract, and employers who are organized in the corporate or other forms of ownership association substantially burdens and affects the flow of commerce, and tends to aggravate recurrent business depressions, by depressing wage rates and the purchasing power of wage earners in industry and by preventing the stabilization of competitive wage rates and working conditions within and between industries.

Experience has proved that protection by law of the right of employees to organize and bargain collectively safeguards commerce from injury, impairment, or interruption, and promotes the flow of commerce by removing certain recognized sources of industrial strife and unrest, by encouraging practices fundamental to the friendly adjustment of industrial disputes arising out of differences as to wages, hours, or other working conditions, and by restoring equality of bargaining power between employers and employees.

Experience has further demonstrated that certain practices by some labor organizations, their officers, and members have the intent or

the necessary effect of burdening or obstructing commerce by preventing the free flow of goods in such commerce through strikes and other forms of industrial unrest or through concerted activities which impair the interest of the public in the free flow of such commerce. The elimination of such practices is a necessary condition to the assurance of the rights herein guaranteed.

It is hereby declared to be the policy of the United States to eliminate the causes of certain substantial obstructions to the free flow of commerce and to mitigate and eliminate these obstructions when they have occurred by encouraging the practice and procedure of collective bargaining and by protecting the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection.

### Sec. 3 (29 U.S.C. § 153) National Labor Relations Board

(a) Creation, composition, appointment, and tenure; Chairman; removal of members

The National Labor Relations Board (hereinafter called the "Board") created by this subchapter prior to its amendment by the Labor Management Relations Act, 1947, is continued as an agency of the United States, except that the Board shall consist of five instead of three members, appointed by the President by and with the advice and consent of the Senate. Of the two additional members so provided for, one shall be appointed for a term of five years and the other for a term of two years. Their successors, and the successors of the other members, shall be appointed for terms of five years each, excepting that any individual chosen to fill a vacancy shall be appointed only for the unexpired term of the member whom he shall succeed. The President shall designate one member to serve as Chairman of the Board. Any member of the Board may be removed by the President, upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause.

(b) Delegation of powers to members and regional directors;
   review and stay of actions of regional directors; quorum; seal

The Board is authorized to delegate to any group of three or more
members any or all of the powers which it may itself exercise. The
Board is also authorized to delegate to its regional directors its powers
under section 159 of this title to determine the unit appropriate for the
purpose of collective bargaining, to investigate and provide for hearings,
and determine whether a question of representation exists, and to
direct an election or take a secret ballot under subsection (c) or (e) of
section 159 of this title and certify the results thereof, except that upon
the filing of a request therefor with the Board by any interested person,
the Board may review any action of a regional director delegated to him
under this paragraph, but such a review shall not, unless specifically
ordered by the Board, operate as a stay of any action taken by the
regional director. A vacancy in the Board shall not impair the right of
the remaining members to exercise all of the powers of the Board, and
three members of the Board shall, at all times, constitute a quorum of
the Board, except that two members shall constitute a quorum of any
group designated pursuant to the first sentence hereof. The Board shall
have an official seal which shall be judicially noticed.

   ***

(d) General Counsel; appointment and tenure; powers and duties;
   vacancy

There shall be a General Counsel of the Board who shall be
appointed by the President, by and with the advice and consent of the
Senate, for a term of four years. The General Counsel of the Board shall
exercise general supervision over all attorneys employed by the Board
(other than administrative law judges and legal assistants to Board
members) and over the officers and employees in the regional offices. He
shall have final authority, on behalf of the Board, in respect of the
investigation of charges and issuance of complaints under section 160 of
this title, and in respect of the prosecution of such complaints before the

Board, and shall have such other duties as the Board may prescribe or as may be provided by law. In case of a vacancy in the office of the General Counsel the President is authorized to designate the officer or employee who shall act as General Counsel during such vacancy, but no person or persons so designated shall so act (1) for more than forty days when the Congress is in session unless a nomination to fill such vacancy shall have been submitted to the Senate, or (2) after the adjournment sine die of the session of the Senate in which such nomination was submitted.

