Nos. 24-50627, 24-40533, 24-10855,

# United States Court of Appeals for the Fifth Circuit

SPACE EXPLORATION TECHNOLOGIES CORP.,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

ENERGY TRANSFER L.P. and its subsidiary and employing entity LA GRANGE ACQUISITION, L.P.,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

AUNT BERTHA, doing business as FINDHELP,

*Plaintiff-Appellee*,

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*.

---

### On Appeal from the United States District Courts for the Northern, Southern, and Western Districts of Texas

---

### RECORD EXCERPTS

---

JENNIFER A. ABRUZZO
  *General Counsel*
PETER SUNG OHR
  *Deputy General Counsel*
NANCY E. KESSLER PLATT
  *Associate General Counsel*
DAWN L. GOLDSTEIN
  *Deputy Associate General Counsel*

KEVIN P. FLANAGAN
  *Deputy Assistant General Counsel*
PAUL A. THOMAS
  *Supervisory Attorney*
DAVID P. BOEHM
GRACE L. PEZZELLA
  *Trial Attorneys*

NATIONAL LABOR RELATIONS BOARD
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570
(202) 273-4202

## TABLE OF CONTENTS

Tab 1, *SpaceX* Docket Sheet........................................................ S-ROA.1-11

Tab 2, *SpaceX* Notice of Appeal ........................................ S-ROA.336-337

Tab 3, *SpaceX* Order Granting Injunction ........................ S-ROA.319-335

Tab 4, *Energy Transfer* Docket Sheet .................................... E-ROA.1-8

Tab 5, *Energy Transfer* Notice of Appeal .......................... E-ROA.324-325

Tab 6, *Energy Transfer* Order Granting Injunction ........ E-ROA.310-322

Tab 7, *Findhelp* Docket Sheet.................................................... F-ROA.1-8

Tab 8, *Findhelp* Notice of Appeal .................................... F-ROA.467-468

Tab 9, *Findhelp* Order Granting Injunction .................... F-ROA.460-466

Tab 1
S-ROA.1-11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appellees' Brief was filed electronically with this Court's CM/ECF system on this date, which will send an electronic notice to all registered parties and counsel.

/s/ David P. Boehm
DAVID P. BOEHM
    *Trial Attorney*
National Labor Relations Board
1015 Half Street, SE, 4th Floor
Washington, D.C. 20570
Tel: (952) 703-2891
david.boehm@nlrb.gov

Dated: October 28, 2024
    Washington, D.C.

# U.S. District Court [LIVE]
# Western District of Texas (Waco)
# CIVIL DOCKET FOR CASE #: 6:24-cv-00203-ADA

Space Exploration Technologies Corp. v. National Labor Relations Board et al
Assigned to: Judge Alan D Albright
Case in other court:  USCA Fifth Circuit, 24-50627
Cause: 28:2201 Declaratory Judgment

Date Filed: 04/19/2024
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

## Plaintiff

**Space Exploration Technologies Corp.**     represented by     **Harry I. Johnson , III**
Morgan Lewis
2049 Century Park East
Suite 700
Los Angeles, CA 90067-3109
310-255-9005
Fax: 310-907-1001
Email: harry.johnson@morganlewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael E. Kenneally**
Morgan, Lewis & Bockius LLP - DC Office
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
202-739-5893
Email: michael.kenneally@morganlewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amanda L. Salz**
The Becket Fund for Religious Liberty
1919 Pennsylvania Avenue NW
Suite 400
Washington, DC 20006
202-955-0095
Email: asalz@becketlaw.org
*TERMINATED: 06/28/2024*
*ATTORNEY TO BE NOTICED*

**Stefanie R. Moll**
Morgan, Lewis & Bockius, LLP
1000 Louisiana St.
Suite 4000
Houston, TX 77002

(713) 890-5780
Fax: (713) 890-5001
Email: stefanie.moll@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Catherine L. Eschbach**
Morgan, Lewis & Bockius LLP
1000 Louisiana St., Suite 4000
Houston, TX 77002
713-890-5719
Email:
catherine.eschbach@morganlewis.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**National Labor Relations Board**               represented by   **David P Boehm**
National Labor Relations Board
Contempt, Compliance and Special Litigation
Branch
1015 Half St SE
4th Floor
Ste 4th Floor
Washington, DC 20003
202-273-4202
Email: david.boehm@nlrb.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Flanagan**
National Labor Relations Board
1015 Half Street, S.E.
Room 4016
Washington, DC 20570
202-273-2938
Email: kevin.flanagan@nlrb.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maxie Elena Gallardo Miller**
National Labor Relations Board
Region 16
819 Taylor St., Rm 8A24
Fort Worth, TX 76102
682-703-7222
Fax: 817-978-2928
Email: maxie.miller@nlrb.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

**Jennifer Abruzzo**
*in her official capacity as the General Counsel of the National Labor Relations Board*

**David P Boehm**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Flanagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maxie Elena Gallardo Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lauren McFerran**
*in her official capacity as the Chairman of the National Labor Relations Board*

represented by **David P Boehm**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Flanagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maxie Elena Gallardo Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marvin E Kaplan**
*in his official capacity as Board Member of the National Labor Relations Board*

represented by **David P Boehm**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Flanagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maxie Elena Gallardo Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gwynne A Wilcox**
*in her official capacity as Board Member of the National Labor Relations Board*

represented by **David P Boehm**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Flanagan**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maxie Elena Gallardo Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David M Prouty**
*in his official capacity as Board Member of the National Labor Relations Board*

represented by **David P Boehm**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Flanagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maxie Elena Gallardo Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe - Administrative Law Judge NLRB**

represented by **David P Boehm**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Flanagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maxie Elena Gallardo Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/19/2024 | 1 (p.12) | COMPLAINT *for Declaratory and Injunctive Relief* ( Filing fee $ 405 receipt number ATXWDC-18672725). No Summons requested at this time, filed by Space Exploration Technologies Corp.. (Attachments: # 1 (p.12) Civil Cover Sheet)(Eschbach, Catherine) (Entered: 04/19/2024) |
| 04/19/2024 |  | Case assigned to Judge Alan D Albright and REFERRED to Magistrate Judge Derek T. Gilliland. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE (lad) (Entered: 04/22/2024) |
| 04/22/2024 |  | Remark: Plaintiff's Counsel called and indicated they erred in filing in AU instead of Waco. All pleadings reflect Waco. (pg) (Entered: 04/22/2024) |

| 04/22/2024 | 2 (p.28) | RULE 7 DISCLOSURE STATEMENT filed by Space Exploration Technologies Corp.. (Eschbach, Catherine) (Entered: 04/22/2024) |
|---|---|---|
| 04/22/2024 | 3 (p.30) | REQUEST FOR ISSUANCE OF SUMMONS by Space Exploration Technologies Corp.. (Eschbach, Catherine) (Entered: 04/22/2024) |
| 04/22/2024 | 4 (p.42) | Summons Issued as to Jennifer Abruzzo, Marvin E Kaplan, Lauren McFerran, David M Prouty, Gwynne A Wilcox,National Labor Relations Board via U.S. Attorney (lad) (Entered: 04/22/2024) |
| 04/24/2024 | 5 (p.54) | MOTION to Appear Pro Hac Vice by Catherine L. Eschbach *for Harry I. Johnson, III* ( Filing fee $ 100 receipt number ATXWDC-18689833) by on behalf of Space Exploration Technologies Corp... Motions referred to Judge Derek T. Gilliland. (Eschbach, Catherine) (Entered: 04/24/2024) |
| 04/24/2024 | 6 (p.58) | MOTION to Appear Pro Hac Vice by Catherine L. Eschbach *for Amanda Salz* ( Filing fee $ 100 receipt number ATXWDC-18689869) by on behalf of Space Exploration Technologies Corp... Motions referred to Judge Derek T. Gilliland. (Eschbach, Catherine) (Entered: 04/24/2024) |
| 04/24/2024 | 7 (p.62) | MOTION to Appear Pro Hac Vice by Catherine L. Eschbach *for Michael E. Kenneally* ( Filing fee $ 100 receipt number ATXWDC-18690847) by on behalf of Space Exploration Technologies Corp... Motions referred to Judge Derek T. Gilliland. (Eschbach, Catherine) (Entered: 04/24/2024) |
| 04/25/2024 | 8 (p.66) | NOTICE of Attorney Appearance by Maxie Elena Gallardo Miller on behalf of Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. Attorney Maxie Elena Gallardo Miller added to party Jennifer Abruzzo(pty:dft), Attorney Maxie Elena Gallardo Miller added to party John Doe - Administrative Law Judge NLRB(pty:dft), Attorney Maxie Elena Gallardo Miller added to party Marvin E Kaplan(pty:dft), Attorney Maxie Elena Gallardo Miller added to party Lauren McFerran(pty:dft), Attorney Maxie Elena Gallardo Miller added to party National Labor Relations Board(pty:dft), Attorney Maxie Elena Gallardo Miller added to party David M Prouty(pty:dft), Attorney Maxie Elena Gallardo Miller added to party Gwynne A Wilcox(pty:dft) (Miller, Maxie) (Entered: 04/25/2024) |
| 04/25/2024 | 9 (p.67) | ORDER GRANTING 5 (p.54) Motion to Appear Pro Hac Vice for Attorney Harry I. Johnson. Attorney added for Space Exploration Technologies Corp. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order, **if he/she has not previously done so for a prior case in this District**. Registration is managed by the PACER Service Center. Signed by Judge Derek T. Gilliland. (bot1) (Entered: 04/25/2024) |
| 04/25/2024 | 10 (p.68) | ORDER GRANTING 7 (p.62) Motion to Appear Pro Hac Vice for Attorney Michael E. Kenneally. Attorney added for Space Exploration Technologies Corp. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order, **if he/she has not previously done so for a prior case in this District**. Registration is managed by the PACER Service Center. Signed by Judge Derek T. Gilliland. (bot1) (Entered: 04/25/2024) |
| 04/25/2024 | 11 (p.69) | MOTION for Preliminary Injunction by Space Exploration Technologies Corp.. (Attachments: # 1 (p.12) Appendix, # 2 (p.28) Exhibit A, # 3 (p.30) Exhibit B, # 4 |

| | | |
|---|---|---|
| | | (p.42) Exhibit C)(Eschbach, Catherine) (Entered: 04/25/2024) |
| 04/25/2024 | 15 (p.133) | ORDER GRANTING 6 (p.58) Motion to Appear Pro Hac Vice for Attorney Amanda L. Salz for Space Exploration Technologies Corp.. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge Derek T. Gilliland. (bw) (Entered: 04/30/2024) |
| 04/26/2024 | | **Notice to filing attorneys** Per Local Rule CV-7(g), all non-dispositive motions require a proposed order. Please do not refile the motion, but do file a proposed order and link to doc 11.(lad) (Entered: 04/26/2024) |
| 04/26/2024 | 12 (p.123) | ORDER VACATING REFERRAL. CASE NO LONGER REFERRED to Magistrate Judge Derek T. Gilliland. Signed by Judge Alan D Albright. (lad) (Entered: 04/26/2024) |
| 04/26/2024 | 13 (p.124) | Proposed Order to 11 (p.69) MOTION for Preliminary Injunction by Space Exploration Technologies Corp.. (Eschbach, Catherine) (Entered: 04/26/2024) |
| 04/26/2024 | 14 (p.126) | Opposed MOTION for Extension of Time to File Response/Reply as to 11 (p.69) MOTION for Preliminary Injunction by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. (Attachments: # 1 (p.12) Proposed Order)(Miller, Maxie) (Entered: 04/26/2024) |
| 05/01/2024 | | Text Order GRANTING 14 (p.126) Motion for Extension of Time to File Response/Reply re 14 (p.126) Opposed MOTION for Extension of Time to File Response/Reply as to 11 (p.69) MOTION for Preliminary Injunction entered by Judge Alan D Albright. Before the Court is the motion of Defendants National Labor Relations Board, et al., for a two-week extension of time to respond to Plaintiffs motion for a preliminary injunction motion in this matter. Having considered the submissions of the parties, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, and for good cause shown, the motion is GRANTED. The time for filing Defendants response to Plaintiffs motion for a preliminary injunction is extended to May 23, 2024. (This is a text-only entry generated by the court. There is no document associated with this entry.) (walc) (Entered: 05/01/2024) |
| 05/02/2024 | 16 (p.134) | SUMMONS Returned Executed by Space Exploration Technologies Corp.. National Labor Relations Board served on 4/23/2024, answer due 6/24/2024. (Eschbach, Catherine) (Entered: 05/02/2024) |
| 05/02/2024 | 17 (p.136) | SUMMONS Returned Executed by Space Exploration Technologies Corp.. David M Prouty served on 4/24/2024, answer due 5/15/2024. (Eschbach, Catherine) (Entered: 05/02/2024) |
| 05/02/2024 | 18 (p.138) | SUMMONS Returned Executed by Space Exploration Technologies Corp.. Gwynne A Wilcox served on 4/24/2024, answer due 5/15/2024. (Eschbach, Catherine) (Entered: 05/02/2024) |
| 05/02/2024 | 19 (p.140) | SUMMONS Returned Executed by Space Exploration Technologies Corp.. Jennifer Abruzzo served on 4/24/2024, answer due 5/15/2024. (Eschbach, Catherine) (Entered: 05/02/2024) |
| 05/02/2024 | 20 (p.142) | SUMMONS Returned Executed by Space Exploration Technologies Corp.. Lauren McFerran served on 4/24/2024, answer due 5/15/2024. (Eschbach, Catherine) |

