**Nos. 24-50627, 24-40533, 24-10855**

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES CORPORATION,

*Plaintiff - Appellee*

v.

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as Board Member of the National Labor Relations Board; JOHN DOE, Administrative Law Judge NLRB,

*Defendants - Appellants*

*consolidated with*

———————

24-40533

———————

ENERGY TRANSFER, L.P.; LA GRANGE ACQUISITION, L.P.,

*Plaintiffs - Appellees*

v.

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in their official capacities as Board Members of the National Labor Relations Board; GWYNNE A. WILCOX, in their official capacities as Board Members of the National Labor Relations Board; DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board; JOHN DOE, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants - Appellants*

*consolidated with*

---

24-10855

---

A<small>UNT</small> B<small>ERTHA</small>, doing business as Findhelp,

*Plaintiff - Appellee*

v.

N<small>ATIONAL</small> L<small>ABOR</small> R<small>ELATIONS</small> B<small>OARD</small>, a federal administrative agency;
J<small>ENNIFER</small> A<small>BRUZZO</small>, in her official capacity as the General Counsel of
the National Labor Relations Board; L<small>AUREN</small> M<small>C</small>F<small>ERRAN</small>, in her official
capacity as the General Counsel of the National Labor Relations Board;
M<small>ARVIN</small> E. K<small>APLAN</small>; G<small>WYNNE</small> A. W<small>ILCOX</small>; D<small>AVID</small> M. P<small>ROUTY</small>, in their
official capacities as Board Members of the National Labor Relations
Board; J<small>OHN</small> D<small>OE</small>, in their official capacity as an Administrative Law
Judge of the National Labor Relations Board,

*Defendants - Appellants*

On Appeals from the United States District Courts
for the Northern, Southern, and Western Districts of Texas

## APPELLEES' JOINT UNOPPOSED MOTION TO ENLARGE ORAL ARGUMENT TIME

In accordance with Federal Rule of Appellate Procedure 27 and
Fifth Circuit Rule 32.12, the consolidated Appellees Space Exploration
Technologies Corp. ("SpaceX"), Aunt Bertha d/b/a Findhelp, and Energy
Transfer, L.P. and La Grange Acquisition, L.P. (together, "Appellees") re-
spectfully move for an enlargement of oral argument time from twenty to
thirty minutes per side. The NLRB is not opposed. In support of this
motion, Appellees state as follows:

1.     On the NLRB's opposed motion, this Court consolidated three separate appeals arising from separate district court cases in which the NLRB was the appellant.  Dkt. 41.  The three cases each involved grants of preliminary injunctions of NLRB proceedings based on showing a likelihood of success that there were structural constitutional defects and irreparable harm.

2.     The issues in this case present weighty and consequential constitutional and procedural issues involving the executive branch and, specifically, the granting of a preliminary injunction against the NLRB's administrative proceedings.  Although Appellees believe the answers are clear and the district courts below were correct in granting the injunctions, the appeals present numerous important issues for the Court.

3.     Before the Court's consolidation of the appeals, the three Appellees individually brought suit based on distinct NLRB administrative proceedings, represented by separate counsel.  The opinions in the three district court cases—although similar—are not identical.  For example, all three district courts found a likelihood of success on the ALJ removal protection claims, but only one of the three district courts reached the NLRB removal protection claims.

4.      The length of briefing in this case is also significant and comparatively high in comparison to a typical appeal.  The Appellees have filed three separate, full-length response briefs, and the NLRB has moved without opposition for an enlargement of its word count for its reply to 9,000 words (*see* Dkt. 137).  Appellees' first opportunity to address the NLRB's arguments from a likely extra-long reply will be at oral argument.  Additionally, a total of five amici weighed in support of both sides.

5.      Although each Appellee filed a separate brief and is defending a different order on appeal, for purposes of oral argument, the three Appellees are considered one "side" under the rules.  *See* 5th Cir. R. 34.11.  Currently, each side in this appeal has only been allotted the standard twenty minutes of argument time,[1] even though there are three separate Appellees, different opinions below, and multiple weighty and complex legal issues.

6.      In order to adequately present the interests of the separate Appellees, address the complex constitutional and procedural questions,

---

[1] https://www.ca5.uscourts.gov/oral-argument-information/court-calendars/Details/1828/

and sufficiently address the panel's questions on the unusually large amount of briefing by the parties, Appellees seek an extra ten minutes of argument time for a total of thirty minutes per side.

7.    There is good cause to grant the request for an enlargement of argument time to allow a full presentation of the issues that will aid the panel in its decision-making.

## CONCLUSION

For all these reasons, Appellees respectfully ask that this Court enlarge each side's argument time by ten minutes for a total of thirty minutes.

Dated:  January 14, 2025

Respectfully submitted,

s/ Michael E. Kenneally

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
(310) 255-9005

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 739-3000

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
(713) 890-5719

*Counsel for Space Exploration
Technologies Corp.*

s/ Talley R. Parker
TALLEY R. PARKER
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201

*Counsel for Aunt Bertha, doing
Business as Findhelp*

s/ Amber M. Rogers
AMBER M. ROGERS
HUNTON ANDREWS KURTH LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202

*Counsel for Energy Transfer, L.P.
and La Grange Acquisition, L.P.*

# CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 518 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated:  January 14, 2025          s/ Michael E. Kenneally
                                  MICHAEL E. KENNEALLY

                                  *Counsel for Space Exploration*
                                  *Technologies Corp.*

## CERTIFICATE OF CONFERENCE

I certify that counsel for SpaceX conferred with counsel for the NLRB on January 14, 2025, who confirmed that the NLRB is unopposed to the requested relief.

Dated:  January 14, 2025          s/ Michael E. Kenneally
                                  MICHAEL E. KENNEALLY

                                  *Counsel for Space Exploration*
                                  *Technologies Corp.*

## CERTIFICATE OF SERVICE

I certify that on 14th day of January, 2025, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system.

Dated:  January 14, 2025             s/ Michael E. Kenneally
                                      MICHAEL E. KENNEALLY

                                      *Counsel for Space Exploration Technologies Corp.*