# United States Court of Appeals
# For the Fifth Circuit

SPACE EXPLORATION TECHNOLOGIES CORP.,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants,*

*consolidated with*

ENERGY TRANSFER L.P. and its subsidiary and employing entity LA GRANGE ACQUISITION, L.P.,

*Plaintiffs-Appellees,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor

Relations Board,

*Defendants-Appellants*

---

*consolidated with*

AUNT BERTHA, doing business as FINDHELP,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants.*

---

**On Appeal from the United States District Courts
for the Northern, Southern, and Western Districts of Texas**

---

**RENEWED MOTION TO INTERVENE BY OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION (OPEIU)**

---

Andrew Lyubarsky
AFL-CIO
815 Black Lives Matter Plaza NW
Washington, DC 20006
Tel. (202) 227-8969
alyubarsky@aflcio.org

Jane Lauer Barker
Pitta LLP
120 Broadway, 28th Floor
New York, NY 10271
Tel. (212) 652-3828
jbarker@pittalaw.com

# STATEMENT OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of this Court's Rule 28.2.1 have an interest in the outcome of this case. These disclosures are made pursuant to this Court's Rules 28.2.1 and 29.2 in order that the judges of this Court may evaluate possible disqualification or recusal.

1. National Labor Relations Board (NLRB)

2. Jennifer Abruzzo, former General Counsel, NLRB

3. Lauren M. McFerran, former Chairman, NLRB

4. William B. Cowen, Acting General Counsel, NLRB

5. Marvin E. Kaplan, Member, NLRB

6. Gwynne A. Wilcox, Member, NLRB

7. David M. Prouty, Member, NLRB

8. Space Exploration Technologies Corporation

9. Aunt Bertha, d/b/a Findhelp

10. Energy Transfer L.P.

11. La Grange Acquisition, L.P.

12. Talley Ray Parker, Counsel for Plaintiff-Appellee Aunt Bertha

13. Michael E. Kenneally, Catherine Lynn Eschbach, Harry Isaac Johnson III, Counsel for Plaintiff-Appellee Space Exploration Technologies Corporation

14. Amber Michelle Rogers, Counsel for Plaintiffs-Appellees Energy Transfer L.P. and La Grange Acquisition, L.P.

15. David Paul Boehm, Christine Flack, Maxie Elena Gallardo Miller, Grace L. Pezzella, Matheus Teixeira, Counsel for Defendants-Appellants

16. Office and Professional Employees International Union (OPEIU)

17. Jane Lauer Barker, Andrew Lyubarsky Counsel for OPEIU

Dated: February 5, 2025

*/s/ Andrew Lyubarsky*

Andrew Lyubarsky
AFL-CIO
815 Black Lives Matter Plaza N.W.
Washington, DC 20006
Tel. (202) 227-8969
alyubarsky@aflcio.org

The Office and Professional Employees International Union ("OPEIU") respectfully renews its motion for leave to intervene in the above-captioned matter.

Counsel consulted with counsel for all parties with respect to this motion. All Plaintiffs-Appellees advised that they oppose the relief sought by OPEIU. Defendants-Appellants advised that they do not oppose this motion.

This Court grants intervention on appeal "in an exceptional case for imperative reasons." *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020 (citing *United States v. Bursey*, 515 F.2d 1228, 1238 n.24 (5th Cir. 1975)). This is such a case.[1]

---

[1] Even absent the extraordinary change of agency position presented here, we observe that two other circuit courts of appeals have granted charging party unions leave to intervene on appeal in analogous cases. *See Spring Creek Rehab. & Nursing Ctr. LLC v. NLRB*, No. 24-3043, ECF No. 20 (3d Cir. Jan. 2, 2025) (granting union leave to intervene under identical "exceptional circumstances for imperative reasons" standard); *YAPP USA Auto. Sys., Inc. v. NLRB*, No. 24-1754, ECF No. 33 (6th Cir. Nov. 21, 2024) (granting leave to intervene upon finding that unions "have indisputable interests in this appeal because it directly implicates their statutory rights under the National Labor Relations Act").

The OPEIU makes this extraordinary motion based on extraordinary events. Specifically, just two days ago, counsel for Defendant-Appellant National Labor Relations Board ("NLRB" or "Board") filed a letter with the Court stating that counsel could no longer present argument on one of the central issues in this case—whether the National Labor Relations Act ("NLRA") can constitutionally protect Members of the Board from removal by the President absent just cause. ECF No. 165-1.[2] In short, on the eve of oral argument—and, as far as we are aware, for the first time since the founding of the NLRB in 1935—agency counsel appears to have declined to defend the constitutionality of core elements of the Board's organic statute.

This striking eleventh-hour *volte-face* by Defendants-Appellants demonstrates that the interests of putative Intervenor OPEIU are no longer adequately represented by the existing parties to this case and that OPEIU should be granted intervention.

---

[2] All docket citations, unless otherwise specified, refer to Case No. 24-10855, *Aunt Bertha v. NLRB*, where OPEIU initially moved to intervene.

