# Nos. 24-50627, 24-40533, 24-10855

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

24-50627

Space Exploration Technologies Corporation,

*Plaintiff-Appellee*,

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

24-40533

Energy Transfer, L.P.; La Grange Acquisition, L.P.,

*Plaintiffs-Appellees*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with
_____

24-10855
_____


Aunt Bertha, doing business as Findhelp,

*Plaintiff - Appellee*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants – Appellants*

**APPELLEES' JOINT MOTION FOR THE COURT TO CONSTRUE APPELLEES' OPPOSITIONS TO THE OPEIU'S MOTION TO INTERVENE AS MOTIONS FOR RECONSIDERATION**

/s/ Talley R. Parker
Talley R. Parker
Texas State Bar No. 24065872
talley.parker@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
(214) 520-2400 – Telephone
(214) 520-2008 – Fax

**COUNSEL FOR AUNT BERTHA, A PUBLIC BENEFIT CORPORATION DOING BUSINESS AS FINDHELP**

On February 18, 2025, Appellees Aunt Bertha, doing business as Findhelp ("Findhelp"); Space Exploration Technologies Corporation ("SpaceX"); and Energy Transfer L.P.; La Grange Acquisition, L.P. ("Energy Transfer"), each filed separate oppositions[1] to the Office and Professional Employees International Union's ("OPEIU") renewed motion to intervene in this consolidated appeal.[2]

The next morning, February 19, the OPEIU informed counsel for Appellees that the Court had already granted the OPEIU's renewed motion to intervene on February 5, 2025, the day of the oral argument in this consolidated appeal, and only hours after OPEIU filed its motion. That information came as a surprise to Appellees, as none of their respective counsel had received notice, electronic or otherwise, of an order to that effect.[3] Counsel for Appellees checked the docket in this case after receiving the OPEIU's communication, however, and learned for the first time that the Court *had* granted the OPEIU's renewed motion to intervene on February 5.[4]

---

[1] *See* Doc. 194 (Findhelp's Opposition); Doc. 196 (SpaceX's Opposition); Doc. 197 (Energy Transfer's Opposition).

[2] *See* (OPEIU's Renewed Motion to Intervene).

[3] After the communication from the OPEIU, counsel for each of the respective Appellees verified that each had failed to receive any electronic ECF notification of the February 5 order through the email accounts on file with the Court (which have received the ECF notifications for the other filings and orders in this appeal). Nor were any Appellee counsel served with the order by any other method prior to filing the oppositions.

[4] Doc. 177.

Because Appellees learned of the Court's February 5 order granting the OPEIU's renewed motion to intervene for the first time on February 19, Appellees respectfully request that the Court construe the opposition briefs filed by Appellees on February 18 as *motions to reconsider* the Court's February 5 Order. *See* FED. R. APP. P. 27(b) (explaining that a "party adversely affected by the court's . . . action may file a motion to reconsider" and that while a "[t]imely opposition filed after the [original] motion is granted in whole or in part does not constitute a request to reconsider," parties may file "a motion requesting that relief"). The arguments raised in Appellees' February 19 oppositions—regarding why the OPEIU should not be allowed as intervenors—are substantially the same arguments that Appellees would raise in any motion for reconsideration of the Court's February 5 order allowing intervention. There is no reason to require refiling each motion under the caption of a motion to reconsider, which would needlessly expend resources.

Moreover, Federal Rule of Appellate Procedure 27(3)(A) provides that parties may file a response to a motion "within 10 days after service of the motion unless the court shortens or extends the time." Thus, Appellees' opposition briefs to the OPEIU's renewed motion to intervene were timely filed,[5] and the OPEIU would face

---

[5] The OPEIU filed its renewed motion to intervene on February 5. Ten days after February 5 was Saturday, February 15, and the next business day was February 18, the day Appellees filed their opposition briefs. (Monday, February 17 fell on Presidents' Day.)

no prejudice as a result of the Court treating those oppositions as motions to reconsider the Court's order allowing the OPEIU to intervene. The oppositions were filed in good faith and, Appellees believed, in full accordance with the Federal Rules of the Appellate Procedure and Rules of this Court, as the Appellees had not been served with and had no notice of the February 5 order. There was no intent to contravene or circumvent the ordinary rules or procedures.

In sum, Appellees respectfully request that the Court treat their respective opposition briefs filed February 18 as motions to reconsider the Court's February 5 order allowing the OPEIU to intervene in this consolidated appeal. To the extent the OPEIU requests that the Court strike Appellees' oppositions as untimely or moot, the Court should deny that request as, for the reasons stated herein, the Court may properly treat those opposition briefs as motions for reconsideration given the unusual circumstances here.

| Dated: February 19, 2025 | Respectfully submitted, |
|---|---|
| | /s/ Talley R. Parker |
| | Talley R. Parker |
| | Texas State Bar No. 24065872 |
| | talley.parker@jacksonlewis.com |
| | JACKSON LEWIS P.C. |
| | 500 N. Akard Street, Suite 2500 |
| | Dallas, Texas 75201 |
| | (214) 520-2400 – Telephone |
| | (214) 520-2008 - Fax |
| | |
| | ***Counsel for Aunt Bertha, a Public Benefit Corporation Doing Business as Findhelp*** |
| | |
| /s/ Amber M. Rogers | /s/ Michael E. Kenneally |
| Amber M. Rogers | MICHAEL E. KENNEALLY |
| Hunton Andrews Kurth LLP | MORGAN, LEWIS & BOCKIUS LLP |
| arogers@hunton.com | 1111 Pennsylvania Avenue, N.W. |
| Fountain Place | Washington, D.C. 20004 |
| 1445 Ross Avenue, Suite 3700 | (202) 739-3000 |
| Dallas, Texas 75202-2799 | |
| Telephone: 214-979-3000 | |
| | ***Counsel for Space Exploration Technologies Corp.*** |
| ***Counsel for Energy Transfer, L.P.; La Grange Acquisition, L.P.*** | |

## CERTIFICATE OF SERVICE

I certify that on February 19, 2025, I electronically filed the foregoing Joint Motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system.

/s/ Talley R. Parker<br>
Talley R. Parker

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that the foregoing brief contains 667 words, as counted by counsel's word processing system, and thus complies with the 5,200-word limit. *See* FED. R. APP. P. 27(d)(A).

This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word using size 14 Times New Roman font.

/s/ Talley R. Parker<br>
Talley R. Parker