

United States Government
NATIONAL LABOR RELATIONS BOARD
Office of the General Counsel

WASHINGTON, D.C. 20570

March 7, 2025

**BY CM/ECF TO ALL PARTIES**
Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

          Re:    *Space Exploration v. NLRB*, No. 24-50627
                  *Energy Transfer, L.P. v. NLRB*, No. 24-40533
                  *Aunt Bertha v. NLRB*, No. 24-10855
                  (consolidated and argued Feb. 5, 2025)
                  <u>Panel: Circuit Judges Wiener, Willett, and Duncan</u>

Dear Mr. Cayce:

      Defendants-Appellants National Labor Relations Board, et al. (collectively, "NLRB") respectfully submit this Notice of Supplemental Authority regarding the recent opinion in *Amazon.com Services LLC v. NLRB*, No. 2:24-cv-09564, 2025 WL 466262 (C.D. Cal. Feb. 5, 2025), *appeal docketed*, No. 25-886 (9th Cir. Feb. 11, 2025).

      *Amazon* demonstrates why the preliminary injunctions now on appeal should be reversed. In that case, the plaintiffs (collectively, "Amazon") sought the same preliminary relief Appellees obtained below on substantially the same grounds. The district court denied Amazon's motion for two reasons, each applicable here.

      First, the court found that, absent a statutory exception, the Norris-LaGuardia Act "jurisdictionally divests federal courts of the power to issue an injunction for matters stemming from labor disputes," 2025 WL 466262, at *3. "Labor dispute," it found, is a broad term used with the "intent [of] taking the federal courts out of the labor injunction business." *Id.* (emphasis removed) (citing *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 712 (1982)). Amazon's claims grew out of its dispute with employees and unions and "would not exist but for" that underlying labor dispute. *Id.* at *4 (quoting

*Armco, Inc. v. United Steelworkers*, 280 F.3d 669, 680 (6th Cir. 2002)). Nor did the constitutional nature of the claims matter. *Id.*

Second, Amazon failed to show any "likelihood of irreparable harm." *Id.* at *5. The mere existence of an assertedly unconstitutional administrative proceeding was not "inherently irreparable." *Id.* at *7. The court agreed with the NLRB's argument, also presented here, Appellants' Br. 31-36, that plaintiffs seeking injunctive relief on a claim that officers are improperly shielded from removal must show that the removal restriction caused harm. 2025 WL 466262, at *6-7. It rejected the argument, echoed by Plaintiffs-Appellees here, *e.g.*, Aunt Bertha's Br. 38-39, that "the causal harm requirement… reaches only retrospective, not prospective relief." 2025 WL 466262, at *7. And it dispensed with the notion that *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175, 195-96 (2023), decrees that inherent irreparable harm exists anytime a statute contains an overly broad removal restriction. *Id.* at *8.

Respectfully submitted,

Nancy E. Kessler Platt
*Associate General Counsel*

Dawn L. Goldstein
*Deputy Associate General Counsel*

Kevin P. Flanagan
*Deputy Assistant General Counsel*

Paul A. Thomas
*Supervisory Attorney*

/s/ David P. Boehm
David P. Boehm
*Trial Attorney*
Tel: (202) 273-4202
Fax: (202) 273-4244
National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch

1015 Half Street, SE, 4th Floor
Washington, D.C. 20570

Attachment

## CERTIFICATE OF COMPLIANCE AND SERVICE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 349 words.

I hereby certify that on March 7, 2025, I electronically filed the foregoing letter with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ David P. Boehm
David P. Boehm
