# Nos. 24-50627, 24-40533, 24-10855

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

24-50627

Space Exploration Technologies Corporation,

*Plaintiff - Appellee,*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants - Appellants.*

consolidated with
_____

24-40533
_____

Energy Transfer, L.P.; La Grange Acquisition, L.P.,

*Plaintiffs-Appellees*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants - Appellants*

consolidated with

_____

24-10855

_____

Aunt Bertha, doing business as Findhelp,

*Plaintiff - Appellee*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants – Appellants*

_____

**LA GRANGE'S OPPOSITION TO INTERVENOR OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION'S MOTION TO DISMISS AS MOOT CASE NO. 24-10855, *AUNT BERTHA V. NLRB*, AND VACATE PRELIMINARY INJUNCTION**

_____

Amber M. Rogers
Keenan Judge
HUNTON ANDREWS KURTH LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000
arogers@hunton.com
kjudge@hunton.com

*Counsel for Plaintiffs - Appellees Energy Transfer, L.P. & La Grange Acquisition, L.P.*

March 26, 2025

Pursuant to the Court's direction (ECF No. 220 at 3), Energy Transfer LP and its subsidiary and employing entity La Grange Acquisition, L.P. (collectively, "La Grange") file this response opposing the motion by Intervenor Office and Professional Employees International Union ("OPEIU") to dismiss as moot Case No. 24-10855 and vacate the preliminary injunction entered in the underlying district court proceeding. ECF No. 214.[1] La Grange joins the responses to OPEIU's motion filed by Appellees Aunt Bertha d/b/a Findhelp ("Findhelp") and Space Exploration Technologies Corporation ("SpaceX") (collectively, the "Employers") and submits this separate response to address distinct issues.

**INTRODUCTION**

Less than two months ago, on the eve of oral argument, the OPEIU filed a renewed motion to intervene in this consolidated appeal. In support of that extraordinary relief, which was not consented to by any party, the OPEIU represented to the Court that it did "not seek any additional briefing" or "new argument" and that it sought only "to bring relevant developments to the Court's attention" and to seek review of this Court's eventual decision "should it prove appropriate." ECF No. 203 at 10.

---

[1] Although OPEIU styles its motion as only seeking to dismiss the appeal, and vacate the district court's issued preliminary injunction, as to Case No. 24-10855, concerning Aunt Bertha d/b/a Findhelp, it further stated that La Grange should have to "show cause as to why the appeal[] should not be dismissed and the preliminary injunction[] vacated." ECF No. 214 at 18 n.6.

That was then. But now, its intervention having been granted, the OPEIU has changed its tune. It asks that the Court not reach the merits of the appeal and instead dismiss it. In addition to the reasons given in the briefs being concurrently filed by Findhelp and SpaceX, the Court should deny the OPEIU's requested relief for two reasons.

First, the OPEIU's motion improperly raises merits arguments, months after the merits-briefing deadline in this appeal and in direct contravention of the OPEIU's representations to the Court that it would not pursue additional briefing or argument. This behavior further underscores why the OPEIU should not have been allowed to intervene in the first place.[2] Second, the OPEIU's motion is wrong on the substance. This appeal is not moot because, if its intervention was proper, the OPEIU and the Employers are adverse parties with opposing legal interests, which is sufficient to maintain a live case or controversy.

## ARGUMENT

**I.  Having intervened for the limited purpose of appealing an adverse decision if necessary, now the OPEIU improperly seeks dismissal to avoid an adverse decision.**

The OPEIU is doing the very thing it told the Court it would not do. To encourage the Court to allow its intervention in this appeal, the OPEIU specifically

---

[2] The Employers' challenges to OPEIU's intervention have not been resolved by the Court and remain pending. ECF Nos. 194, 196, 197, 199. For the purposes of this filing, the Employers assume, without conceding, that OPEIU is an intervenor to this appeal.

stated in its response to the Employers' motion for the Court to reconsider allowing OPEIU to intervene that it "d[id] not seek any additional briefing, new argument, or any other extraordinary privileges not granted to the existing parties." ECF No. 203 at 10. The OPEIU claimed it sought "only the right to bring relevant developments to the Court's attention pursuant to Federal Rule of Appellate Procedure 28(j), petition for panel rehearing or rehearing *en banc* of any decision adverse to its interests, and to petition the U.S. Supreme Court for a writ of certiorari should it prove appropriate." *Id*.

The OPEIU has now reneged on those representations. The relief sought in the OPEIU's motion goes well beyond preserving the ability to file Rule 28(j) letters or appeal an adverse decision. Rather, the OPEIU seeks to prevent this Court from issuing a merits decision at all. Given the OPEIU's prior representations, its motion appears to be an eleventh-hour ploy to avoid an adverse decision. Federal courts of appeals regularly reject efforts by appellants to strategically dismiss their appeals in such circumstances. *See, e.g.*, *In re Nexium Antitrust Litig.*, 778 F.3d 1, 2 (1st Cir. 2015).[3] This Court has a prudential interest in ensuring that litigants are not

---

[3] *See also Harrell v. Fla. Bar*, 608 F.3d 1241, 1267 (11th Cir. 2010) (noting the "substantial possibility that the defendant has changed course simply to deprive the court of jurisdiction, which itself prevents us from finding the controversy moot") (cleaned up); *Buck v. Gordon*, No. 19-2185, 2020 WL 1862309, at *1 (6th Cir. Feb. 27, 2020) (a court will "eschew dismissal if [it] ha[s] invested substantial time in the case and a decision on the merits is imminent").

permitted to "manipulate the formation of precedent." *In re Nexium*, 778 F.3d at 2 (citation omitted).