### Sec. 6 (29 U.S.C. § 156) Rules and Regulations

The Board shall have authority from time to time to make, amend, and rescind, in the manner prescribed by subchapter II of chapter 5 of Title 5, such rules and regulations as may be necessary to carry out the provisions of this subchapter.

### Sec. 7 (29 U.S.C. § 157) Right of employees as to organization, collective bargaining, etc.

Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

### Sec. 8 (29 U.S.C. § 158) Unfair Labor Practices

(a) It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7.

\* \* \*

(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: *Provided*, That nothing in this subchapter, or in any other statute of the United States, shall preclude an employer from making an agreement with a labor organization (not established, maintained, or assisted by any action defined in this subsection as an unfair labor practice) to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment or the effective date of such agreement, whichever is the later, (i) if such labor organization is the representative of the employees as provided in section 159(a) of this title, in the appropriate collective-bargaining unit covered by such agreement when made, and (ii) unless following an election held as provided in section 159(e) of this title within one year preceding the effective date of such agreement, the Board shall have certified that at least a majority of the employees eligible to vote in such election have voted to rescind the authority of such labor organization to make such an agreement: *Provided further*, That no employer shall justify any discrimination against an employee for nonmembership in a labor organization (A) if he has reasonable grounds for believing that such membership was not available to the employee on the same terms and conditions generally applicable to other members, or (B) if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership;

(4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter;

SA-11

(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title.

\* \* \*

## Sec. 9 (29 U.S.C. § 159) Representatives and elections

(a) Exclusive representatives; employees' adjustment of grievances directly with employer

Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment: Provided, That any individual employee or a group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect: Provided further, That the bargaining representative has been given opportunity to be present at such adjustment.

(b) Determination of bargaining unit by Board

The Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof: Provided, That the Board shall not (1) decide that any unit is appropriate for such purposes if such unit includes both professional employees and employees who are not professional employees unless a majority of such professional employees vote for inclusion in such unit; or (2) decide that any craft unit is inappropriate for such purposes on the ground that a different unit has been

established by a prior Board determination, unless a majority of the employees in the proposed craft unit vote against separate representation or (3) decide that any unit is appropriate for such purposes if it includes, together with other employees, any individual employed as a guard to enforce against employees and other persons rules to protect property of the employer or to protect the safety of persons on the employer's premises; but no labor organization shall be certified as the representative of employees in a bargaining unit of guards if such organization admits to membership, or is affiliated directly or indirectly with an organization which admits to membership, employees other than guards.

(b) Hearings on questions affecting commerce; rules and regulations

(1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board--

(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees (i) wish to be represented for collective bargaining and that their employer declines to recognize their representative as the representative defined in subsection (a), or (ii) assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in subsection (a); or

(B) by an employer, alleging that one or more individuals or labor organizations have presented to him a claim to be recognized as the representative defined in subsection (a);

the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of

representation exists, it shall direct an election by secret ballot and shall certify the results thereof.

(2) In determining whether or not a question of representation affecting commerce exists, the same regulations and rules of decision shall apply irrespective of the identity of the persons filing the petition or the kind of relief sought and in no case shall the Board deny a labor organization a place on the ballot by reason of an order with respect to such labor organization or its predecessor not issued in conformity with section 160(c) of this title.

(3) No election shall be directed in any bargaining unit or any subdivision within which in the preceding twelve-month period, a valid election shall have been held. Employees engaged in an economic strike who are not entitled to reinstatement shall be eligible to vote under such regulations as the Board shall find are consistent with the purposes and provisions of this subchapter in any election conducted within twelve months after the commencement of the strike. In any election where none of the choices on the ballot receives a majority, a run-off shall be conducted, the ballot providing for a selection between the two choices receiving the largest and second largest number of valid votes cast in the election.

(4) Nothing in this section shall be construed to prohibit the waiving of hearings by stipulation for the purpose of a consent election in conformity with regulations and rules of decision of the Board.

(5) In determining whether a unit is appropriate for the purposes specified in subsection (b) the extent to which the employees have organized shall not be controlling.