| | | |
|---|---|---|
| | | (Entered: 05/02/2024) |
| 05/02/2024 | 21 (p.144) | SUMMONS Returned Executed by Space Exploration Technologies Corp.. Marvin E Kaplan served on 4/24/2024, answer due 5/15/2024. (Eschbach, Catherine) (Entered: 05/02/2024) |
| 05/17/2024 | 22 (p.146) | Unopposed MOTION for Extension of Time to File Response/Reply *Plaintiff's Unopposed Motion for a 7-Day Extension to File Reply in Support of Motion for Preliminary Injunction* by Space Exploration Technologies Corp.. (Attachments: # 1 (p.12) Proposed Order)(Eschbach, Catherine) (Entered: 05/17/2024) |
| 05/20/2024 | | Text Order GRANTING 22 (p.146) Motion for Extension of Time to File Response/Reply re 22 (p.146) Unopposed MOTION for Extension of Time to File Response/Reply Plaintiff's Unopposed Motion for a 7-Day Extension to File Reply in Support of Motion for Preliminary Injunction entered by Judge Alan D Albright. Upon consideration of Plaintiffs Unopposed Motion for a 7-Day Extension to File Reply in Support of Motion for Preliminary Injunction, it is hereby ORDERED that the Motion is GRANTED. Plaintiff may file its response by June 6, 2024. (This is a text-only entry generated by the court. There is no document associated with this entry.) (walc) (Entered: 05/20/2024) |
| 05/23/2024 | 23 (p.153) | Opposed MOTION to Stay *Case* by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. (Miller, Maxie) (Entered: 05/23/2024) |
| 05/23/2024 | 24 (p.163) | Response in Opposition to Motion, filed by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox, re 11 (p.69) MOTION for Preliminary Injunction filed by Plaintiff Space Exploration Technologies Corp. (Miller, Maxie) (Entered: 05/23/2024) |
| 05/24/2024 | 25 (p.186) | Opposed MOTION for Extension of Time to File Response/Reply as to 23 (p.153) Opposed MOTION to Stay *Case Plaintiff's Opposed Motion for an Extension Until June 20, 2024 to file Response in Opposition to Defendants' Motion to Stay Further Proceedings* by Space Exploration Technologies Corp.. (Attachments: # 1 (p.12) Proposed Order)(Eschbach, Catherine) (Entered: 05/24/2024) |
| 05/29/2024 | | Text Order GRANTING 25 (p.186) Motion for Extension of Time to file a Response in Opposition to Defendants' Motion to Stay entered by Judge Alan D Albright. Came on for consideration is Plaintiffs Motion. The Court GRANTS the Motion. Plaintiff shall have up to and including June 20, 2024 to respond. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jslc) (Entered: 05/29/2024) |
| 06/06/2024 | 26 (p.193) | REPLY to Response to Motion, filed by Space Exploration Technologies Corp., re 11 (p.69) MOTION for Preliminary Injunction filed by Plaintiff Space Exploration Technologies Corp. (Attachments: # 1 (p.12) Exhibit A, # 2 (p.28) Exhibit B, # 3 (p.30) Exhibit C)(Eschbach, Catherine) (Entered: 06/06/2024) |
| 06/17/2024 | 27 (p.246) | NOTICE of Attorney Appearance by David P Boehm on behalf of Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. Attorney David P Boehm added to party Jennifer Abruzzo(pty:dft), Attorney David P Boehm added to party John Doe - Administrative Law Judge NLRB(pty:dft), Attorney David P Boehm added to party Marvin E Kaplan(pty:dft), Attorney David P Boehm added to party Lauren McFerran(pty:dft), Attorney David P Boehm added to party National |

| | | |
|---|---|---|
| | | Labor Relations Board(pty:dft), Attorney David P Boehm added to party David M Prouty(pty:dft), Attorney David P Boehm added to party Gwynne A Wilcox(pty:dft) (Boehm, David) (Entered: 06/17/2024) |
| 06/17/2024 | 28 (p.247) | Unopposed MOTION for Extension of Time to File Answer re 1 (p.12) Complaint, *or File Rule 12 Motion* by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. (Attachments: # 1 (p.12) Proposed Order Proposed Order)(Boehm, David) (Entered: 06/17/2024) |
| 06/18/2024 | | Text Order GRANTING 28 (p.247) Motion for Extension of Time to Answer entered by Judge Alan D Albright. Came on for consideration is Defendant's Motion. Noting that it is unopposed, the Court GRANTS the Motion. Defendant shall have the latter of 30 days after the pending Motion to Stay Further Proceedings is disposed of or 30 days after any stay is lifted. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jslc) (Entered: 06/18/2024) |
| 06/20/2024 | 29 (p.254) | Response in Opposition to Motion, filed by Space Exploration Technologies Corp., re 23 (p.153) Opposed MOTION to Stay *Case* filed by Defendant National Labor Relations Board, Defendant John Doe - Administrative Law Judge NLRB, Defendant Marvin E Kaplan, Defendant Gwynne A Wilcox, Defendant Jennifer Abruzzo, Defendant David M Prouty, Defendant Lauren McFerran *Plaintiff's Response in Opposition to Motion of Defendants to Stay Further Proceedings* (Attachments: # 1 (p.12) Exhibit A)(Eschbach, Catherine) (Entered: 06/20/2024) |
| 06/25/2024 | 30 (p.277) | MOTION to Withdraw as Attorney *Amanda L. Salz* by Space Exploration Technologies Corp.. (Attachments: # 1 (p.12) Proposed Order)(Salz, Amanda) (Entered: 06/25/2024) |
| 06/27/2024 | 31 (p.280) | REPLY to Response to Motion, filed by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox, re 23 (p.153) Opposed MOTION to Stay *Case* filed by Defendant National Labor Relations Board, Defendant John Doe - Administrative Law Judge NLRB, Defendant Marvin E Kaplan, Defendant Gwynne A Wilcox, Defendant Jennifer Abruzzo, Defendant David M Prouty, Defendant Lauren McFerran (Boehm, David) (Entered: 06/27/2024) |
| 06/28/2024 | 32 (p.290) | DEFICIENCY NOTICE: re 31 (p.280) Reply to Response to Motion,, (lad) (Entered: 06/28/2024) |
| 06/28/2024 | 33 (p.291) | SUPPLEMENT to 31 (p.280) Reply to Response to Motion,, by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. (Boehm, David) (Entered: 06/28/2024) |
| 06/28/2024 | | Text Order GRANTING 30 (p.277) Motion to Withdraw as Attorney entered by Judge Alan D Albright. Came on for consideration is Plaintiffs Motion to Allow Amanda L. Salz to Withdraw As Counsel. Noting that it is unopposed, the Court GRANTS the motion. It is therefore ORDERED that Amanda L. Salz is hereby withdrawn as counsel of record for Plaintiff. It is further ORDERED that the docket be amended to reflect that Amanda L. Salz has withdrawn as counsel for Plaintiff and that Amanda L. Salz no longer needs to be noticed of any pleadings, motions, or other documents filed or served in this case. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jslc) (Entered: 06/28/2024) |
| 06/28/2024 | | |

| | | |
|---|---|---|
| | 34<br>(p.301) | ORDER SETTING ZOOM HEARING ON 23 (p.153) MOTION TO STAY for 7/2/2024 11:00 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (lad) (Entered: 06/28/2024) |
| 07/02/2024 | 35<br>(p.302) | ORDER RESETTING ZOOM HEARING ON MOTION TO STAY for 7/2/2024 02:30 PM before Judge Alan D Albright. Signed by Judge Alan D Albright. (lad) (Entered: 07/02/2024) |
| 07/02/2024 | 36 | Minute Entry for proceedings held before Judge Alan D Albright: Motion Hearing held on 7/2/2024 re 23 (p.153) Opposed MOTION to Stay *Case* filed by National Labor Relations Board, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Gwynne A Wilcox, Jennifer Abruzzo, David M Prouty, Lauren McFerran. STATEMENTS AND ARGUMENTS OF COUNSEL HEARD, WRITTEN ORDER FORTHCOMING (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(lad) (Entered: 07/02/2024) |
| 07/03/2024 | | Text Order DENYING 23 (p.153) Motion to Stay entered by Judge Alan D Albright. Came on for consideration is Defendant National Labor Relations Board's (NLRB) Opposed Motion to Stay Further Proceedings. ECF No. 23. Plaintiff Space Exploration Technologies Corp.s (SpaceX) filed an opposition on June 20, 2024, ECF No. 29, to which NLRB replied on June 27, 2024, ECF No. 31. The Court held a hearing on this motion on July 2, 2024. ECF No. 36. After careful consideration of the parties briefing and oral arguments, the Court finds that the Defendant has not met its burden to show that the Court should stay proceedings in this case. IT IS THEREFORE ORDERED that this Motion is DENIED. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jslc) (Entered: 07/03/2024) |
| 07/03/2024 | 37<br>(p.303) | ORDER SETTING HEARING re 11 (p.69) MOTION for Preliminary Injunction filed by Space Exploration Technologies Corp. for 7/10/2024 02:00 PM before Judge Alan D Albright. Signed by Judge Alan D Albright. (lad) (Entered: 07/03/2024) |
| 07/09/2024 | 38<br>(p.304) | BRIEF by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. (Miller, Maxie) (Entered: 07/09/2024) |
| 07/09/2024 | 39<br>(p.307) | BRIEF *Plaintiff's Supplemental Briefing in Support of its Motion for a Preliminary Injunction* by Space Exploration Technologies Corp.. (Eschbach, Catherine) (Entered: 07/09/2024) |
| 07/09/2024 | 40<br>(p.318) | NOTICE of Attorney Appearance by Stefanie R. Moll on behalf of Space Exploration Technologies Corp.. Attorney Stefanie R. Moll added to party Space Exploration Technologies Corp.(pty:pla) (Moll, Stefanie) (Entered: 07/09/2024) |
| 07/10/2024 | 41 | Minute Entry for proceedings held before Judge Alan D Albright: Motion Hearing held on 7/10/2024 re 11 (p.69) MOTION for Preliminary Injunction filed by Space Exploration Technologies Corp. STATEMENTS AND ARGUMENTS OF COUNSEL HEARD, MOTION FOR PRELIMINARY INJUNCTION GRANTED, WRITTEN ORDER FORTHCOMING (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(lad) (Entered: 07/10/2024) |
| 07/15/2024 | 42<br>(p.375) | Transcript filed of Proceedings held on 7-10-24, Proceedings Transcribed: Preliminary Injunction Hearing. Court Reporter/Transcriber: Kristie Davis (kmdaviscsr@yahoo.com), Telephone number: 254-666-0904. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's |

| | | |
|---|---|---|
| | | office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 8/5/2024, Redacted Transcript Deadline set for 8/15/2024, Release of Transcript Restriction set for 10/15/2024, (kd) (Entered: 07/15/2024) |
| 07/23/2024 | 43 (p.319) | ORDER GRANTING 11 (p.69) Motion for Preliminary Injunction. IT IS FURTHER ORDERED that the NLRB, Jennifer Abruzzo, Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, the NLRB Administrative Law Judges, and all of their officers, agents, employees, attorneys, and other persons in active concert with them (Defendants) are ENJOINED from administratively proceeding against Plaintiff SpaceX Exploration Technologies Corp. in the matter associated with NLRB case number 19-CA-309274. Signed by Judge Alan D Albright. (lad) (Entered: 07/23/2024) |
| 07/29/2024 | 44 (p.334) | JOINT SCHEDULING ORDER. Signed by Judge Alan D Albright. (lad) (Entered: 07/29/2024) |
| 07/29/2024 | 45 (p.336) | Appeal of Order entered by District Judge 43 (p.319) by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. No filing fee submitted (Boehm, David) (Entered: 07/29/2024) |
| 07/29/2024 | 46 (p.338) | MOTION to Stay Case by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. (Boehm, David) (Entered: 07/29/2024) |
| 07/29/2024 | | NOTICE OF APPEAL following 45 (p.336) Notice of Appeal (E-Filed), by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (lad) (Entered: 07/29/2024) |
| 07/29/2024 | | DEFICIENCY NOTICE: re 46 (p.338) MOTION to Stay Case All non-dispositive motions require a proposed order. Please do not refile the motion, but file a proposed order and link to doc 46. Local Rule CV-7(g)(lad) (Entered: 07/29/2024) |
| 07/30/2024 | 47 (p.343) | Proposed Order to 46 (p.338) MOTION to Stay Case by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox. (Boehm, David) (Entered: 07/30/2024) |
| 07/30/2024 | 48 (p.345) | ORDER GRANTING 46 (p.338) Motion to Stay Case. Signed by Judge Alan D Albright. (cav) (Entered: 07/30/2024) |
| 08/23/2024 | 49 (p.349) | Transcript filed of Proceedings held on July 2, 2024, Proceedings Transcribed: Motion Hearing. Court Reporter/Transcriber: Lily I. Reznik, Telephone number: 512-391-8792 or Lily_Reznik@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to |

| | | |
|---|---|---|
| | | parties not electronically noticed Redaction Request due 9/13/2024, Redacted Transcript Deadline set for 9/23/2024, Release of Transcript Restriction set for 11/21/2024, Appeal Record due by 9/9/2024, (lr) (Entered: 08/23/2024) |
| 08/23/2024 | 50 (p.347) | TRANSCRIPT REQUEST by Jennifer Abruzzo, John Doe - Administrative Law Judge NLRB, Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A Wilcox for dates of 7/3, 7/10. Proceedings Transcribed: Stay Mot., Preliminary Injunction Mot.. Court Reporter: Kristie Davis.. (Boehm, David) (Entered: 08/23/2024) |

Tab 2
S-ROA.336-337

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

SPACE EXPLORATION
TECHNOLOGIES CORP.,

        Plaintiff,

v.

NATIONAL LABOR RELATIONS
BOARD, a federal administrative agency,
JENNIFER ABRUZZO, in her official
capacity as the General Counsel of the
National Labor Relations Board, LAUREN
M. McFERRAN, in her official capacity as
the Chairman of the National Labor
Relations Board, MARVIN E. KAPLAN,
GWYNNE A. WILCOX, and DAVID M.
PROUTY, in their official capacities as
Board Members of the National Labor
Relations Board, and JOHN DOE in his
official capacity as an Administrative Law
Judge of the National Labor Relations
Board,

        Defendants.

Case No. 6:24-cv-00203-ADA-DTG

**NOTICE OF APPEAL**

    Notice is hereby given that all defendants to this action appeal to the United States Court

of Appeals for the Fifth Circuit from the Minute Entry and subsequent Order issued by the

United States District Court for the Western District of Texas on July 10 and 23, 2024 (Docket

Nos. 41, 43).

                    Respectfully submitted,

                    NATIONAL LABOR RELATIONS BOARD
                    *Contempt, Compliance, and*
                    *Special Litigation Branch*

1

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

GRACE L. PEZZELLA
*Trial Attorney*

MATHEUS TEIXEIRA
*Trial Attorney*

s/ *David P. Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202

Dated this 29th day of July, 2024

24-50627.337

Tab 3
S-ROA.319-335

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

SPACE EXPLORATION TECHNOLO-
GIES CORP.,

           **Plaintiff,**

v.