The OPEIU is the Charging Party in the NLRB proceedings that Plaintiff-Appellee Aunt Bertha d/b/a/ Findhelp ("Findhelp") sought successfully to enjoin in the District Court. The unfair labor practice charges filed by OPEIU and the Complaint issued by the NLRB's General Counsel, allege, among other things, that Findhelp fired OPEIU supporters in violation of the NLRA. *See* NLRB Gen. Counsel Complaint, ECF No. 4 at 5, in *Aunt Bertha v. NLRB*, No. 4:24-cv-00798-P (N.D. Tex. 2024). The injunction at issue here is thus preventing the NLRB from protecting the rights of employees who supported OPEIU and ultimately ordering them reinstated with backpay.

The OPEIU thus has significant legal interests in this case that it sought to protect through a motion to intervene filed with this Court on October 1, 2024. ECF No. 18. The motion was denied by Judge Duncan on October 10, 2024. ECF No. 35. After the motion to intervene was denied, OPEIU filed an *amicus* brief in support of Defendants-Appellants jointly with the American Federation of Labor & Congress of Industrial Organizations ("AFL-CIO"), ECF No. 53, in which it argued, inter alia, that the NLRA's protection of Board Members from removal absent just cause is constitutional.

The grounds for intervention that existed when the original motion was filed are fully set forth therein. We address here only the changed circumstances that justify this renewed motion.[3]

OPEIU has already demonstrated that it has an interest in the proceeding underlying the *Aunt Bertha* litigation. The key factor in determining whether intervention is proper is therefore whether "the applicant's interest [is] inadequately represented by the existing parties to the suit." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). As of today, that is clearly true here. The affirmance of the District Court's injunction would impair OPEIU's

---

[3] Since filing its initial motion to intervene, OPEIU has disclaimed interest in representing the Findhelp bargaining unit. That does not, however, weaken OPEIU's legal interest in the underlying *unfair labor practice* proceedings.

OPEIU's disclaimer means only that Findhelp no longer has a legal duty to bargain with the Union over a contract. *See* 29 U.S.C. §§ 158(a)(5); (d). But, as the Charging Party in the underlying proceeding, OPEIU continues to have a compelling interest in securing justice for its supporters whose livelihoods have been affected by Findhelp's retaliation against individuals who supported the Union, as it explained in its initial motion.

interests by depriving its supporters of the only forum in which their statutory rights can be vindicated. And now, the Board has informed the Court that it will *not* present one key argument demonstrating that Plaintiffs-Appellees are not likely to succeed on the merits and thus that the injunction was not properly issued and that it will not fully defend the constitutionality of its own organic statute. The Board is clearly no longer able to adequately represent OPEIU's separate and distinct interests in the proceeding. Intervention is thus both proper and imperative.

Finally, OPEIU's renewed motion is clearly timely. The Supreme Court has held that "the most important circumstance relating to timeliness [of a motion to intervene] is that the [non-party] sought to intervene 'as soon as it became clear' that [its] interests 'would no longer be protected' by the parties in the case." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 279–80 (2022) (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)). Where the "need to seek intervention did not arise until [a government party] ceased defending the [law] . . . the timeliness of [the] motion should be assessed in relation to that point in time." *Id.* at 280. Here, the Union learned of

the Board's change in position only two days ago. Thus, it has not unduly delayed in filing this motion.

## CONCLUSION

For the reasons stated above, OPEIU respectfully asks this Court to grant its renewed motion to intervene.


Date: February 5, 2025

Respectfully submitted,

/s/ Andrew Lyubarsky
Andrew Lyubarsky
AFL-CIO
815 Black Lives Matter Plaza, N.W.
Washington, D.C. 20006
Tel: (202) 227-8969
alyubarsky@aflcio.org

Jane Lauer Barker
Pitta LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3828
jbarker@pittalaw.com

6

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), counsel hereby certifies that the foregoing Renewed Motion for Leave to Intervene contains 1,041 words, as counted by counsel's word processing system, and thus complies with the 5,200- word limit. *See* Fed. R. App. P. 27(d)(2)(A).

Further, this document complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure, 32(a)(5) and (a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word using size 14 Century Schoolbook font.

Dated: February 5, 2025

*/s/ Andrew Lyubarsky*

# CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; and (2) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: February 5, 2025

<em>/s/ Andrew Lyubarsky</em>

# CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, I certify that that on February 4 and 5, 2025, I contacted counsel for Plaintiffs-Appellees and Defendant-Appellants to ask for their positions on the OPEIU's motion for leave to intervene.

Plaintiffs-Appellees all stated that they oppose this motion. Defendants-Appellants advised that they do not oppose this motion.

Dated: February 5, 2025

*/s/ Andrew Lyubarsky*

# CERTIFICATE OF SERVICE

      I hereby certify that on February 5, 2025, I electronically filed the foregoing Renewed Motion to Intervene using the appellate CM/ECF system. The participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: February 5, 2025

<u>/s/Andrew Lyubarsky</u>