The OPEIU's merits argument also comes too late. The OPEIU argues that the Court "should reject Findhelp's arguments on the merits" and proceeds to brief the purported applicability of Fifth Circuit precedent to this appeal. ECF No. 214 at 12 n.4. The merits-related briefing (which concluded on January 18, 2025) is wholly unrelated to mootness. *Dierlam v. Trump*, 977 F.3d 471, 477 (5th Cir. 2020) ("When conducting a mootness analysis, a court must not 'confuse[ ] mootness with the merits.'").[4]

"Things have changed," the OPEIU claims. ECF No. 214 at 1. But that is not true either. The OPEIU sought to intervene—and represented to the Court its limited intentions if intervention were granted—with full awareness that the National Labor Relations Board (the "Board" or "NLRB") "appears to have declined to defend the constitutionality of core elements of the Board's organic statute." ECF No. 179 at 2. Indeed, in now attempting to prevent the Court from rendering a decision on the merits, it is OPEIU that has changed position. This illustrates why the OPEIU should not have been permitted to intervene in this appeal.

---

[4] At a minimum, the Court should refuse to consider these misplaced arguments in addressing OPEIU's motion to dismiss.

**II.  This appeal is not moot because, even if it properly intervened, the OPEIU and the Employers remain adverse parties with opposing legal interests.**

The OPEIU's motion also should be denied because the purported predicate for it is meritless: the case is not moot. *See In re Nexium*, 778 F.3d at 2 (citing precedent for proposition that a motion to dismiss should be denied "if it is based on [an] unsound argument of mootness" (cleaned up)). A case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quotation marks and citation omitted). "A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff. *See Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir.1998). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Dierlam*, 977 F.3d at 477 (quoting *Knox*, 567 U.S. at 307–08).

The OPEIU argues that the Court lacks jurisdiction to decide this appeal because the NLRB Defendants recently announced a change to their legal position, expressing agreement with the Employers that the removal protections applicable to the NLRB's Board Members and Administrative Law Judges are unconstitutional.

ECF No. 214 at 1–2. As addressed more fully in the brief being concurrently filed by SpaceX (the arguments in which La Grange adopts as its own), to date the NLRB remains adverse to the Employers. The NLRB continues to litigate its appeals against the Employers, and during oral argument took the position that the Employers' respective injunctions should be vacated.[5]

Moreover, while the OPEIU claims that there is no longer a live case or controversy because the NLRB's purported change in position results in "the loss of adversity between the parties," it fails entirely to address the adverseness that remains between the legal interests of the Employers and the OPEIU itself, assuming that the OPEIU remains a party to this litigation. *Id.* at 12. The adverseness between the OPEIU and the Employers is sufficient to maintain a live case or controversy—indeed, presumably that is the very reason the OPEIU intervened in the first place. That adverseness imbues this Court with jurisdiction to decide the appeal under Article III of the Constitution.

In *Cooper v. Texas Alcoholic Beverage Commission*, 820 F.3d 730, 736 (5th Cir. 2016), this Court reviewed a district court's decision that it lacked subject-matter jurisdiction because the original plaintiffs to the action "had not appeared and seemed to lack an ongoing interest," despite the presence of two parties the court

---

[5] Two of the Employers—Findhelp and La Grange—asserted Seventh Amendment and Due Process claims in district court. The NLRB Defendants' views about the unconstitutionality of the removal protections have no effect on the district courts' jurisdiction over these claims.

6

permitted to intervene as plaintiffs. This Court recognized that "[t]he original plaintiffs ha[d] not appeared and may no longer possess any direct stake in the outcome of th[e] proceeding" but explained that "[n]evertheless, there remains a live case or controversy because of the intervention" of the two parties permitted intervention as plaintiffs. *Id*. This Court concluded that the parties' "intervention ensures that this proceeding involves an actual dispute between adverse litigants" and held that the case was not moot. *Id*.

The Court arrived at the same conclusion several years later in a case with facts mirroring those present here. *Texas v. United States*, 945 F.3d 355 (5th Cir. 2019), as revised (Dec. 20, 2019), as revised (Jan. 9, 2020), *rev'd and remanded sub nom. California v. Texas*, 593 U.S. 659 (2021). In *Texas*, two private citizens and 18 states filed a lawsuit against federal defendants, including the United States of America and the Department of Health and Human Services, claiming that the Affordable Care Act's ("ACA") individual mandate was unconstitutional and seeking an injunction to prohibit the federal defendants from enforcing the ACA or its regulations. *Id*. at 372–73. When the federal defendants agreed with the plaintiffs on the constitutional issue, 16 states and the District of Columbia intervened to defend the ACA's constitutionality. *Id*. at 373. The federal defendants subsequently altered their litigation position on appeal to agree with the plaintiffs' position that none of the problematic positions could be severed from the ACA. *Id*. at 374.