(d) Petition for enforcement or review; transcript

Whenever an order of the Board made pursuant to section 160(c) of this title is based in whole or in part upon facts certified following an investigation pursuant to subsection (c) of this section and there is a petition for the enforcement or review of such order, such certification

SA-14

and the record of such investigation shall be included in the transcript of the entire record required to be filed under subsection (e) or (f) of section 160 of this title, and thereupon the decree of the court enforcing, modifying, or setting aside in whole or in part the order of the Board shall be made and entered upon the pleadings, testimony, and proceedings set forth in such transcript.

(e) Secret ballot; limitation of elections

(1) Upon the filing with the Board, by 30 per centum or more of the employees in a bargaining unit covered by an agreement between their employer and a labor organization made pursuant to section 158(a)(3) of this title, of a petition alleging they desire that such authority be rescinded, the Board shall take a secret ballot of the employees in such unit and certify the results thereof to such labor organization and to the employer.

(2) No election shall be conducted pursuant to this subsection in any bargaining unit or any subdivision within which, in the preceding twelve-month period, a valid election shall have been held.

### Section 10 (29 U.S.C. § 160) Prevention of unfair labor practices

(a) Powers of Board generally

The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise: Provided, That the Board is empowered by agreement with any agency of any State or Territory to cede to such agency jurisdiction over any cases in any industry (other than mining, manufacturing, communications, and transportation except where predominantly local in character) even though such cases may involve labor disputes affecting commerce, unless the provision of the State or Territorial statute applicable to the determination of such

cases by such agency is inconsistent with the corresponding provision of this subchapter or has received a construction inconsistent therewith.

(b) Complaint and notice of hearing; answer; court rules of evidence inapplicable

Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board, or any agent or agency designated by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board or a member thereof, or before a designated agent or agency, at a place therein fixed, not less than five days after the serving of said complaint: Provided, That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made, unless the person aggrieved thereby was prevented from filing such charge by reason of service in the armed forces, in which event the six-month period shall be computed from the day of his discharge. Any such complaint may be amended by the member, agent, or agency conducting the hearing or the Board in its discretion at any time prior to the issuance of an order based thereon. The person so complained of shall have the right to file an answer to the original or amended complaint and to appear in person or otherwise and give testimony at the place and time fixed in the complaint. In the discretion of the member, agent, or agency conducting the hearing or the Board, any other person may be allowed to intervene in the said proceeding and to present testimony. Any such proceeding shall, so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the rules of civil procedure for the district courts of the United States, adopted by the Supreme Court of the United States pursuant to section 2072 of Title 28.

(c) Reduction of testimony to writing; findings and orders of Board

The testimony taken by such member, agent, or agency or the Board shall be reduced to writing and filed with the Board. Thereafter, in its discretion, the Board upon notice may take further testimony or hear argument. If upon the preponderance of the testimony taken the Board shall be of the opinion that any person named in the complaint has engaged in or is engaging in any such unfair labor practice, then the Board shall state its findings of fact and shall issue and cause to be served on such person an order requiring such person to cease and desist from such unfair labor practice, and to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of this subchapter: Provided, That where an order directs reinstatement of an employee, back pay may be required of the employer or labor organization, as the case may be, responsible for the discrimination suffered by him: And provided further, That in determining whether a complaint shall issue alleging a violation of subsection (a)(1) or (a)(2) of section 158 of this title, and in deciding such cases, the same regulations and rules of decision shall apply irrespective of whether or not the labor organization affected is affiliated with a labor organization national or international in scope. Such order may further require such person to make reports from time to time showing the extent to which it has complied with the order. If upon the preponderance of the testimony taken the Board shall not be of the opinion that the person named in the complaint has engaged in or is engaging in any such unfair labor practice, then the Board shall state its findings of fact and shall issue an order dismissing the said complaint. No order of the Board shall require the reinstatement of any individual as an employee who has been suspended or discharged, or the payment to him of any back pay, if such individual was suspended or discharged for cause. In case the evidence is presented before a member of the Board, or before an administrative law judge or judges thereof, such member, or such judge or judges as the case may be, shall issue and cause to be served on the parties to the proceeding a proposed report, together with a recommended order, which shall be filed with the Board, and if no exceptions are filed within twenty days after service thereof upon such parties, or within such further period as the Board may authorize, such recommended order shall become the order of the Board and become effective as therein prescribed.