NATIONAL LABOR RELATIONS
BOARD, JENNIFER ABRUZZO, IN
HER OFFICIAL CAPACITY AS THE
GENERAL COUNSEL OF THE NA-
TIONAL LABOR RELATIONS
BOARD; LAUREN MCFERRAN, IN
HER OFFICIAL CAPACITY AS THE
CHAIRMAN OF THE NATIONAL LA-
BOR RELATIONS BOARD; MARVIN
E KAPLAN, IN HIS OFFICIAL CA-
PACITY AS BOARD MEMBER OF
THE NATIONAL LABOR RELA-
TIONS BOARD; GWYNNE A WIL-
COX, IN HER OFFICIAL CAPACITY
AS BOARD MEMBER OF THE NA-
TIONAL LABOR RELATIONS
BOARD; DAVID M PROUTY, IN HIS
OFFICIAL CAPACITY AS BOARD
MEMBER OF THE NATIONAL LA-
BOR RELATIONS BOARD; AND
JOHN DOE - ADMINISTRATIVE
LAW JUDGE NLRB,

           **Defendants.**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**CIVIL NO. W-24-CV-00203-ADA**

## <u>ORDER</u>

The National Labor Relations Board ("NLRB") was established to provide a mechanism for employees to vindicate the rights provided to them under the National Labor Relations Act ("NLRA"). The policies and practices of the employers, employees, and labor unions that the NLRB regulates are not before this Court. Instead, the question before this Court is a constitutional one. Specifically, the issue is what amount of control over executive officers the Constitution

imputes to the President. This Court must determine what level of removal protections preventing the President from firing administrative law judges and controlling officers are constitutional.

NLRB Members are tasked with adjudicating allegations that an employer or union has committed an "unfair labor practice" ("ULP"). 29 U.S.C. § 160. Board members serve five-year, staggered terms, and may only be removed "for neglect of duty or malfeasance in office"—not for inefficiency. 5 U.S.C. § 3105. While the NLRB employs Administrative Law Judges ("ALJ"), appointed in accordance with the Civil Service Reform Act and the NLRA, the NLRB is not bound to accept an ALJ's findings of fact or conclusions of law. 5 U.S.C. § 3105; 29 U.S.C. § 160(c); 29 U.S.C. § 154(a); *see WestRock Services, Inc.*, 366 N.L.R.B. No. 157, slip op. at 3 (2018). ALJs may be removed "only for good cause established and determined by the Merit Systems Protection Board [("MSPB")] on the record after an opportunity for hearing before the [MSPB]." 5 U.S.C. § 7521(a). A member of the MSPB may only "be removed by the President, upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause." 5 U.S.C. § 1202(d).

Congress clearly intended to protect the NLRB from the volatility of the political machine and allow consistent adjudication of employee rights provided by the NLRA. However, Congress is not permitted to "interfere with the President's exercise of the executive power and his constitutionally appointed duty to take care that the laws be faithfully executed under Article II." *Morrison v. Olson*, 487 U.S. 654, 689 (1988).

The questions faced by this Court are whether SpaceX Exploration Technologies Corp. ("SpaceX") is likely to succeed on the merits in demonstrating that the NLRB Members are unconstitutionally protected from removal and whether NLRB ALJs are likewise unconstitutionally protected from removal. Under binding precedent, this Court is satisfied that SpaceX has demonstrated a substantial likelihood of success on its claims that Congress has impermissibly protected

2

both the NLRB Members and the NLRB ALJs from the President's Article II power of removal. For this and other reasons enumerated below, the Court finds it necessary to issue a preliminary injunction to prevent the irreparable harm of being subject to the unconstitutional administrative proceeding.

## I. BACKGROUND

Before the Court is Plaintiff SpaceX Exploration Technologies Corp.'s Motion for Preliminary Injunction (ECF No. 11). SpaceX filed its Motion on April 25, 2024. The National Labor Relations Board ("NLRB"), Jennifer Abruzzo, Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, and the "John Doe" Administrative Law Judge ("ALJ") who will soon be assigned to preside over the administrative hearing (collectively, "Defendants") filed their Response—after being granted an extension—on May 23, 2024. ECF No. 24. Defendants also contemporaneously filed a motion to stay this case. ECF No. 23. On July 2, 2024, the Court held a remote hearing. After considering the parties arguments, the Court orally denied defendant's motion to stay because Defendants did not meet their burden to show a stay was in the best interests of justice. The Cour then heard argument on the pending Motion for Preliminary Injunction on July 10, 2024. Now, having considered the parties' briefs, the record, the relevant law, and the parties' oral argument, the Court finds that the motion for preliminary injunction (ECF No. 11), is **GRANTED** to the extent set forth below.

## II. LEGAL STANDARD

### A. Preliminary Injunction

A preliminary injunction is appropriate if a movant establishes: "(1) they are likely to succeed on the merits, (2) there is a substantial threat they will suffer an irreparable injury otherwise, (3) the potential injury outweighs any harm that will result to the other side, and (4) an injunction

3

will not disserve the public interest." *State v. Biden*, No. 23-30445, 2023 WL 5821788, at *12 (5th Cir. Sept. 8, 2023), *administrative stay granted sub nom. Murthy v. Missouri*, No. 23A243 (U.S. Sept. 14, 2023) (Alito, J., in chambers); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012). These elements are not examined in isolation but balanced in consideration of each other. *State of Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975).

### III. DISCUSSION

#### A.  Plaintiff has shown a substantial likelihood of success on the merits.

The first element SpaceX must establish for this Court to issue a preliminary injunction is a "substantial likelihood of success on the merits." *Texas v. United States*, 809 F.3d 134, 150 (5th Cir. 2015), *as revised* (Nov. 25, 2015) (internal quotations omitted).  In Count One, SpaceX alleges that the NLRB's Administrative Law Judges (ALJs) are unconstitutionally insulated from removal and in Count Two that the NLRB's Members are unconstitutionally insulated from removal. ECF No. 1. To succeed on the merits of Count One, SpaceX must demonstrate that the NLRB ALJs are unconstitutionally protected from removal, and likewise, to succeed on the merits of Count Two, SpaceX must demonstrate that the NLRB Members are unconstitutionally protected from removal.

The Fifth Circuit held "that the statutory removal restrictions for SEC ALJs are unconstitutional" without determining "whether vacating would be appropriate based on that defect alone." *Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446, 465–66 (5th Cir. 2022)*, cert. granted*, 143 S. Ct. 2688 (2023), *cert. denied*, 143 S. Ct. 2690 (2023), *aff'd and remanded*, 144 S. Ct. 2117 (2024).[1]

---

[1] While the Supreme Court granted cert on three issues raised by *Jarkesy v. Sec. & Exch. Comm'n*, it never reached Issue Two or Issue Three as it resolved the case on the Seventh Amendment issue. 144 S. Ct. 2117 (2024). The issue before the Court today is Issue Three. "[F]or a Supreme Court decision to change [the Fifth] Circuit's law, it 'must be more than merely illuminating with respect to the case before [the court]' and must 'unequivocally' overrule prior precedent." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). SCOTUS did not voice disagreement with,

24-50627.322

However, the issue here is not whether this Court should vacate an ALJ's judgment, but whether there is a substantial likelihood of success that the Court should find the statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB ALJs and NLRB Members unconstitutional. *See* ECF No. 1.

SpaceX seeks relief in the form of declaratory judgment declaring the ALJs and Members unconstitutional, a preliminary injunction enjoining Defendants from subjecting SpaceX to unconstitutionally structured administrative proceedings pending the final resolution of this action, and a permanent injunction enjoining Defendants from implementing or carrying out the unconstitutional removal-protection provisions. ECF No. 1 at 13. Defendants argue that because SpaceX may not be entitled to *all* of this relief, SpaceX is not entitled to a preliminary injunction. *See* ECF No. 24 at 9–11. However, this argument misses the point. The issue of what final relief SpaceX is entitled to is not properly before the court today.

To analogize to the patent context, a patentee seeking a preliminary injunction against infringement need only show that "it will likely prove infringement of one or more claims of the patents-in-suit, and that at least one of those same allegedly infringed claims will also likely withstand the validity challenges presented by the accused infringer." *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001)). Nowhere is there a requirement for the patentee to prove a substantial likelihood of receiving a permanent injunction after judgment in its favor, as opposed to ongoing royalties or some other form of relief. *See id.* Yet that is, by analogy, effectively what Defendants are arguing.

---

much less overrule, the Fifth Circuit's holdings with regards to Issue Three. *See Jarkesy,* 144 S. Ct. 2117. Accordingly, this Court remains bound by Fifth Circuit precedent in this case.

24-50627.323

At the preliminary injunction stage, this Court need not determine how to fashion its final relief, merely that Plaintiff is entitled to relief. While a substantial likelihood of success on the merits of Count I or Count II would be sufficient, SpaceX has demonstrated a substantial likelihood of success for both Count I and Count II.

### i.    Count I: The NLRB's ALJs are unconstitutionally insulated from removal.

 In no uncertain terms, the Fifth Circuit holds that the "statutory removal restrictions for SEC ALJs are unconstitutional." *Jarkesy*, 34 F.4th at 463. The President's control over the officers performing substantial executive functions must be sufficient such that he is able to not only control the performance of their functions but also choose who holds said positions. *Id.* While not all protections against removal are unconstitutional, Supreme Court precedent generally forbids two or more layers of for-cause protection to impede the President's control. *Id.* "'Inferior officers' may retain some amount of for-cause protection from firing. Likewise, even principal officers may retain for-cause protection when they act as part of an expert board. But a problem arises when both of those protections act in concert." *Id.* Accordingly, the Fifth Circuit found that in similar manner to *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 498 (2010), the SEC ALJs are unconstitutionally insulated from the President by at least two layers of for-cause protection from removal.  *Jarkesy*, 34 F.4th at 463.

SpaceX alleges that in similar fashion to the SEC ALJs, the NLRB ALJs are unconstitutionally protected "inferior officers" who perform substantial executive functions. ECF No. 1 at ¶36; ECF No. 11 at 2, 7. Defendants do not attempt to distinguish the SEC ALJs from the NLRB ALJs. ECF No. 24 at 14. Both are "inferior officers" who "have substantial authority" in agency investigations and enforcement actions. *Jarkesy*, 34 F.4th at 464; *see Westrock Servs., Inc.*, 366 N.L.R.B. No. 157, slip op. at 1 (Aug. 6, 2018).  The SEC and NLRB ALJS are only to be removed

when the MSPB finds good cause. 5 U.S.C. § 7521(a). Further, the MSPB members may only be removed by the President for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). The Court finds that under current Fifth Circuit law, there is a substantial likelihood that SpaceX succeeds on the merits with regards to showing that the NLRB ALJs are unconstitutionally protected from removal.

### ii. Count II – The NLRB's members are unconstitutionally insulated from removal.

The NLRA explicitly creates removal protection for NLRB members, limiting the President power to remove them only "for neglect of duty or malfeasance in office, but for no other cause." 29 U.S.C. § 153(a). SpaceX alleges that this is an unconstitutional protection. ECF No. 1 at ¶55; ECF No. 11 at 8. Recent Supreme Court precedent suggests that this strict removal protection violates Article II of the Constitution given the substantial executive power that the Board wields. *Collins v. Yellen,* 141 S. Ct. 1761, 1787 (2021). It is worth noting that the Supreme Court has recognized a narrow exception "for multimember expert agencies that do not wield substantial executive power." *Seila L. LLC v. Consumer Fin. Prot. Bureau,* 591 U.S. 197, 218 (2020). However, the NLRB enforces the NLRA when determining appropriate units for collective bargaining, directing representation elections, deciding unfair labor practice charges, seeking enforcement of unfair labor practice orders in federal court, and appointing inferior officers including the executive secretary, attorneys, examiners, regional directors, ALJs, and others 29 U.S.C. §§ 154, 159, 160. Unlike in *Siela*, the NLRB members clearly wield substantial executive power through their administrative, policymaking, and prosecutorial authority.

Defendants argue that Fifth Circuit's decision in *Consumers' Rsch. v Prod. Safety Comm'n* holds that Humphrey's Executor remains good law and broadly "protects any 'traditional independent agency headed by a multimember board.'" 91 F.4th 342, 352 (5th Cir. 2024) (quoting

*Seila Law*, 140 S. Ct. at 2198); *see also Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023). SpaceX argues that there is no reason here to further expand *Humphrey's Executor* a step beyond the traditional type of agency presented in *Consumers' Research* to include agencies like the NLRB–whose distinctive structure divides prosecutorial authority between its Members (in the Section 10(j) context) and its politically accountable General Counsel (in unfair labor practice proceedings). *See id.*

The removal protections for NLRB Members are even stricter than those that have insulated the FTC Commissioners since 1935. The latter are removable "for inefficiency, neglect of duty, or malfeasance in office." *Humphrey's Ex'r*, 295 U.S. at 620 (quoting 15 U.S.C. § 41). In contrast, NLRB Members are removable only "for neglect of duty or malfeasance in office" but not for inefficiency. 29 U.S.C. § 153(a). The Fifth Circuit determined the logic of *Humphrey's Executor* would not extend to the NLRB General Counsel in part because the "position is not judicial or legislative, but core to the executive function." *Exela Enter. Sols., Inc. v. NLRB*, 32 F.4th 436, 443–44 (5th Cir. 2022). Like the General Counsel, the NLRB Members have executive prosecutorial power as "to petition [a] United States district court . . . for appropriate temporary relief or restraining order" in response to an alleged unfair labor practice. *See* 29 U.S.C. § 160(j).

Further, allowing Congress to eliminate the President's ability to remove principal officers for inefficiency would be an unjustified expansion of *Humphrey's Executor*. *See Collins*, 141 S. Ct. at 1787 ("The President must be able to remove not just officers who disobey his commands but also those he finds 'negligent and inefficient[.]'") (quoting *Myers*, 272 U.S. at 135). Finding that NLRB Member's removal protection constitutional would require this court to expand *Humphrey's Executor* where the Supreme Court has repeatedly declined to do so. *See Free Enterprise Fund* 561 U.S. 477; *see also Seila L. LLC* 591 U.S. 197; *Collins,* 141 S. Ct. 1761. In addition

24-50627.326

to being substantially likely to succeed in showing the NLRB ALJ's are unconstitutionally protected, this Court finds that there is a substantial likelihood that SpaceX succeeds on the merits with regards to a finding that the NLRB Members are unconstitutionally protected from removal.

### iii. Severability

Defendants argue that a preliminary injunction is inappropriate because severance of the unconstitutional removal restrictions is the appropriate remedy. At the Preliminary Injunction stage, this Court does not believe it needs to reach the issue of whether it should sever or grant a permanent injunction. *See Scott v. Roberts*, 612 F.3d 1279, 1297 (11th Cir. 2010) ("Consideration of the issue of severance might be premature because we will not invalidate—only preliminarily enjoin—the excess subsidy provision, but we have no problem concluding that the excess spending subsidy is severable.") A preliminary injunction is not intended to fashion permanent relief, but rather preserve the status quo and protect the Court's ability to later provide meaningful permanent relief. *Id.*; *see also Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997) ("Preliminary injunctions commonly favor the status quo and seek to maintain things in their initial condition so far as possible until after a full hearing permits final relief to be fashioned."); *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985) ("The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.").