Faced with determining whether there existed a live case or controversy in light of the federal defendants' substantial agreement with plaintiffs, the Court concluded that the requirement was satisfied because both the federal defendants and the intervenor-defendants had independent standing to appeal. *Id*. at 374–75. As to the intervenor-defendants, the Court explained that they had standing to appeal because "the district court's judgment, if ultimately given effect, would: (1) strip these states of funding that they receive under the ACA; and (2) threaten to hamstring these states in possible future litigation because of the district court judgment's potentially preclusive effect." *Id*. at 376 ("intervenors may appeal if they can demonstrate injury from the district court's judgment") (citing *Sierra Club v. Babbitt*, 995 F.2d 571, 574 (5th Cir. 1993)).

The Court permitted the OPEIU "to intervene on behalf of" the NLRB Defendants in this appeal. ECF No. 187-1 at 4. Indeed, it is precisely because of the circumstances the OPEIU now argues render this appeal moot that it sought to intervene. ECF No. 179 at 2 (claiming the "Board is clearly no longer able to adequately represent OPEIU's separate and distinct interests in the proceeding" because "the Board has informed the Court that it will *not* present one key argument demonstrating that Plaintiffs-Appellees are not likely to succeed on the merits . . . and that it will not fully defend the constitutionality of its own organic statute"). Thus, the OPEIU "is treated as [it] were an original party and has equal standing

with the original parties." *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 661 (5th Cir. 2019) (citing *Brown v. Demco*, 792 F.2d 478, 480–81 (5th Cir. 1986)). The OPEIU's claimed "significant legal interests" in this case concern its "objective of vacating the preliminary injunction issued by the District Court and allowing the Board to adjudicate the charges filed by the Union." ECF No. 179 at 3; ECF No. 18 at 14.

This Court requires only that a party have a concrete interest, "however small," in the outcome of the litigation to determine that the case is not moot. *Dierlam*, 977 F.3d at 477. The OPEIU claims to have significant legal interests in the outcome of this appeal. Moreover, the OPEIU's legal interests are directly adverse to the legal interests of the Employers, who have each requested that this Court affirm the preliminary injunctions entered by the respective district courts in the underlying actions. In deciding this appeal, it is possible—indeed, necessary—for the Court to grant meaningful relief to the prevailing party, whether by affirming the issued preliminary injunctions or remanding to the district courts with instructions to vacate the injunctions. *Knox*, 567 U.S. at 307; *Harris*, 151 F.3d at 189. Thus, at a minimum, OPEIU's "intervention ensures that this proceeding involves an actual dispute between adverse litigants." *Cooper*, 820 F.3d at 736; *see also INS v. Chadha*, 462 U.S. 919, 939 (1983) (holding that Congress' intervention to defend statute ensured "concrete adverseness . . . beyond doubt").

Further, a live case or controversy exists because the OPEIU would likely have its "own independent standing to appeal." *Texas*, 945 F.3d at 374. Indeed, this is why OPEIU represented it sought to intervene in the appeal. ECF No. 203 at 10–11. Should the Court affirm the district courts' respective issuances of preliminary injunctions, the Court's decision would have a preclusive effect in future litigation concerning the same issues. If the NLRB Defendants or other government entities "began unwinding" the Board or its structure, "either in reliance on the . . . [C]ourt's judgment or on their own," the judgment "would potentially estop [OPEIU] from challenging that action in court." *Id*. at 377. As this Court held in *Texas*, this is sufficient to conclude that an intervenor has independent standing to appeal, resulting in the existence of a live case or controversy, and is distinguishable from cases where there exists "no chance whatsoever of a preclusive effect." *Id*. (citing *Klamath Strategic Inv. Fund ex rel. St. Croix Ventures v. United States*, 568 F.3d 537, 546 (5th Cir. 2009) (holding that there was no threatened injury from potential estoppel from the appealed-from judgment because that judgment was interlocutory, not final, and therefore could not estop the appealing party).

## CONCLUSION

For the foregoing reasons, and those stated in the responses to OPEIU's motion to dismiss submitted by SpaceX and Findhelp, this Court should deny the OPEIU's motion to dismiss and decline to issue any of the relief requested therein.

Respectfully submitted,

s/ *Amber M. Rogers*
Amber M. Rogers
TX State Bar No. 24056224
Keenan Judge
TX State Bar No. 24132060
HUNTON ANDREWS KURTH LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000
arogers@hunton.com
kjudge@hunton.com

*Counsel for Energy Transfer LP and La Grange Acquisition, L.P.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025, I electronically filed this brief with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*s/ Amber M. Rogers*
Amber M. Rogers
*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the page limitations imposed by the Court on March 20, 2025 (ECF No. 220).

*s/ Amber M. Rogers*
Amber M. Rogers
*Counsel for Plaintiffs-Appellees*