SA-17

(d) Modification of findings or orders prior to filing record in court

Until the record in a case shall have been filed in a court, as hereinafter provided, the Board may at any time upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it.

(e) Petition to court for enforcement of order; proceedings; review of judgment

The Board shall have power to petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings, as provided in section 2112 of Title 28. Upon the filing of such petition, the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the Board. No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency, the court may order such additional evidence to be taken before the Board, its member, agent, or agency, and to be made a part of the record. The

Board may modify its findings as to the facts, or make new findings by reason of additional evidence so taken and filed, and it shall file such modified or new findings, which findings with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive, and shall file its recommendations, if any, for the modification or setting aside of its original order. Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by the appropriate United States court of appeals if application was made to the district court as hereinabove provided, and by the Supreme Court of the United States upon writ of certiorari or certification as provided in section 1254 of Title 28.

(f) Review of final order of Board on petition to court

Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the Board, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the Board, as provided in section 2112 of Title 28. Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive.

(g) Institution of court proceedings as stay of Board's order

The commencement of proceedings under subsection (e) or (f) of this section shall not, unless specifically ordered by the court, operate as a stay of the Board's order.

(h) Jurisdiction of courts unaffected by limitations prescribed in chapter 6 of this title

When granting appropriate temporary relief or a restraining order, or making and entering a decree enforcing, modifying, and enforcing as so modified or setting aside in whole or in part an order of the Board, as provided in this section, the jurisdiction of courts sitting in equity shall not be limited by chapter 6 of this title.

(i) (repealed).

(j) Injunctions

The Board shall have power, upon issuance of a complaint as provided in subsection (b) charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.

(k) Hearings on jurisdictional strikes

Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4)(D) of section 158(b) of this title, the Board is empowered and directed to hear and determine the dispute out of which such unfair labor practice shall have arisen, unless, within ten days after notice that such charge has been filed, the parties to such dispute submit to the Board satisfactory evidence that

they have adjusted, or agreed upon methods for the voluntary adjustment of, the dispute. Upon compliance by the parties to the dispute with the decision of the Board or upon such voluntary adjustment of the dispute, such charge shall be dismissed.

(l) Boycotts and strikes to force recognition of uncertified labor organizations; injunctions; notice; service of process

Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4)(A), (B), or (C) of section 158(b) of this title, or section 158(e) of this title or section 158(b)(7) of this title, the preliminary investigation of such charge shall be made forthwith and given priority over all other cases except cases of like character in the office where it is filed or to which it is referred. If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court within any district where the unfair labor practice in question has occurred, is alleged to have occurred, or wherein such person resides or transacts business, for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter. Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper, notwithstanding any other provision of law: Provided further, That no temporary restraining order shall be issued without notice unless a petition alleges that substantial and irreparable injury to the charging party will be unavoidable and such temporary restraining order shall be effective for no longer than five days and will become void at the expiration of such period: Provided further, That such officer or regional attorney shall not apply for any restraining order under section 158(b)(7) of this title if a charge against the employer under section 158(a)(2) of this title has been filed and after the preliminary investigation, he has reasonable cause to believe that such charge is true and that a complaint should issue. Upon filing of any such petition the courts shall cause notice thereof to be served upon any person involved in the charge and such person, including the charging party,

shall be given an opportunity to appear by counsel and present any relevant testimony: Provided further, That for the purposes of this subsection district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in promoting or protecting the interests of employee members. The service of legal process upon such officer or agent shall constitute service upon the labor organization and make such organization a party to the suit. In situations where such relief is appropriate the procedure specified herein shall apply to charges with respect to section 158(b)(4)(D) of this title.

(m) Priority of cases

Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of subsection (a)(3) or (b)(2) of section 158 of this title, such charge shall be given priority over all other cases except cases of like character in the office where it is filed or to which it is referred and cases given priority under subsection (l).***

## Section 16 (29 U.S.C. § 16) Separability

If any provision of this subchapter, or the application of such provision to any person or circumstances, shall be held invalid, the remainder of this subchapter, or the application of such provision to persons or circumstances other than those as to which it is held invalid, shall not be affected thereby.