As noted above, SpaceX's requested relief includes a set of declarations that the statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB ALJs and NLRB Members are unconstitutional. While statutes are severable if "the remainder of the law is capable of functioning independently and thus would be fully operative as a law," a statute must be found to be inoperative or unconstitutional as it was written before it can be severed. In *Free Enterprise*

*Fund*, the Supreme Court found the agency's removal protections unconstitutional, granted declaratory relief, and severed the offending statutory provisions. 561 U.S. at 508, 513. Accordingly, there is a substantial likelihood that SpaceX is entitled at least to some amount of the relief requested in Counts I and II of the Complaint in the form of a declaratory judgment.

The parties dispute whether potential severance of unconstitutional portions of the statute defeats SpaceX's claim for injunctive relief. Perhaps it would defeat a *permanent* injunction awarded after trial, summary judgment, or judgment on the pleadings in favor of SpaceX. But that is not what we are dealing with here. This is a motion for preliminary injunction, which requires a showing of likelihood of success on the merits of SpaceX's claim. Severance vs. permanent injunction is a question of appropriate *relief*, which is necessarily gated by a requirement that SpaceX actually succeed on the *merits* of its claim that the NLRB is unconstitutional. A statute must be found to be inoperative or unconstitutional as it was written before the issue of severance can be reached. If SpaceX shows that the NLRB is somehow unconstitutional, then this Court would either need to sever a portion of the statute or grant a permanent injunction. But until we have reached that point—which we have not—consideration of severance is premature. Accordingly, the Court holds that it is unnecessary to consider whether potential severance defeats SpaceX's claim for permanent injunctive relief, for it does not affect the likelihood of success on the merits.

However, even if the Court does need to reach the issue of severability, the requirement for a preliminary injunction is a substantial ***likelihood*** of success. SpaceX forcefully argues that there is no appropriate way to sever any of the removal protections here to remedy the constitutional problems with the NLRB's structure.

The NLRB ALJ conducting the administrative proceedings against SpaceX has three sets of removal protections, and it is not clear which, if any, Congress would be willing to give up.

The removal protections that the APA gives to ALJs are "a central part of the Act's overall scheme" to protect against the troubling questions that arise from an agency's commingling of adjudicative and prosecutorial functions. *Lucia*, 585 U.S. at 260 (Breyer, J., concurring in the judgment in part); *Ramspeck v. Fed. Trial Exam'rs Conf.*, 345 U.S. 128, 130 (1953). Congress designed the NLRB to be an independent agency insulated from presidential control. *See* NAT'L LABOR RELATIONS BD., LEGISLATIVE HISTORY OF THE NATIONAL LABOR RELATIONS ACT OF 1935, at 3255 (1949). And finally, to further insulate the ALJs, Congress created the MSPB in the Civil Service Act of 1978, Pub. L. No. 95-454, § 1202(d), 92 Stat. 1111, and enacted provisions designed to "confer upon [MSPB] members a tenure akin to that of the Federal judiciary." Civil Service Reform: Hearings on H.R. 11280 Before the H. Comm. on Post Off. & Civ. Serv., 95th Cong. 824 (1978); *see* 5 C.F.R. § 1200.1 ("The [MSPB] is an independent Government agency that operates like a court.").

While statutes are severable if "the remainder of the law is capable of functioning independently and thus would be fully operative as a law," doing so here would circumvent the legislature without clear congressional intent. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2353 (2020). Here there is no appropriate way to sever any of the removal protections to remedy the constitutional problems with the NLRB's structure.

The NLRB's principal case in support of its severability contentions is *Space Expl. Technologies, Corp. v. Bell*, No. 1:23-cv-137, 2023 WL 885128 (S.D. Tex. Nov. 8, 2023). In that case, the Southern District of Texas denied a preliminary injunction for a claim that administrative law judges of the DOJ's Office of the Chief Administrative Hearing Officer ("OCAHO") were unconstitutionally insulated from removal. *Id.* at *4–5. The *Bell* court based this result on the fact that it could sever the removal protections, which meant that "there is no need to stay proceedings an

24-50627.329

OCAHO ALJ may conduct." *Id.* at *5. The *Bell* court cited to *Collins v. Yellen*, <u>594 U.S. 220, 257</u>–260 (2021). *Collins* held that while the Director of the Federal Housing Finance Agency was unconstitutionally insulated from removal, the shareholders challenging the Director's actions were not entitled to the retrospective relief of undoing the adoption and implementation of a "third amendment." <u>594 U.S. at 257</u>–60.

 This Court respectfully believes that *Bell* read *Collins* too broadly. *Collins* at most stands for the proposition that when a properly *appointed* officer with unconstitutional removal protections acts, appropriate retrospective relief does not include voiding said action. *See* <u>594 U.S. at 257</u>–58. Critically, the challengers in *Collins* "no longer ha[d] a live claim for prospective relief" at the time the Supreme Court ruled. *Id. at 257*. Here, by contrast, SpaceX does have a live claim for prospective relief to halt the ongoing NLRB proceeding against it, as well as other claims for relief besides voiding the NLRB's actions. If the Court refused to enjoin that proceeding, then it could potentially finish before this Court could finally adjudicate the merits of SpaceX's claims. This would irreparably injure SpaceX, as discussed below, and vitiate the Court's ability to render meaningful merits relief. The Court therefore respectfully declines to follow *Bell* and holds that severability of unconstitutional removal protections does not defeat preliminary injunctive relief.

## B. Plaintiff has sufficiently demonstrated that not issuing a preliminary injunction will result in an irreparable injury.

 SpaceX argues that under *Axon Enterprises, Inc. v. FTC*, being forced to proceed before an unaccountable agency official is sufficient to satisfy the irreparable injury requirement. <u>598 U.S. 175, 191</u> (2023). The Defendants unpersuasively try to distinguish *Axon* on the basis that its holding addresses subject matter jurisdiction, not the requirements of a preliminary injunction.

 As the Supreme Court has stated, ". . . it is still possible for an unconstitutional provision to inflict compensable harm. And the possibility that the unconstitutional restriction on the

24-50627.330

President's power to remove a Director of the FHFA could have such an effect cannot be ruled out." *Collins v. Yellen*, 594 U.S. 220, 259–60, 141 S. Ct. 1761, 1788–89, 210 L. Ed. 2d 432 (2021). *Axon* states that for jurisdictional purposes, "being subjected to unconstitutional agency authority—a proceeding by an unaccountable ALJ . . . is a here-and-now injury." *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 191 (2023) (citing *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S.Ct. 2183, 2196 (2020) (internal quotation marks omitted). In *Axon*, "[t]he claim, again, is about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker." *Id.* SpaceX has made the same claim. Even though the agency's order could be vacated after the proceeding, a "separation-of-powers claim" challenging unconstitutional removal protections "is not about that order" but about avoiding "an illegitimate proceeding." *Id.*

This is not an issue of first impression before this court. *See SpaceX v. Bell,* 2023 WL 8885128, at *2 (S.D. Tex. Nov. 8, 2023) (citing *Axon* and stating that "if Plaintiff can show that OCAHO ALJs are unconstitutionally insulated from removal, Plaintiff will be harmed by having to proceed before an unaccountable ALJ"); *see also Alpine Sec. Corp. v. FINRA*, 2023 WL 4703307, at *3 (D.C. Cir. July 5, 2023) (Walker, J., concurring) (injunction of administrative adjudication appropriate under Axon because plaintiff was likely to prevail on claim that officers were unlawfully "shielded from removal"); *cf. Cochran v. SEC*, 20 F.4th 194, 212–13 (5th Cir. 2021) (en banc) (if removal claim is "meritorious," plaintiff should not be "forc[ed] to litigate before an ALJ who is unconstitutionally insulated from presidential control"), *aff'd and remanded sub nom. Axon*, 598 U.S. at 175. Judge Olivara explicitly relies on *Axon's* discussion of jurisdiction to find that having to proceed before an unaccountable ALJ is an irreparable injury in the context of a Preliminary Injunction pursuant to a ALJ removal-protection claim—the same issue raised by Count I. 2023 WL 8885128, at *4 ("Plaintiff is being subjected 'to unconstitutional agency

authority,' which 'is impossible to remedy once the proceeding is over.'" (quoting *Axon*, 598 U.S. at 191)). It follows that being subjected to the authority of the unaccountable NLRB Members would also cause irreparable harm to SpaceX. SpaceX has sufficiently demonstrated that there will be an irreparable injury if this preliminary injunction is not granted.

**C. The balance of the harms and public interest weigh in favor of issuing a preliminary injunction.**

Where the government is a defendant, the balance of harms and the public interest factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). SpaceX's harm as outlined above is incorporated here. Defendants' arguments against granting a preliminary injunction on the balance of the harms and public interest are predicated on its assertion that SpaceX should fail on the merits.

The government suffers no cognizable harm from stopping "the perpetuation of unlawful agency action*." League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016); *see also, e.g.*, *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021). Nor would an injunction preventing unlawful agency action "disserve the public interest." *Louisiana*, 55 F.4th at 1022; *see also BST Holdings*, 17 F.4th at 618*; Daniels Health Scis*., 710 F.3d at 585 ("[T]he public is served when the law is followed."); *League of Women Voters*, 838 F.3d at 12.  It is not in the public interest to have an increasingly expansive Executive Branch that "slip[s] from the Executive's control, and thus from that of the people," *Free Enter.*, 561 U.S. at 499. Nor is it in the public interest for an agency to infringe upon the constitutional imperative that "the judiciary remain[] truly distinct from . . . the executive," *Stern*, 564 U.S. at 483 (alteration in original) (quoting THE FEDERALIST No. 78, at 466 (Alexander Hamilton) (C. Rossiter ed. 1961)). Here the balance of harms and public interest weigh in favor of granting a preliminary injunction.

24-50627.332

## IV. CONCLUSION

The Court does not dispute that there is a strong public interest in providing employees a mechanism to vindicate their NLRA rights. Nor does this Court find that employers and labor unions should be free from scrutiny of their labor practices. That said, Congress exceeds its power when it attempts to neuter the President's constitutional power to remove and control executive officers by conferring a web of removal protections upon NLRB ALJs and the NLRB Members. Nothing in the injunction granted here prevents Congress from using a constitutional means to achieve its goals. Therefore, the Court **ORDERS** that Plaintiffs' Motion for Preliminary Injunction (ECF No. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that the National Labor Relations Board ("NLRB"), Jennifer Abruzzo, Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, the NLRB Administrative Law Judges ("ALJ"), and all of their officers, agents, employees, attorneys, and other persons in active concert with them ("Defendants") are **ENJOINED** from administratively proceeding against Plaintiff SpaceX Exploration Technologies Corp. in the matter associated with NLRB case number 19-CA-309274.

**SIGNED** this 23rd day of July, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

15

Tab 4
E-ROA.1-8

APPEAL

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Galveston)
## CIVIL DOCKET FOR CASE #: 3:24-cv-00198
## Internal Use Only

Energy Transfer LP, et al v. National Labor Relations Board et al
Assigned to: Judge Jeffrey V Brown
Cause: 28:2201 Injunction

Date Filed: 06/27/2024
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Energy Transfer LP**                    represented by   **Amber Michelle Rogers**
                                                           Hunton Andrews Kurth LLP
                                                           1445 Ross Avenue
                                                           Suite 3700
                                                           Dallas, TX 75202
                                                           214-468-3308
                                                           Fax: 214-979-3929
                                                           Email: arogers@hunton.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Rachel Elise Roney**
                                                           Hunton Andrews Kurth
                                                           1445 Ross Ave.
                                                           Suite 3700
                                                           Dallas, TX 75202
                                                           214-659-4743
                                                           Email: rroney@huntonak.com
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**La Grange Acquisition, L.P.**           represented by   **Rachel Elise Roney**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Amber Michelle Rogers**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**National Labor Relations Board**        represented by   **Michael Samuel Dale**
                                                           National Labor Relations Board

Contempt, Compliance & Special Litigation
Branch
1015 Half Street SE, Fourth Floor
Washington, DC 20570
202-273-0008
Email: michael.dale@nlrb.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dalford Dean Owens , Jr**
National Labor Relations Board
Contempt, Compliance and Special
Litigation Branch
1015 Half Street, S.E.
Fourth Floor
Washington, DC 20570
202-273-2934
Email: dean.owens@nlrb.gov
*ATTORNEY TO BE NOTICED*

**Tyler James Wiese**
National Labor Relations Board
Contempt, Compliance, and Special
Litigation Branch
1015 Half Street, S.E., Fourth Floor
Washington, DC 20003
952-703-2891
Email: tyler.wiese@nlrb.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jennifer Abruzzo**
*in her official capacity as the General
Counsel of the National Labor Relations
Board*

represented by **Michael Samuel Dale**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dalford Dean Owens , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler James Wiese**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lauren M McFerran**
*in her official capacity as the Chairman of
the National Labor Relations Board*

represented by **Michael Samuel Dale**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dalford Dean Owens , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler James Wiese**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marvin E Kaplan**
*in their official capacities as Board
Members of the National Labor Relations
Board*

represented by **Michael Samuel Dale**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dalford Dean Owens , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler James Wiese**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gwynne A Wilcox**
*in their official capacities as Board
Members of the National Labor Relations
Board*

represented by **Michael Samuel Dale**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tyler James Wiese**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dalford Dean Owens , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David M Prouty**
*in their official capacities as Board
Members of the National Labor Relations
Board*

represented by **Michael Samuel Dale**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dalford Dean Owens , Jr**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler James Wiese**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**                                      represented by   **Michael Samuel Dale**
*in their official capacity as an*                                (See above for address)
*Administrative Law Judge of the National*                        *LEAD ATTORNEY*
*Labor Relations Board*                                           *PRO HAC VICE*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Dalford Dean Owens , Jr**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Tyler James Wiese**
                                                                  (See above for address)
                                                                  *PRO HAC VICE*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Coalition for a Democratic Workplace**          represented by   **Alexander Thomas MacDonald**
                                                                  Littler Mendelson, PC
                                                                  815 Connecticut Ave, NW
                                                                  Suite 400
                                                                  Washington, DC 20006-4046
                                                                  202-423-2223
                                                                  Email: amacdonald@littler.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Alfred John Harper , III**
                                                                  Littler Mendelson, P.C.
                                                                  1301 McKinney
                                                                  Ste 1900
                                                                  Houston, TX 77010
                                                                  713-951-9400
                                                                  Email: ajharper@littler.com
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/27/2024 | 1 (p.9) | COMPLAINT against All Defendants (Filing fee $ 405 receipt number ATXSDC-31824164) filed by La Grange Acquisition, L.P., Energy Transfer LP. (Attachments: # 1 (p.9) Civil Cover Sheet) (Rogers, Amber) (Entered: 06/27/2024) |
| 06/27/2024 | 2 (p.28) | CORPORATE DISCLOSURE STATEMENT by Energy Transfer LP, filed. (Rogers, Amber) (Entered: 06/27/2024) |

| 06/27/2024 | 3 (p.31) | Request for Issuance of Summons as to Jennifer Abruzzo, filed. (Rogers, Amber) (Entered: 06/27/2024) |
| --- | --- | --- |
| 06/27/2024 | 4 (p.33) | Request for Issuance of Summons as to Gwynne A Wilcox, filed. (Rogers, Amber) (Entered: 06/27/2024) |
| 06/27/2024 | 5 (p.35) | Request for Issuance of Summons as to David M Prouty, filed. (Rogers, Amber) (Entered: 06/27/2024) |
| 06/27/2024 | 6 (p.37) | Request for Issuance of Summons as to Lauren M McFerran, filed. (Rogers, Amber) (Entered: 06/27/2024) |
| 06/27/2024 | 7 (p.39) | Request for Issuance of Summons as to Marvin E Kaplan, filed. (Rogers, Amber) (Entered: 06/27/2024) |
| 06/27/2024 | 8 (p.41) | Request for Issuance of Summons as to National Labor Relations Board, U.S. Attorney Alamdar S. Hamdani, filed. (Rogers, Amber) (Entered: 06/27/2024) |
| 06/27/2024 | 9 (p.43) | Request for Issuance of Summons as to National Labor Relations Board, United States Attorney General, filed. (Rogers, Amber) (Entered: 06/27/2024) |
| 06/28/2024 | 10 (p.45) | Summons Issued as to Jennifer Abruzzo. Issued summons delivered to plaintiff by NEF, filed. (agg3) (Entered: 06/28/2024) |
| 06/28/2024 | 11 (p.47) | Summons Issued as to Gwynne A Wilcox. Issued summons delivered to plaintiff by NEF, filed. (agg3) (Entered: 06/28/2024) |
| 06/28/2024 | 12 (p.49) | Summons Issued as to David M Prouty. Issued summons delivered to plaintiff by NEF, filed. (agg3) (Entered: 06/28/2024) |
| 06/28/2024 | 13 (p.51) | Summons Issued as to Lauren M McFerran. Issued summons delivered to plaintiff by NEF, filed. (agg3) (Entered: 06/28/2024) |
| 06/28/2024 | 14 (p.53) | Summons Issued as to Marvin E Kaplan. Issued summons delivered to plaintiff by NEF, filed. (agg3) (Entered: 06/28/2024) |
| 06/28/2024 | 15 (p.55) | Summons Issued as to National Labor Relations Board, U.S. Attorney and U.S. Attorney General. Issued summons returned to plaintiff by NEF, filed. (Attachments: # 1 (p.9) Summons) (agg3) (Entered: 06/28/2024) |
| 06/28/2024 | 16 (p.59) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 10/23/2024 at 09:00 AM by video before Magistrate Judge Andrew M Edison. (Signed by Judge Jeffrey V Brown) Parties notified. (agg3) (Entered: 06/28/2024) |
| 06/28/2024 | 17 (p.65) | Proof of Service on Defendant U.S. Attorney by Energy Transfer LP, filed. (Rogers, Amber) (Entered: 06/28/2024) |
| 07/02/2024 | 18 (p.67) | NOTICE of Appearance by Dalford Dean Owens, Jr. on behalf of Jennifer Abruzzo, JOHN DOE, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, Unassigned Administrative Law Judge of the National Labor Relations Board, Gwynne A Wilcox, filed. (Owens, Dalford) (Entered: 07/02/2024) |
| 07/02/2024 | 19 (p.70) | MOTION to Appear Pro Hac Vice for Tyler J. Wiese (Fee Exempt) by Jennifer Abruzzo, JOHN DOE, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, filed. Motion Docket Date 7/23/2024. (Wiese, Tyler) (Entered: 07/02/2024) |

| | | |
|---|---|---|
| 07/02/2024 | 20 (p.71) | MOTION to Appear Pro Hac Vice for Michael S. Dale (Fee Exempt) by Jennifer Abruzzo, JOHN DOE, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, Unassigned Administrative Law Judge of the National Labor Relations Board, Gwynne A Wilcox, filed. Motion Docket Date 7/23/2024. (Dale, Michael) (Entered: 07/02/2024) |
| 07/03/2024 | 21 (p.72) | MOTION for Preliminary Injunction by Energy Transfer LP, La Grange Acquisition, L.P., filed. Motion Docket Date 7/24/2024. (Attachments: # 1 (p.9) Exhibit A, # 2 (p.28) Exhibit B) (Rogers, Amber) (Entered: 07/03/2024) |
| 07/03/2024 | 22 (p.97) | ORDER granting 19 (p.70) Motion for Tyler James Wiese to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 07/03/2024) |
| 07/03/2024 | 23 (p.98) | ORDER granting 20 (p.71) Motion for Michael Samuel Dale to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 07/03/2024) |
| 07/03/2024 | 24 (p.99) | NOTICE of Setting re: 21 (p.72) MOTION for Preliminary Injunction. Parties notified. Motion Hearing set for 7/16/2024 at 10:00 AM in Sixth Floor Courtroom Galveston before Judge Jeffrey V Brown, filed. (GeorgeCardenas, 3) (Entered: 07/03/2024) |
| 07/05/2024 | 25 (p.100) | RETURN of Service of SUMMONS Executed as to Jennifer Abruzzo served on 7/1/2024, answer due 8/30/2024, filed. (Rogers, Amber) (Entered: 07/05/2024) |
| 07/05/2024 | 26 (p.102) | RETURN of Service of SUMMONS Executed as to Lauren M McFerran served on 7/1/2024, answer due 8/30/2024, filed. (Rogers, Amber) (Entered: 07/05/2024) |
| 07/05/2024 | 27 (p.104) | RETURN of Service of SUMMONS Executed as to David M Prouty served on 7/1/2024, answer due 8/30/2024, filed. (Rogers, Amber) (Entered: 07/05/2024) |
| 07/05/2024 | 28 (p.106) | RETURN of Service of SUMMONS Executed as to Marvin E Kaplan served on 7/1/2024, answer due 8/30/2024, filed. (Rogers, Amber) (Entered: 07/05/2024) |
| 07/05/2024 | 29 (p.108) | RETURN of Service of SUMMONS Executed as to Gwynne A Wilcox served on 7/1/2024, answer due 8/30/2024, filed. (Rogers, Amber) (Entered: 07/05/2024) |
| 07/05/2024 | 30 (p.110) | RETURN of Service of SUMMONS Executed as to National Labor Relations Board served on 6/28/2024, answer due 8/27/2024, filed. (Rogers, Amber) (Entered: 07/05/2024) |
| 07/12/2024 | 31 (p.112) | Letter to Judge Brown regarding supplemental authority by Energy Transfer LP, La Grange Acquisition, L.P., filed. (Rogers, Amber) (Entered: 07/12/2024) |
| 07/12/2024 | 32 (p.114) | RESPONSE in Opposition to 21 (p.72) MOTION for Preliminary Injunction, filed by Jennifer Abruzzo, John Doe, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, Unassigned Administrative Law Judge of the National Labor Relations Board, Gwynne A Wilcox. (Attachments: # 1 (p.9) Exhibit A, # 2 (p.28) Proposed Order) (Owens, Dalford) (Entered: 07/12/2024) |
| 07/16/2024 | 33 (p.167) | REPLY in Support of 21 (p.72) MOTION for Preliminary Injunction, filed by Energy Transfer LP, La Grange Acquisition, L.P.. (Attachments: # 1 (p.9) Exhibit A) (Rogers, Amber) (Entered: 07/16/2024) |

| 07/16/2024 | | Minute Entry for proceedings held before Judge Jeffrey V Brown. MOTION HEARING held on 7/16/2024. Preliminary Injunction taken under advisement. Appearances: Tyler James Wiese, Amber Michelle Rogers.(ERO:Yes), filed. (GeorgeCardenas, 3) (Entered: 07/16/2024) |
|---|---|---|
| 07/17/2024 | 34 (p.364) | Hearing EXHIBITS re: Motion Hearing by Energy Transfer LP, La Grange Acquisition, L.P., filed. (Attachments: # 1 (p.9) Exhibit) (Rogers, Amber) (Entered: 07/17/2024) |
| 07/17/2024 | 35 (p.183) | Letter to Judge Brown with supplemental arguments post-hearing by Energy Transfer LP, La Grange Acquisition, L.P., filed. (Rogers, Amber) (Entered: 07/17/2024) |
| 07/18/2024 | 36 (p.191) | Letter *Objecting to Admission of Plaintiff Exhibit 6* by Jennifer Abruzzo, John Doe, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, filed. (Wiese, Tyler) (Entered: 07/18/2024) |
| 07/18/2024 | 37 (p.194) | AO 435 TRANSCRIPT REQUEST by NLRB et al. (Tyler Wiese) for Transcript of Preliminary Injunction Hearing on 7/16/24 before Judge Brown. Daily (24 hours) turnaround requested. Court Reporter/Transcriber: Veritext Legal Solutions, filed. (Wiese, Tyler) Electronically forwarded to Veritext Legal Solutions on 7/18/2024. Modified on 7/18/2024 (va3). (Entered: 07/18/2024) |
| 07/22/2024 | 38 (p.196) | Letter Responding to Plaintiff's July 17, 2024 Letter by Jennifer Abruzzo, John Doe, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, Unassigned Administrative Law Judge of the National Labor Relations Board, Gwynne A Wilcox, filed. (Wiese, Tyler) (Entered: 07/22/2024) |
| 07/22/2024 | 39 (p.331) | TRANSCRIPT re: held on 07/16/24 before Judge Jeffrey V Brown. Court Reporter/Transcriber Veritext Legal Solutions. Ordering Party Tyler Wiese Release of Transcript Restriction set for 10/21/2024., filed. (VeritextLegalSolutions, ) (Entered: 07/22/2024) |
| 07/22/2024 | 40 (p.203) | AO 435 TRANSCRIPT REQUEST by ENERGY TRANSFER LP, ET AL for Transcript of Transcript for Preliminary Injunction Hearing on 7/16/24 before Judge Brown. Daily (24 hours) turnaround requested. Court Reporter/Transcriber: Veritext Legal Solutions, filed. (Rogers, Amber) Copy of Transcript already on file. Electronically forwarded to Veritext Legal Solutions on 7/22/2024. Modified on 7/22/2024 (va3). (Entered: 07/22/2024) |
| 07/23/2024 | 41 (p.205) | Notice of Filing of Official Transcript as to 39 (p.331) Transcript. Party notified, filed. (lrs3) (Entered: 07/23/2024) |
| 07/23/2024 | 42 (p.206) | Letter to Judge Brown with supplemental information by Energy Transfer LP, La Grange Acquisition, L.P., filed. (Rogers, Amber) (Entered: 07/23/2024) |
| 07/24/2024 | 43 (p.224) | Letter Responding to Plaintiff's July 23, 2024 Letter by Jennifer Abruzzo, John Doe, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, Unassigned Administrative Law Judge of the National Labor Relations Board, Gwynne A Wilcox, filed. (Dale, Michael) (Entered: 07/24/2024) |
| 07/25/2024 | 44 (p.229) | Letter Regarding ALJ Order Postponing Hearing by Jennifer Abruzzo, John Doe, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, Unassigned Administrative Law Judge of the National Labor Relations Board, Gwynne A Wilcox, filed. (Dale, Michael) (Entered: 07/25/2024) |
| 07/25/2024 | 45 | Letter to Judge Brown by Energy Transfer LP, La Grange Acquisition, L.P., filed. |

| | | |
|---|---|---|
| | (p.234) | (Rogers, Amber) (Entered: 07/25/2024) |
| 07/26/2024 | 46 (p.254) | MOTION to Appear Pro Hac Vice for Alexander T. MacDonald (Fee Paid: $100, receipt number ATXSDC-31951010) by Coalition for a Democratic Workplace, filed. Motion Docket Date 8/16/2024. (Harper, Alfred) (Entered: 07/26/2024) |
| 07/26/2024 | 47 (p.255) | NOTICE of Appearance by Alfred John Harper III on behalf of Coalition for a Democratic Workplace, filed. (Harper, Alfred) (Entered: 07/26/2024) |
| 07/26/2024 | 48 (p.257) | MOTION Motion to File Amicus Curiae Brief By Coalition For A Democratic Workplace In Support of Plaintiffs by Coalition for a Democratic Workplace, filed. Motion Docket Date 8/16/2024. (Attachments: # 1 (p.9) Proposed Brief of Amicus Curiae) (Harper, Alfred) (Entered: 07/26/2024) |
| 07/29/2024 | 49 (p.310) | MEMORANDUM OPINION AND ORDER granting 21 (p.72) MOTION for Preliminary Injunction (Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 07/29/2024) |
| 07/29/2024 | | (Court only) ***Motion(s) terminated: 48 (p.257) MOTION Motion to File Amicus Curiae Brief By Coalition For A Democratic Workplace In Support of Plaintiffs. MOOT. (GeorgeCardenas, 3) (Entered: 07/29/2024) |
| 07/30/2024 | 50 (p.323) | ORDER granting 46 (p.254) Motion for Alexander T. MacDonald to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 07/30/2024) |
| 08/16/2024 | 51 (p.324) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 49 (p.310) Memorandum and Order by Jennifer Abruzzo, John Doe, Marvin E Kaplan, Lauren M McFerran, National Labor Relations Board, David M Prouty, Unassigned Administrative Law Judge of the National Labor Relations Board, Gwynne A Wilcox, filed. (Wiese, Tyler) (Entered: 08/16/2024) |
| 08/19/2024 | 52 (p.327) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 51 (p.324) Notice of Appeal,. Fee status: GOV, filed. (Attachments: # 1 (p.9) NOA) (dar1) (Entered: 08/19/2024) |
| 08/19/2024 | | Appeal Review Notes re: 51 (p.324) Notice of Appeal,. Fee status: GOV. The appellant is a U.S. government agency, and no fee is required.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed. (dar1) (Entered: 08/19/2024) |
| 08/20/2024 | | (Court only) ***(PRIVATE ENTRY) ROA requested from USCA, due on 09/04/2024, filed. (dar1) (Entered: 08/20/2024) |
| 08/20/2024 | | Notice of Assignment of USCA No. 24-40533 re: 51 (p.324) Notice of Appeal,, filed. (dar1) (Entered: 08/20/2024) |

Tab 5
E-ROA.324-325

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| ENERGY TRANSFER LP and its subsidiary and employing entity LA GRANGE ACQUISITION, L.P., <br><br>     Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br>     Defendants. | Case No. 3:24-cv-00198-JVB |

## NOTICE OF APPEAL

Notice is hereby given that all defendants to this action appeal to the United States Court of Appeals for the Fifth Circuit the Memorandum Opinion and Order issued in this case by the United States District Court for the Southern District of Texas on July 29, 2024 (Docket No. 49).

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
*Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

MICHAEL DALE
*Attorney*

<u>s/ *Tyler J. Wiese*</u>
TYLER J. WIESE
*Senior Trial Attorney*
MN Bar No. 0392601 – *pro hac vice*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (952) 703-2891
Email: tyler.wiese@nlrb.gov

Dated this 16th day of August, 2024

24-40533.325

Tab 6
E-ROA.310-322

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

### No. 3:24-cv-198

ENERGY TRANSFER, LP, *ET AL.*, *PLAINTIFFS*,

v.

NATIONAL LABOR RELATIONS BOARD, *ET AL.*, *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is the plaintiffs' motion for a preliminary injunction to halt an ongoing administrative proceeding before the National Labor Relations Board ("NLRB"). Dkt. 21. The court will grant the motion.

## I.   Background

### A. The NLRB

The NLRB was created to help resolve "industrial disputes arising out of differences as to wages, hours, or other working conditions." 29 U.S.C. § 151. One of the "key functions" of the NLRB is to adjudicate allegations that employers have engaged in "unfair labor practice[s]." Dkt.

24-40533.310

32 at 9 (citing 29 U.S.C. § 160). If the NLRB finds merit in an unfair-labor-practice allegation, it issues a complaint. *Id*. And, in most cases, the complaint is accompanied by a notice of hearing before an administrative law judge ("ALJ"). *Id*.

The NLRB's ALJs are appointed by the five-member NLRB. 29 U.S.C. §§ 153–54. Removal of an ALJ is a two-step process: (1) the NLRB members must bring an action to remove an ALJ; and (2) the Merit Systems Protection Board ("MSPB"), an independent federal agency, must determine that good cause for ALJ removal exists. Dkt. 32 at 11–12 (citing 5 U.S.C. § 7521(a)). In turn, members of the MSPB may be removed only for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d).

### B. La Grange and the NLRB

Energy Transfer owns and operates various energy assets across the United States. Dkt. 21 at 3. La Grange Acquisition is an indirect subsidiary of Energy Transfer. *Id*.

In November 2022, a La Grange operator filed an unfair-labor-practice charge with the NLRB alleging that La Grange had retaliated against him for engaging in protected labor activity. *Id*. at 4. La Grange submitted evidence and various position statements in response to the allegations. *Id*. On March 7, 2024, an NLRB regional director issued a complaint and notice of hearing

24-40533.311

to La Grange. *Id.* The hearing is set to take place on October 29, 2024. Dkt. 44.[1]

La Grange alleges that four aspects of the impending administrative procedure are unconstitutional: (1) the NLRB members are improperly insulated from removal; (2) the NLRB's ALJs are improperly insulated from removal; (3) the NLRB's adjudication of private rights and legal relief violates the Seventh Amendment; and (4) the NLRB's structure violates separation-of-powers principles. *Id.* at 2.

La Grange seeks a preliminary injunction to halt the impending administrative proceeding. *Id.* The NLRB responded to the motion, and the court held a preliminary-injunction hearing on July 16. Dkt. 32, Minute Entry July 16, 2024.

## II. Legal Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

---

[1] The administrative hearing was originally set for July 30 but was reset after this court's preliminary-injunction hearing. Dkt. 44.

24-40533.312

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The moving party bears the burden of proving each element. *Janvey v. Alguire*, <u>647 F.3d 585, 595</u> (5th Cir. 2011).

## III.  Analysis

La Grange makes four separate arguments regarding the constitutionality of the NLRB's structure. Dkt. 21 at 2. But as the court finds that La Grange is entitled to the requested relief based on the ALJ-removal argument alone, the court will not address the remaining arguments.

### A. Likelihood of Success on the Merits

#### 1. *Jarkesy* and Unconstitutional Removal Protections

La Grange asserts that the two layers of for-cause removal protections afforded to NLRB ALJs prevent the President from fully exercising his authority under Article II of the Constitution. Dkt. 21 at 9. And, as the Fifth Circuit recently held nearly identical provisions in another statute to be unconstitutional, La Grange argues the court must do the same in this case. *Id.* The court agrees.

In *Jarkesy v. Securities & Exchange Commission*, <u>34 F.4th 446</u> (5th Cir. 2022), *aff'd on other grounds*, <u>144 S. Ct. 2117</u> (2024), the Fifth Circuit held that the statutory removal protections for Securities and Exchange

24-40533.313

Commission ("SEC") ALJs were unconstitutional.[2] Federal statutes afford SEC ALJs two layers of for-cause removal protection. *Id.* at 463. First, SEC ALJs are removable only "for good cause" as determined by the MSPB. 5 U.S.C. § 7521(a). Second, MSPB members themselves are only removable for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). So, "if the President wanted an SEC ALJ to be removed, at least two layers of for-cause protection stand in the President's way." *Jarkesy*, 34 F.4th at 465. Applying Supreme Court precedent, the Fifth Circuit concluded that those removal restrictions are unconstitutional. *Id.*

The same holds true here. The removal provisions that protect NLRB ALJs are indistinguishable from those that protect SEC ALJs. *See* Dkt. 21 at 9. Indeed, the NLRB has offered no distinction between the removal

---

[2] *Jarkesy* also held that the SEC proceedings violated the plaintiff's Seventh Amendment right to a jury trial. The Supreme Court granted certiorari, but as the "jury trial question resolve[d] [the] case," the Court did "not reach the nondelegation or removal issues." *Sec. & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2117, 2128 (2024). Therefore, this court remains bound by the Fifth Circuit's removal-protection determinations in *Jarkesy*. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) ("Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue."); *see also Space Expl. Techs. Corp., v. NLRB*, No. 6:24-cv-203, Dkt. 41 at n.1 (W.D. Tex. July 23, 2024) (hereinafter *SpaceX*) (concluding that *Jarkesy* is binding Fifth Circuit precedent on removal issue).

24-40533.314

protections at issue and those held to be unconstitutional in *Jarkesy*.[3] Dkt. 32 at 26; *see also* Dkt. 39 at 24:23–24:25 (injunction-hearing transcript) (conceding *Jarkesy* "likely decides this issue as far as the merits go"). In light of this precedent, La Grange will likely show that the removal protections afforded to NLRB ALJs are unconstitutional. *See SpaceX*, No. 6:24-cv-203, Dkt. 41 at 7. So La Grange will likely succeed on the merits.

### 2. *Collins* and Causal Harm

The NLRB insists that even if the challenged removal restrictions are unconstitutional, *Collins v. Yellen*, 594 U.S. 220 (2021), compels La Grange to show something it has not shown: that the President has sought to remove the ALJ assigned to this case. Dkt. 32 at 17. La Grange responds that *Collins* flatly "does not apply." Dkt. 35 at 7. Not surprisingly, however, the true import of *Collins* falls somewhere between the parties' opposing all-or-nothing positions.

In *Collins*, the Court examined a constitutional challenge to the statutory restrictions on the removal of the director of the Federal Housing Finance Agency ("FHFA"). *Collins*, 594 U.S. at 250. While the Supreme Court held that the challenged removal restrictions were indeed unconstitutional,

---

[3] The NLRB merely notes "its disagreement with the Fifth Circuit's decision, and preserves this argument for future stages of this case." Dkt. 32 at 26.

24-40533.315

it nevertheless denied the plaintiff's claim for relief for failure to show that the removal provision "inflict[ed] compensable harm." *Id.* at 259. The Fifth Circuit has since held that "after *Collins*, a party challenging agency action must show not only that the removal restriction transgresses the Constitution's separation of powers but also that the unconstitutional provision caused (or would cause) them harm." *Collins v. Dep't of the Treasury*, 83 F.4th 970, 982 (5th Cir. 2023).

In other words, the "key inquiry" under *Collins* is whether the challenged constitutional infirmity "cause[d] harm to the challenging party." *Calcutt v. Fed. Deposit Ins. Corp.*, 37 F.4th 293, 317 (6th Cir. 2022); *accord Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau* ("*CFSA*"), 51 F.4th 616, 631 (5th Cir. 2022) (noting the *Collins's* inquiry's focus on whether a harm occurred).

In most removal-restriction cases, a plaintiff seeks to invalidate an action that an unconstitutionally insulated official has already taken. For example, the plaintiffs in *Collins* sought to invalidate an amendment to a stock purchasing agreement made by the FHFA Director. *Collins*, 594 U.S. at 259. The "harm," in such a case, is being subjected to a specific rule or decision implemented by an unconstitutionally protected official.

7/13

La Grange, in contrast, faces a fundamentally different injury. La Grange's feared harm is not the threat of being subjected to a particular "challenged action." After all, the insulated actor, the NLRB ALJ, has yet to take any action whatsoever. Instead, the harm La Grange seeks to avoid is "being subjected to unconstitutional agency authority—a proceeding before an unaccountable ALJ." Dkt. 21 at 16 (quoting *Axon Enter., Inc. v. FTC,* 598 U.S. 175, 191 (2023)). La Grange maintains that simply having to appear before an unaccountable ALJ is injury enough. *See* Dkt. 35 at 8.[4]

The Fifth Circuit recognized this distinction in *Cochran v. Securities & Exchange Commission,* 20 F.4th 194 (5th Cir. 2021). Cochran, like La Grange, sought to stop an administrative enforcement proceeding in its tracks. *Id.* at 198. In examining Cochran's harm, the court noted that *Collins* did not control "because Cochran does not seek to 'void' the acts of any SEC official. Rather, she seeks an administrative adjudication untainted by

---

[4] The NLRB cites two cases in which courts denied injunctive relief based on *Collins*'s causal-harm requirement, but in neither case did the plaintiff allege the injury La Grange advances here. Dkt. 38 at 6. Both cases the NLRB cites identify the harm facing the plaintiffs as the potential, future action of an improperly insulated actor. *Leachco, Inc. v. Consumer Prod. Safety Comm'n,* 103 F.4th 748, 757 (10th Cir. 2024) (describing the harm of removal protections to be the risk that such protections "will impact" future actions taken by the agency); *Burgess v. Fed. Deposit Ins. Corp.,* 639 F. Supp. 3d 732, 747 (N.D. Tex. 2022) (same). But neither case analyzes or even acknowledges the harm alleged here—of simply being made to participate in an unconstitutional proceeding.

24-40533.317

separation-of-powers violations." *Id.* at 210 n. 16. This harm, the harm of being subject to a constitutionally defective adjudication, was "sufficiently serious to justify pre-enforcement review in federal court." *Id.*

The same holds true for La Grange, which seeks to avoid the injury of "being compelled to participate in an invalid administrative process." *Consumers' Rsch. v. Consumer Prod. Safety Comm'n,* 91 F.4th 342, 349 (5th Cir. 2024) (citation omitted). That harm is both directly caused by the unconstitutional removal provisions and directly redressed by the requested relief. *Id.* at 351 ("'[W]hen a removal provision violates the separation of powers,' the violation 'inflicts a "here-and-now" injury that can be remedied by a court.'" (alterations omitted) (quoting *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 212 (2020)).

In sum, *Collins* requires a court to determine whether an unconstitutional removal provision has caused, or is set to cause, harm to the plaintiff. For removal-restriction claims that seek relief *before* an insulated actor acts, it is not that *Collins*'s causal-harm requirement is altogether inapplicable, but rather that it is readily satisfied. La Grange's alleged injury is having to participate in a constitutionally defective administrative process. And it's the removal provisions that create the constitutional defect.

24-40533.318

### 3. Severability

Finally, the NLRB asserts that rather than enjoining the proceedings, a more appropriate remedy would be to sever any offending removal provisions from the statute by declaring them unconstitutional. Dkt. 32 at 19. But such a "remedy" would not provide La Grange any relief from the impending harm it is set to experience on October 29 because such a declaration would not take place until final judgment. So, while severing the removal provisions may eventually be the proper remedy on the merits, its potential availability has no bearing on La Grange's right to preliminary relief. *See SpaceX,* No. 6:24-cv-203, Dkt. 41 at 10 ("[U]ntil we have reached [the merits] –which we have not–consideration of severance is premature.").

### B. Irreparable Harm

A harm is irreparable "if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). Once again, La Grange's alleged harm is "being subjected to" "a proceeding by an unaccountable ALJ." *Axon*, 598 U.S. at 191. In other words, the injury is "subjection to an illegitimate proceeding, led by an illegitimate decisionmaker." *Id.* While the Supreme Court acknowledged in *Axon* that such an injury is "a bit abstract," it is nevertheless "a here-and-now injury." *Id.* And any remedy crafted after such a proceeding would be

10/13

"too late to be meaningful" as "[a] proceeding that has already happened cannot be undone." *Id.*

The NLRB repeatedly insists that because *Axon* did not address injunctive relief directly, it "does not bear on the question of irreparable harm." Dkt. 32 at 24; *see also* Dkt. 36 at 3. The NLRB is correct that *Axon* examined injury for jurisdictional purposes and not in the injunction context, but the Court's conclusion stands. The harm of "being subjected to" "a proceeding by an unaccountable ALJ" is an injury that "cannot be undone." *Axon*, 598 U.S. at 191. And a harm that "cannot be undone" is by definition irreparable. *See SpaceX v. Bell*, 2023 WL 8885128, at *2 (S.D. Tex. Nov. 8, 2023) (citing *Axon* and stating that "if Plaintiff can show that . . . ALJs are unconstitutionally insulated from removal, Plaintiff will be harmed by having to proceed before an unaccountable ALJ"); *See SpaceX,* No. 6:24-cv-203, Dkt. 41 at 13–14 (citing *Axon* and concluding that "being subjected to the authority of the unaccountable NLRB Members would also cause irreparable harm to SpaceX.").

La Grange faces irreparable harm absent an injunction.

24-40533.320

### C. The Remaining Factors

The third and fourth factors of the preliminary-injunction analysis—harm to others and the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The public-interest factor weighs in favor of La Grange as there is "no public interest in the perpetuation of unlawful agency action." *Texas v. Biden*, 10 F.4th 538, 560 (5th Cir. 2021). And it is not in the public's interest for the Executive Branch to "slip from the Executive's control, and thus from that of the people," *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 499 (2010).

The balance of equities also favors La Grange. The Government fears an injunction would render the National Labor Relations Act ("NLRA") effectively toothless as the NLRB's procedures are "the sole mechanism for enforcing the NLRA." Dkt. 32 at 38; *see also* Dkt. 39 at 28:23–28:25 ("The practical effect of an injunction in a proceeding like this is that it stops all Board proceedings potentially in their tracks."). But whatever effect this injunction has, it is directed only at the parties to this action, and is only temporary. If, for example, either this court or another ultimately severs any unconstitutional aspects of the NLRB's statutory structure, the NLRB may

24-40533.321

then continue with the here-enjoined administrative proceeding. The NLRB's equitable concerns do not outweigh those of La Grange.

*　　*　　*

For the reasons stated above, La Grange's motion for preliminary injunction is granted. Dkt. 21. The underlying NLRB administrative proceeding against La Grange is enjoined until the court issues a final judgment in this case.

Signed on Galveston Island this 29th day of July, 2024.

_____
Jeffrey Vincent Brown
United States District Judge

24-40533.322

Tab 7
F-ROA.1-8

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CIVIL DOCKET FOR CASE #: 4:24-cv-00798-P

Aunt Bertha v. National Labor Relations Board et al
Assigned to: Judge Mark Pittman
Case in other court:  United States Court of Appeals 5th Circuit,
                          24-10855
Cause: 28:2201 Declaratory Judgment

Date Filed: 08/20/2024
Date Terminated: 09/25/2024
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedure Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Aunt Bertha**
*doing business as*
Findhelp

represented by **Talley Ray Parker**
Jackson Lewis LLP
500 N. Akard, Suite 2500
Dallas, TX 75201
214-520-2400
Fax: 214-520-2008
Email: talley.parker@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jonathan J. Spitz**
Jackson Lewis P.C.
171 17th St., NW
Suite 1200
Atlanta, GA 30363
404-525-8200
Fax: 404-525-1173
Email: jonathan.spitz@jacksonlewis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Kshitizraj Sharma Gautam**
Jackson Lewis PC
500 N Akard Street
Suite 2500
Dallas, TX 75201
972-728-3248
Email: Kshitiz.Gautam@jacksonlewis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**National Labor Relations Board**
*a federal administrative agency*

represented by **Maxie Gallardo**
National Labor Relations Board
819 Taylor St
Room 8A24
Fort Worth, TX 76102
682-703-7222
Fax: 817-978-2928
Email: maxie.gallardo@nlrb.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Grace L. Pezzella**
National Labor Relations Board
DC
1015 Half St SE
Floor 4
Washington, DC 20003
202-273-0247
Email: grace.pezzella@nlrb.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Jennifer Abruzzo**
*in her official capacity as the General
Counsel of the National Labor Relations
Board*

represented by **Maxie Gallardo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Grace L. Pezzella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Lauren McFerran**
*in her official capacity as the General
Counsel of the National Labor Relations
Board*

represented by **Maxie Gallardo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Grace L. Pezzella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Marvin E Kaplan**                                 represented by

**Maxie Gallardo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Grace L. Pezzella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Gwynne A. Wilcox**                    represented by    **Maxie Gallardo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Grace L. Pezzella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**David M Prouty**                    represented by    **Maxie Gallardo**
*in their official capacities as Board*                    (See above for address)
*Members of the National Labor Relations*                    *LEAD ATTORNEY*
*Board*                    *ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Grace L. Pezzella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**John Doe (4:24cv798)**                    represented by    **Maxie Gallardo**
*in their official capacity as an*                    (See above for address)
*Administrative Law Judge of the National*                    *LEAD ATTORNEY*
*Labor Relations Board,*                    *ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Grace L. Pezzella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**AFL-CIO**

*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Jason C N Smith**
Law Offices of Jason Smith
612 8th Ave
Fort Worth, TX 76104
817-334-0880
Fax: 817-334-0898
Email: jasons@letsgotocourt.com
*TERMINATED: 09/06/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Yona Rozen**
AFL-CIO
815 Black Lives Matter Plaza NW
Washington, DC 20006
202-637-5198
Email: yrozen@aflcio.org
*TERMINATED: 09/06/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Amicus**

**Office and Professional Employees International Union**

*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Jason C N Smith**
(See above for address)
*TERMINATED: 09/06/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Yona Rozen**
(See above for address)
*TERMINATED: 09/06/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jane Lauer Barker**
Pitta LLP
120 Broadway
28th Floor
New York, NY 10271
212-652-3828
Fax: 212-652-3891
Email: jbarker@pittalaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|

| 08/20/2024 | 1 (p.9) | COMPLAINT against All Defendants filed by AUNT BERTHA. (Filing fee $405; Receipt number ATXNDC-14852637) Summons(es) not requested at this time. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.9) Cover Sheet) (Parker, Talley) (Entered: 08/20/2024) |
| --- | --- | --- |
| 08/20/2024 | 2 (p.29) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by AUNT BERTHA. (Clerk QC note: No affiliate entered in ECF). (Parker, Talley) (Entered: 08/20/2024) |
| 08/20/2024 | 3 (p.32) | Emergency MOTION for Preliminary Injunction filed by AUNT BERTHA (Attachments: # 1 (p.9) Proposed Order) (Parker, Talley) Docket text modified on 8/20/2024 (twd). (Entered: 08/20/2024) |
| 08/20/2024 | 4 (p.55) | Appendix in Support filed by AUNT BERTHA re 3 (p.32) Emergency MOTION for Injunction *(Preliminary)* (Parker, Talley) (Entered: 08/20/2024) |
| 08/20/2024 | 5 (p.81) | Request for Clerk to issue SUMMONS filed by Aunt Bertha. (Parker, Talley) (Entered: 08/20/2024) |
| 08/20/2024 | 6 | ELECTRONIC ORDER: Before the Court is Plaintiffs Emergency Motion for Preliminary Injunction (ECF No. 3), filed August 20, 2024. In order to expeditiously resolve the issues presented, the Court ORDERS Plaintiff to confer with Defendants and agree on a briefing schedule for the motion. The parties are to file a joint notice outlining the agreed briefing schedule no later than August 23, 2024. The Court DIRECTS Plaintiffs to send this order to Defendants and notify them of its requested Emergency Preliminary Injunction no later than August 21, 2024, at 12.00 CST. See Fed. R. Civ. P. 65(b)(1)(B). (Ordered by Judge Mark Pittman on 8/20/2024) (chmb) (Entered: 08/20/2024) |
| 08/20/2024 | 8 (p.135) | New Case Notes: A filing fee has been paid. File to: Judge Pittman. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (wxc) (Entered: 08/21/2024) |
| 08/21/2024 | 7 (p.93) | Summons issued as to All Defendants, U.S. Attorney, and U.S. Attorney General. (wxc) (Entered: 08/21/2024) |
| 08/22/2024 | 9 (p.137) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Clerk Note: Filer states no fee is to be collected due to prior payment or waiver by MO 16 or prior order.) filed by Jennifer Abruzzo, John Doe (4:24cv798), Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwen A Wilcox (Attachments: # 1 (p.9) Proposed Order, # 2 (p.29) Exhibit(s) Certificate of Good Standing)Attorney Grace L. Pezzella added to party Jennifer Abruzzo(pty:dft), Attorney Grace L. Pezzella added to party John Doe (4:24cv798)(pty:dft), Attorney Grace L. Pezzella added to party Marvin E Kaplan(pty:dft), Attorney Grace L. |

| | | Pezzella added to party Lauren McFerran(pty:dft), Attorney Grace L. Pezzella added to party National Labor Relations Board(pty:dft), Attorney Grace L. Pezzella added to party David M Prouty(pty:dft), Attorney Grace L. Pezzella added to party Gwen A Wilcox(pty:dft) (Pezzella, Grace) (Entered: 08/22/2024) |
|---|---|---|
| 08/22/2024 | 10 | ELECTRONIC ORDER granting 9 (p.137) Application for Admission Pro Hac Vice. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Mark Pittman on 8/22/2024) (chmb) (Entered: 08/22/2024) |
| 08/22/2024 | 11 (p.144) | Corrected Summons REISSUED as to All Defendants. (wxc) (Entered: 08/22/2024) |
| 08/23/2024 | 12 (p.186) | NOTICE of *AGREED BRIEFING SCHEDULE* filed by Aunt Bertha (Parker, Talley) (Entered: 08/23/2024) |
| 08/28/2024 | 13 (p.189) | NOTICE of Attorney Appearance by Maxie Gallardo on behalf of Jennifer Abruzzo, John Doe (4:24cv798), Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A. Wilcox. (Filer confirms contact info in ECF is current.) (Gallardo, Maxie) (Entered: 08/28/2024) |
| 08/30/2024 | 14 (p.190) | MOTION for Leave to File Excess Pages filed by Jennifer Abruzzo, John Doe (4:24cv798), Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A. Wilcox with Brief/Memorandum in Support. (Gallardo, Maxie) (Entered: 08/30/2024) |
| 08/30/2024 | 15 | ELECTRONIC ORDER granting 14 (p.190) Defendants' Unopposed Motion for Leave to File Excess Pages. Defendants shall have up to 35 pages for their Response. Plaintiff shall have up to 20 pages for its Reply. (Ordered by Judge Mark Pittman on 8/30/2024) (chmb) (Entered: 08/30/2024) |
| 09/03/2024 | 16 (p.193) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Jonathan J. Spitz (Filing fee $100; Receipt number ATXNDC-14887014) filed by Aunt Bertha (Attachments: # 1 (p.9) Certificate of Good Standing) (Parker, Talley) (Entered: 09/03/2024) |
| 09/03/2024 | 17 | ELECTRONIC ORDER granting 16 (p.193) Application for Admission Pro Hac Vice of Jonathan Spitz. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Mark Pittman on 9/3/2024) (chmb) (Entered: 09/03/2024) |
| 09/03/2024 | 18 | ***DISREGARD-ENTERED IN INCORRECT CASE*** Mail returned as undeliverable. 4 (p.55) Appendix in Support received back from Robert J. Eckhart as Return to Sender-Not Deliverable as Addressed-Unable to Forward. No address update from last filed document. The current document has not been re-mailed. (wxc) Modified on 9/3/2024 (wxc). (Entered: 09/03/2024) |
| 09/06/2024 | 19 (p.198) | Unopposed MOTION for Leave to File Brief of AFL-CIO and OPEIU as Amici Curiae in Opposition to Emergency Motion for Preliminary Injunction filed by AFL-CIO, Office and Professional Employees International Union (Attachments: # 1 (p.9) Exhibit(s) Amicus Brief) (Smith, Jason) (Entered: 09/06/2024) |
| 09/06/2024 | 20 | ELECTRONIC ORDER granting 19 (p.198) The American Federation of Labor and Congress of Industrial Organizations's and the Office and Professional Employees |

| | | |
|---|---|---|
| | | International Union, AFL-CIO's Motion for Leave to File an amici curiae brief. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Mark Pittman on 9/6/2024) (chmb) (Entered: 09/06/2024) |
| 09/06/2024 | 21 (p.231) | RESPONSE filed by Jennifer Abruzzo, John Doe (4:24cv798), Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A. Wilcox re: 3 (p.32) Emergency MOTION for Preliminary Injunction (Attachments: # 1 (p.9) Exhibit(s)) (Pezzella, Grace) (Entered: 09/06/2024) |
| 09/09/2024 | 22 (p.282) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14900652) filed by Office and Professional Employees International Union Attorney Jane Lauer Barker added to party Office and Professional Employees International Union(pty:am) (Barker, Jane) (Entered: 09/09/2024) |
| 09/09/2024 | 23 (p.285) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Clerk Note: Filer states no fee is to be collected due to prior payment or waiver by MO 16 or prior order.) filed by Office and Professional Employees International Union (Barker, Jane) (Entered: 09/09/2024) |
| 09/09/2024 | 24 | ELECTRONIC ORDER granting 22 (p.282) Application for Admission Pro Hac Vice of Jane Barker. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Mark Pittman on 9/9/2024) (chmb) (Entered: 09/09/2024) |
| 09/09/2024 | 25 | ELECTRONIC ORDER finding as moot 23 (p.285) Application for Admission Pro Hac Vice of Jane Barker. The application was entered twice (ECF Nos. 22, 23) and has already been granted by this Court. ECF No. 24. (Ordered by Judge Mark Pittman on 9/9/2024) (chmb) (Entered: 09/09/2024) |
| 09/09/2024 | 26 (p.290) | Brief of American Federation of Labor and Congress of Industrial Organizations (ADL-CIO) and Office and Professional Employees International Union (OPEIU) as Amici Curiae in Opposition to Emergency Motion for Preliminary Injunction filed by AFL-CIO (wxc) (Entered: 09/09/2024) |
| 09/11/2024 | 27 (p.317) | REPLY filed by Aunt Bertha re: 3 (p.32) Emergency MOTION for Preliminary Injunction (Parker, Talley) (Entered: 09/11/2024) |
| 09/11/2024 | 28 (p.346) | Appendix in Support filed by Aunt Bertha re 27 (p.317) Reply (Parker, Talley) (Entered: 09/11/2024) |
| 09/11/2024 | 29 (p.430) | Supplemental Document by Aunt Bertha as to 27 (p.317) Reply . (Parker, Talley) (Entered: 09/11/2024) |
| 09/16/2024 | 30 (p.460) | Memorandum Opinion and Order: For the foregoing reasons, Findhelp's Motion for Emergency Preliminary Injunction is GRANTED. The underlying NLRB administrative proceedings against Findhelp are hereby enjoined until the Court issues a final judgment in this case. The Court thus GRANTS Plaintiffs' Emergency Motion for Preliminary Injunction (ECF No. 3 (p.32) ) and ENJOINS the underlying NLRB administrative proceedings against Findhelp until the Court issues a final judgment in this case. (Ordered by Judge Mark Pittman on 9/16/2024) (wxc) (Entered: 09/16/2024) |
| 09/17/2024 | | |

| | 31 (p.467) | NOTICE OF INTERLOCUTORY APPEAL as to 30 (p.460) Memorandum Opinion and Order,, to the Fifth Circuit by Jennifer Abruzzo, John Doe (4:24cv798), Marvin E Kaplan, Lauren McFerran, National Labor Relations Board, David M Prouty, Gwynne A. Wilcox. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Gallardo, Maxie) (Entered: 09/17/2024) |
|---|---|---|
| 09/17/2024 | 32 (p.469) | ORDER: Having reviewed this case, the matters before the Court appear to be purely legal. Therefore, the Court is inclined to administratively close this case pending Defendant's interlocutory appeal of the Court's order granting an injunction. The Parties shall notify the Court on or before September 24, 2024, if they have any objection to the case being administratively closed pending appeal. (Ordered by Judge Mark Pittman on 9/17/2024) (wxc) (Entered: 09/17/2024) |
| 09/24/2024 | 33 (p.470) | NOTICE of re: 32 (p.469) Order, filed by Aunt Bertha (Parker, Talley) (Entered: 09/24/2024) |
| 09/25/2024 | 34 (p.473) | ORDER: It is ORDERED that this case is STAYED pending the resolution of the interlocutory appeal. The Parties are ORDERED to file a joint status report within 14 days of the decision(s) of any higher court, apprising the Court of the status of the case and requesting that this case be reopened. In is further ORDERED that the Clerk of the Court shall ADMINISTRATIVELY CLOSE this case and remove it from the statistical records until further notice. (Ordered by Judge Mark Pittman on 9/25/2024) (mmw) (Entered: 09/25/2024) |
| 09/25/2024 | 35 (p.474) | USCA Case Number 24-10855 in United States Court of Appeals 5th Circuit for 31 (p.467) Notice of Appeal, filed by John Doe (4:24cv798), National Labor Relations Board, Marvin E Kaplan, Jennifer Abruzzo, David M Prouty, Gwynne A. Wilcox, Lauren McFerran. (tle) (Entered: 09/25/2024) |

Tab 8
F-ROA.467-468

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| AUNT BERTHA, a public benefit corporation and doing business as FINDHELP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 4:24-CV-00798-P |
| NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF APPEAL**

Notice is hereby given that all defendants to this action appeal to the United States Court of Appeals for the Fifth Circuit the Memorandum Opinion and Order issued in this case by the United States District Court for the Northern District of Texas on September 17, 2024 [ECF No. 30].

Respectfully submitted,

National Labor Relations Board
*Contempt, Compliance, and Special Litigation Branch*

Kevin P. Flanagan
*Deputy Assistant General Counsel*

Paul A. Thomas
*Supervisory Attorney*

/s/ Grace L. Pezzella
Grace L. Pezzella
*Trial Attorney*
MA Bar No. 709601 – *pro hac vice*
1015 Half Street, SE, 4th Floor
Washington, D.C. 20003
Tel: (202) 273-0247
Email: grace.pezzella@nlrb.gov
Fax: (202) 273-4244

/s/ Maxie Gallardo Miller
Maxie Gallardo Miller
*Field Attorney*
National Labor Relations Board,
Region 16
819 Taylor Street, Room 8A24
Fort Worth, Texas 76102
Tel: (682) 703-7222
Email: maxie.miller@nlrb.gov

Dated this 17th day of September, 2024.

Tab 9
F-ROA.460-466

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AUNT BERTHA,**

    Plaintiff,

v.                                                      **No. 4:24-cv-00798-P**

**NATIONAL LABOR RELATIONS
BOARD, ET AL.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Aunt Bertha d/b/a Findhelp ("Findhelp")'s Emergency Motion for Preliminary Injunction. ECF No. 3. Having reviewed the briefing and applicable law, Findhelp's Motion is **GRANTED.**

## BACKGROUND

The National Labor Relations Board ("NLRB") was established to provide a mechanism for employees to vindicate the rights provided to them under the National Labor Relations Act ("NLRA"). Specifically, the NLRB helps to resolve "industrial disputes arising out of differences as to wages, hours, or other working conditions." 29 U.S.C. § 151. One of the "key functions" of the NLRB is to adjudicate allegations that employers have engaged in "unfair labor practice[s]." 29 U.S.C. § 160. If the NLRB finds merit in an employee's allegation, it issues a complaint. *Id.* And, in most cases, the complaint is accompanied by a notice of hearing before an administrative law judge ("ALJ"). *Id.*

The NLRB's ALJs are appointed by the five-member board (the "NLRB Members"). 29 U.S.C. §§ 153–54. An ALJ can only be removed if: (1) the NLRB Members bring an action to remove an ALJ; and (2) the Merit Systems Protection Board ("MSPB"), an independent federal agency, determines that good cause exists for the removal of the ALJ. 5 U.S.C. § 7521(a). In turn, NLRB Members serve five-year, staggered

terms, and may only be removed for neglect of duty or malfeasance in office.

Findhelp's employees are represented by the Office & Professional Employees International Union ("OPEIU")—who has filed an *amicus curiae* brief in this case. In early 2023, OPEIU began filing a series of charges with the NLRB accusing Findhelp of violating the NLRA. Subsequently, the NLRB issued a complaint against Findhelp and scheduled an administrative hearing before an ALJ on September 23, 2024. As a result, Findhelp filed this Motion asking the Court to enjoin the administrative procedures pending against it.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" and will be granted only if the movants carry their burden on four requirements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The movants must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dall. v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (cleaned up). "The decision to grant or deny a preliminary injunction is discretionary with the district court." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## ANALYSIS

Findhelp raises three arguments against the constitutionality of the NLRB's structure. *See* ECF No. 3. However, because the Court finds that Findhelp is entitled to the requested relief based on the ALJ-removal argument alone, the Court will not address Findhelp's other arguments.[1]

---

[1] The Supreme Court has encouraged lower courts to avoid expending "scarce judicial resources to resolve difficult and novel questions of constitutional or statutory interpretation that will have no effect on the outcome of the case." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

24-10855.461

**A. Likelihood of Success on the Merits**

Findhelp alleges, *inter alia*, that the NLRB ALJ's are improperly insulated from the President's removal powers. ECF No. 3 at 8–10. In its Response, the NLRB raises four arguments against Findhelp's satisfaction of the success on the merits prong. *First*, NLRB claims that binding Fifth Circuit precedent is wrong. ECF No. 21 at 17–18. *Second*, the NLRB claims that even if the challenged removal restrictions are unconstitutional, *Collins v. Yellen*, 594 U.S. 220 (2021), compels Findhelp to show something it has not shown: that the President has sought to remove the ALJ that is assigned to Findhelp's case. ECF No. 21 at 8. *Third*, the NLRB argues that *Axon* cannot be used to satisfy the requirements of a preliminary injunction because its holding addresses subject matter jurisdiction rather than an injunction. *Id.* at 9–11. *Fourth*, the NLRB asserts that a preliminary injunction is inappropriate because severance of the unconstitutional removal restrictions is the appropriate remedy. *Id.* at 11–13. For the reasons set out below, the Court in unpersuaded by the NLRB's arguments and finds that Findhelp has satisfied the success on the merits prong.

1. The NLRB ALJs' Removal Provision is Unconstitutional

Findhelp claims that Congress has impermissibly protected the NLRB ALJs from the President's Article II power by insulating them from removal. Because the Fifth Circuit recently held a nearly identical provision from a different statute to be unconstitutional, the Court agrees. *See Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *aff'd on other grounds*, —— U.S. ——, 144 S. Ct. 2117 (2024).

Findhelp asserts that the two layers of for-cause removal protections afforded to NLRB ALJs prevent the President from fully exercising his removal authority under Article II of the Constitution. ECF No. 3 at 8–10. In support of its argument, Findhelp points to *Jarkesy*, in which the Fifth Circuit held that the statutory removal protections for Securities and Exchange Commission ("SEC") ALJs were unconstitutional. *Jarkesy*, 34 F.4th at 465. Specifically, the Fifth Circuit found the removal restrictions to be unconstitutional because the SEC ALJs were insulated by two layers of for-cause removal protection. *Id.*

In this case, the NLRB ALJs are afforded the same two layers of for-cause removal protections that the Fifth Circuit found to be unconstitutional with regard to the SEC ALJs. In fact, the NLRB has not, and cannot, offer any distinction between the relevant provisions or the protections they confer upon the ALJs. *See generally* ECF No. 21. The NLRB does, however, argue that *Jarkesy* was wrongly decided. *Id.* at 13–18. Because this Court may not second-guess binding Fifth Circuit precedent, *Jarkesy* is binding on this Court. Consequently, the Court concludes that Findhelp has shown a likelihood of success on the merits for its claim that the removal protections afforded to the NLRB ALJs are unconstitutional.

### 2. *Collins and Axon*

The NLRB claims that Findhelp cannot establish a likelihood of success on the merits without showing that the President has sought to remove the ALJ assigned to its case. Additionally, the NLRB insists that *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175 (2023) did not address injunctive relief directly and, thus, cannot be used to confer a right to relief. ECF No. 21 at 9–11. In *Energy Transfer, LP v. Nat'l Lab. Rels. Bd.*, No. 3:24-CV-198, 2024 WL 3571494, at *4 (S.D. Tex. July 29, 2024), the same arguments were presented to the Court's esteemed colleague. In *Energy Transfer*, the court—after a thorough analysis of the relevant case law and the same arguments presented here—found that "*Collins* requires a court to determine whether an unconstitutional removal provision has caused, or is set to cause, harm to the plaintiff," but does not require a plaintiff to show that the President has sought to remove the ALJ assigned to a case. *Energy Transfer,* 2024 WL 3571494, at *4. Additionally, the court found that "[f]or removal-restriction claims that seek relief *before* an insulated actor acts, it is not that *Collins*'s causal-harm requirement is altogether inapplicable, but rather that it is readily satisfied." *Id.* (emphasis in original). Finally, the court found that potentially being subject to an unconstitutional administrative proceeding is sufficient to confer a right to relief. *Id.*

The Court, having reviewed the Parties' arguments and the relevant case law, adopts *Energy Transfer's* reasoning. Findhelp's alleged injury is having to participate in a constitutionally defective administrative

24-10855.463

process that is created by the removal provisions. Therefore, the Court finds the NLRB's arguments to be unpersuasive as to this issue.

3. <u>Severability</u>

Finally, the NLRB asserts that rather than enjoining the proceedings, a more appropriate remedy would be to sever any offending removal provisions from the statute by declaring them unconstitutional. ECF No. 21 at 11–13. But such a remedy would not provide Findhelp any relief from having to appear before an unconstitutionally insulated ALJ at the September 23 administrative hearing. While the Court is skeptical that severance is the proper remedy, even if it was, such a declaration would not take place until final judgment. *See Space Expl. Technolo-Gies Corp. v. Nat'l Lab. Rels. Bd.*, No. W-24-CV-00203-ADA, <u>2024 WL 3512082</u>, at *5 (W.D. Tex. July 23, 2024) (explaining that "there is no appropriate way to sever any of the removal protections to remedy the constitutional problems with the NLRB's structure."). Thus, at this stage, it is too speculative to say that severance is the appropriate remedy such that it justifies subjecting Findhelp to an unconstitutional proceeding. *See Space Expl.*, <u>2024 WL 3512082</u>, at *5 ("[U]ntil we have reached [the merits]–which we have not–consideration of severance is premature."); *see also Energy Transfer,* <u>2024 WL 3571494</u>, at *4 (same). Consequently, the Court is unpersuaded by the NLRB's severance argument and concludes that Findhelp has satisfied the likelihood of success on the merits prong.

**B. Irreparable Injury**

A harm is irreparable "if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, <u>703 F.3d 262, 279</u> (5th Cir. 2012). Findhelp's harm is "being subjected to" "a proceeding by an unaccountable ALJ." *Axon*, <u>598 U.S. at 191</u>. And any remedy crafted after such a proceeding would be "too late to be meaningful" as "[a] proceeding that has already happened cannot be undone." *Id.* Multiple courts have already found such an injury to be sufficient. *See Space Expl.*, <u>2024 WL 3512082</u>, at *6; *see also Energy Transfer,* <u>2024 WL 3571494</u> at *4; *SpaceX v. Bell*, <u>701 F. Supp. 3d 626</u> (S.D. Tex. Nov. 8, 2023) (citing *Axon* and stating that "if Plaintiff can

show that OCAHO ALJs are unconstitutionally insulated from removal, Plaintiff will be harmed by having to proceed before an unaccountable ALJ"); *Alpine Sec. Corp. v. FINRA*, 2023 WL 4703307, at *3 (D.C. Cir. July 5, 2023) (Walker, J., concurring) (finding the enjoining of an administrative adjudication appropriate under *Axon* because the plaintiff was likely to prevail on a claim that officers were unlawfully "shielded from removal"); *cf. Cochran v. SEC*, 20 F.4th 194, 212–13 (5th Cir. 2021) (en banc) (if a removal claim is "meritorious," a plaintiff should not be "forc[ed] to litigate before an ALJ who is unconstitutionally insulated from presidential control. . . ."), *aff'd and remanded sub nom. Axon*, 598 U.S. at 175. Accordingly, the Court finds that Findhelp has satisfied the irreparable injury prong.

## C. The Balance of Harms and the Public Interest

The third and fourth preliminary injunction factors—balance of harm and public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). This is because when a statute is enjoined, the government "suffers the irreparable harm of denying the public interest in the enforcement of its laws," causing the government's "interest and harm" to "merge with that of the public." *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017). And "it is always in the public interest to prevent the violation of a party's constitutional rights." *Jackson Women's Health Org. v. Currier,* 760 F.3d 448, 458 n.9 (5th Cir. 2014) (cleaned up).

Moreover, the government suffers no cognizable harm from stopping the perpetuation of an unlawful agency action. *See, e.g., BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021). Similarly, an injunction preventing an unlawful agency action does not disserve the public interest. *Id.* at 618. Nor is it in the public interest for an agency to infringe upon the constitutional imperative that "the judiciary remain[ ] truly distinct from . . . the executive." *Stern v. Marshall*, 564 U.S. 462, 483 (2011) (alteration in original) (quoting THE FEDERALIST No. 78, at 466 (Alexander Hamilton) (C. Rossiter ed. 1961)). Consequently, the balance of harm and public interest favor Findhelp.

\*   \*   \*

6

For the foregoing reasons, Findhelp's Motion for Emergency Preliminary Injunction is **GRANTED**. The underlying NLRB administrative proceedings against Findhelp are hereby enjoined until the Court issues a final judgment in this case.

## CONCLUSION

The Court thus **GRANTS** Plaintiffs' Emergency Motion for Preliminary Injunction (ECF No. 3) and **ENJOINS** the underlying NLRB administrative proceedings against Findhelp until the Court issues a final judgment in this case.

**SO ORDERED** on this **16th day** of **September 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

24-10855.466

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Record Excerpts were filed electronically with this Court's CM/ECF system on this date, which will send an electronic notice to all registered parties and counsel.

/s/ David P. Boehm

DAVID P. BOEHM
  *Trial Attorney*
National Labor Relations Board
1015 Half Street, SE, 4th Floor
Washington, D.C. 20570
Tel: (952) 703-2891
david.boehm@nlrb.gov

Dated: October 28, 2024
       Washington, D.C.