Nos. 24-50627, 24-40533, 24-10855

# In the United States Court of Appeals
FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES CORPORATION,

*Plaintiff - Appellee*

v.

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as Board Member of the National Labor Relations Board; JOHN DOE, Administrative Law Judge NLRB,

*Defendants - Appellants*

*consolidated with*

———

24-40533

———

ENERGY TRANSFER, L.P.; LA GRANGE ACQUISITION, L.P.,

*Plaintiffs - Appellees*

v.

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in their official capacities as Board Members of the National Labor Relations Board; GWYNNE A. WILCOX, in their official capacities as Board Members of the National Labor Relations Board; DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board; JOHN DOE, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants - Appellants*

*consolidated with*

AUNT BERTHA, doing business as Findhelp,

*Plaintiff - Appellee*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN MCFERRAN, in her official capacity as the General Counsel of the National Labor Relations Board; MARVIN E. KAPLAN; GWYNNE A. WILCOX; DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board; JOHN DOE, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants - Appellants*

On Appeals from the United States District Courts for the Northern, Southern, and Western Districts of Texas

## SPACEX'S OPPOSITION TO THE MOTION TO DISMISS BY THE OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION (OPEIU)

| | |
|---|---|
| HARRY I. JOHNSON, III | MICHAEL E. KENNEALLY |
| MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| 2049 Century Park East, Suite 700 | 1111 Pennsylvania Avenue, N.W. |
| Los Angeles, CA 90067 | Washington, DC 20004 |
| (310) 255-9005 | (202) 739-3000 |

*Counsel for Space Exploration Technologies Corp.*

# CERTIFICATE OF INTERESTED PERSONS

*Nos. 24-50627, 24-40533, 24-10855*
*Space Exploration Technologies Corp. v. NLRB*
*Energy Transfer, L.P. v. NLRB*
*Aunt Bertha v. NLRB*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.  Space Exploration Technologies Corp. ("SpaceX"), Plaintiff and Appellee. SpaceX has no parent corporation and no publicly held corporation owns 10% or more of its stock.

2.  Energy Transfer, L.P., and La Grange Acquisition, L.P., Plaintiffs and Appellees.

3.  Aunt Bertha, doing business as Findhelp, Plaintiff and Appellee.

4.  National Labor Relations Board, a federal administrative agency, Defendant and Appellant.

5.  Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board, Defendant and Appellant.

6. William B. Cowen in his official capacity as Acting General Counsel of the National Labor Relations Board, Defendant and Appellant. *See* FED. R. APP. P. 43(c)(2).

7. Lauren M. McFerran, in her official capacity as Chairman of the National Labor Relations Board, Defendant and Appellant.

8. Marvin E. Kaplan, in his official capacity as Board Member of the National Labor Relations Board, Defendant and Appellant.

9. Gwynne A. Wilcox, in her official capacity as Board Member of the National Labor Relations Board, Defendant and Appellant.

10. David M. Prouty, in his official capacity as Board member of the National Labor Relations Board, Defendant and Appellant.

11. John Doe, in his official capacity as an Administrative Law Judge of the National Labor Relations Board, Defendant and Appellant.

12. United States of America appropriates funds for and assumes debts of Defendants and Appellants.

13. Office and Professional Employees International Union (OPEIU), Intervenor for Defendants.

The undersigned counsel for SpaceX, separately lists the following persons as attorneys of record:

14. Harry I. Johnson, III, Attorney for SpaceX.

15. Michael E. Kenneally, Attorney for SpaceX.

16. Talley R. Parker, Attorney for Aunt Bertha.

17. David A. Kelly, Attorney for Aunt Bertha.

18. Amber Michelle Rogers, Attorney for Energy Transfer, L.P. and La Grange Acquisition, L.P.

19. Trevor S. Cox, Attorney for Energy Transfer, L.P. and La Grange Acquisition, L.P.

20. James Keenan Judge, Attorney for Energy Transfer, L.P. and La Grange Acquisition, L.P.

21. David P. Boehm, Attorney for Defendants.

22. Kevin P. Flanagan, Attorney for Defendants.

23. Maxie E. Gallardo, Attorney for Defendants.

24. Matheus Teixeira, Attorney for Defendants.

25. Grace L. Pezzella, Attorney for Defendants.

26. Christine Flack, Attorney for Defendants.

27. Grace L. Pezzella, Attorney for Defendants.

28. Paul A. Thomas, Attorney for Defendants.

29. Brianne J. Gorod, Attorney for *Amicus Curiae*.

30. Andrew Lyubarsky, Attorney for Intervenor.

31. Jane Lauer Barker, Attorney for Intervenor.

32. Alexander T. MacDonald, Attorney for *Amicus Curiae*.

33. Virginia N. Adamson, Attorney for *Amicus Curiae*.

34. Phillip Hammersley, Attorney for *Amicus Curiae*.

35. Whitney D. Hermandorfer, Attorney for *Amicus Curiae*.

36. James Matthew Rice, Attorney for *Amicus Curiae*.

37. Steven Engel, Attorney for *Amicus Curiae*.

38. Brian Kulp, Attorney for *Amicus Curiae*.

39. Michael H. McGinley, Attorney for *Amicus Curiae*.

Dated: March 26, 2025        s/ Michael E. Kenneally
                             MICHAEL E. KENNEALLY

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ............................................. i
TABLE OF AUTHORITIES ................................................................... vi
INTRODUCTION ..................................................................................... 1
ARGUMENT ............................................................................................. 1
I.    Plaintiffs and the NLRB both retain a substantial stake in this appeal and remain adverse in the appeal and litigation. ......... 2
II.    OPEIU's contrary arguments are meritless. .................................. 6
CONCLUSION .......................................................................................... 9
CERTIFICATE OF SERVICE ................................................................. 10
CERTIFICATE OF COMPLIANCE ....................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Boudreaux v. La. State Bar Ass'n*,
　86 F.4th 620 (5th Cir. 2023) .................................................................. 8

*DaimlerChrysler Corp. v. Cuno*,
　547 U.S. 332 (2006) ................................................................................ 2

*Free Enter. Fund v. PCAOB*,
　561 U.S. 477 (2010) ................................................................................ 7

*Freedom from Religion Found., Inc. v. Abbott*,
　58 F.4th 824 (5th Cir. 2023) .................................................................. 8

*In re Corrugated Container Grand Jury*,
　659 F.2d 1330 (5th Cir. 1981) ................................................................ 9

*INS v. Chadha*,
　462 U.S. 919 (1983) ........................................................................ 2, 4, 6

*Knox v. Serv. Emps. Int'l Union, Loc. 1000*,
　567 U.S. 298 (2012) ................................................................................ 2

*McClelland v. Gronwaldt*,
　155 F.3d 507 (5th Cir. 1998) .................................................................. 9

*Moore v. Charlotte-Mecklenburg Bd. of Ed.*,
　402 U.S. 47 (1971) ............................................................................. 6, 7

*Pool v. City of Houston*,
　87 F.4th 733 (5th Cir. 2023) .............................................................. 6, 7

*Preiser v. Newkirk*,
　422 U.S. 395 (1975) ................................................................................ 8

*Seila Law LLC v. CFPB*,
　591 U.S. 197 (2020) ......................................................................... *passim*

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Texas v. United States*,
   945 F.3d 355 (5th Cir. 2019) ........................................................... 5

*U.S. Navy SEALs 1-26 v. Biden*,
   72 F.4th 666 (5th Cir. 2023) ............................................................ 8

*United States v. Johnson*,
   319 U.S. 302 (1943) ......................................................................... 8

*United States v. Windsor*,
   570 U.S. 744 (2013) ..................................................................... 2, 5

*Wilcox v. Trump*,
   — F. Supp. 3d —, 2025 WL 720914, at *5 (D.D.C. Mar. 6, 2025) ........ 8

*Yarls v. Bunton*,
   905 F.3d 905 (5th Cir. 2018) ............................................................ 8

**CONSTITUTIONAL PROVISIONS**

U.S. CONST. amend. VII .................................................................. 3

U.S. CONST. art. III ............................................................... 1, 3, 4, 5

**STATUTE**

Norris-LaGuardia Act ........................................................................ 2

## INTRODUCTION

The OPEIU asserts that these appeals are moot, that the parties are no longer adverse, and that the district courts' injunctions should be vacated as a result. *See* Dkt. 205 ("Motion"). Its sole argument is that Plaintiffs and the Executive Branch now agree that the removal protections for Administrative Law Judges ("ALJs") and NLRB Members are unconstitutional. *See* Mot. 1-2; Dkt. 210-1. But even if all Defendants now recognize the removal protections' unconstitutionality, the parties still have a live controversy. Plaintiffs want the unconstitutional agency proceedings enjoined. Defendants want the injunctions lifted. The Motion's contrary theory contradicts the Supreme Court's Article III holding in *Seila Law LLC v. CFPB*, 591 U.S. 197, 212-13 (2020), which the OPEIU ignores. In short, the Motion is baseless and should be denied.[1]

## ARGUMENT

The doctrines of mootness and adverseness derive from Article III's requirement that federal courts decide only true cases and controversies.

---

[1] Although the Motion was nominally directed at Case Number 24-10855, it asserts that the consolidated cases present "identical mootness issues," Mot. 18 n.6, and the Court requested responses from all parties, *see* Dkt. 220. Plaintiffs have conferred and divided up the issues rather than submit duplicative briefs. SpaceX agrees with the other Plaintiffs' additional arguments against dismissal and vacatur.

1

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (mootness); *INS v. Chadha*, 462 U.S. 919, 939 (1983) (adverseness). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (cleaned up). Conversely, a case is not moot "as long as the parties have a concrete interest, however small, in the outcome of the litigation." *Id.* at 307-08 (citation omitted). Similarly, a case has sufficient adverseness if the court's "decision will have real meaning" for the parties with respect to "the relief sought." *United States v. Windsor*, 570 U.S. 744, 758-59 (2013) (citation omitted).

Plaintiffs and Defendants continue to have concrete and adverse interests in this appeal and in the litigation as a whole. The parties' agreement about the unconstitutionality of the removal protections does not make these proceedings any less of a live case or controversy.

I. **Plaintiffs and the NLRB both retain a substantial stake in this appeal and remain adverse in the appeal and litigation.**

The clearest sign of the OPEIU's error is that Plaintiffs and Defendants still want opposite things. Plaintiffs ask the Court to affirm the district courts' preliminary injunctions. Defendants, in contrast, continue to argue that the Norris-LaGuardia Act, purported lack of "causal harm"

2

and irreparable harm, and balance of the equities "warrant[] reversal of the injunctions below." Dkt. 175-1 at 1-2. And in the trial court litigation, Plaintiffs seek both declaratory and permanent injunctive relief. *E.g.*, ROA.24-50627.24. Defendants have not conceded that either form of permanent relief is warranted, much less both, and their arguments thus far suggest that, in their view, the purported lack of causal harm dooms Plaintiffs' claims on the merits. Dkt. 65-1 at 26-38; Dkt. 168 at 14-24. Defendants adhere to that position despite changing their view on the removal protections' unconstitutionality. *See* Dkt. 175-1; Dkt. 210-1.[2]

The Supreme Court's Article III holding in *Seila Law* is directly on point. The plaintiff there found itself subject to an administrative agency investigation and argued that the agency's investigative demand was invalid because of the agency head's unconstitutional removal protections. *Seila L.*, 591 U.S. at 208. By the time the case reached the Supreme Court, the government had abandoned its prior view that the removal protections were constitutional and announced that it "agree[d] with [the plaintiff] on the merits of the constitutional question." *Id.* at 209. The

---

[2] In addition, two Plaintiffs—Aunt Bertha and Energy Transfer—assert Seventh Amendment and Due Process claims in district court. Defendants' views about the unconstitutionality of the removal protections have no effect on the district courts' jurisdiction over these claims.

3

Supreme Court appointed an amicus to defend the judgment below, and one of his lead arguments was that the Court should dismiss for lack of jurisdiction. *Id.* at 209, 212. The amicus made the same argument that the OPEIU makes: Article III jurisdiction was lacking because "the parties agree on the merits of the constitutional question." *Id.* at 212.

The Supreme Court disagreed. The parties continued to "disagree about whether [the plaintiff] must comply with the civil investigative demand." *Id.* On that question, the lower courts had "sided with the Government, and the Government ha[d] not volunteered to relinquish that victory and withdraw the demand." *Id.* at 212-13. Thus, the lower court order "present[ed] real-world consequences for the Government and its adversary," and those real-world consequences "suffice[d] to support Article III jurisdiction" despite the parties' agreement on the constitutional question. *Id.* at 212. The Court's decision would still "'have real meaning' for the parties." *Id.* at 213 (quoting *Chadha*, 462 U.S. at 939).

So too here. While Defendants no longer argue that the ALJ and NLRB Member removal protections are constitutional, they disagree with Plaintiffs over what results should follow. *See* Dkt. 210-1. If anything, these appeals present even clearer live disputes than *Seila Law*.

4

In these appeals, the parties that prevailed below (Plaintiffs) seek affirmance while the other side seeks reversal. In *Seila Law*, by contrast, the party that prevailed below (the government) asked the Supreme Court to vacate the lower court decision in its favor. *See* 591 U.S. at 201.

*Seila Law* relied on *United States v. Windsor*, 570 U.S. 744 (2013), which further supports Plaintiffs. In *Windsor*, the Supreme Court also held that parties remained adverse despite their agreement on an underlying constitutional question. *See id.* at 756-57. The judgment before the Court "order[ed] the United States to pay money that it would not disburse but for the court's order," and the government appeared to "welcome this order to pay the refund" so long as it was "accompanied by the constitutional ruling it want[ed]." *Id.* at 758. Even so, the government "retain[ed] a stake sufficient to support Article III jurisdiction on appeal and in proceedings before [the Supreme] Court." *Id.* at 757; *cf. Texas v. United States*, 945 F.3d 355, 375 (5th Cir. 2019) (applying *Windsor* to hold that the government had standing to appeal, even though it was "in almost complete agreement on the merits" with the plaintiffs, because "effectuating the district court's order would require the federal government to take actions that it would not take 'but for the court's order'"

5

(citation omitted)), *rev'd & remanded on other grounds sub nom. California v. Texas*, 593 U.S. 659 (2021). Once again, this is an easier case. Defendants do not welcome the injunctions blocking their NLRB proceedings. Defendants seek reversal of those injunctions. The disposition of these appeals "will have real meaning" for the parties. *Chadha,* 462 U.S. at 939 (citation omitted).

II. **OPEIU's contrary arguments are meritless.**

Without addressing *Seila Law*'s Article III holding, the OPEIU insists that the Executive Branch's agreement on constitutional issues defeats adverseness, Mot. 7, and renders any possible judicial relief "meaningless," Mot. 9. Aside from being foreclosed by Supreme Court precedent, the OPEIU's arguments lack merit even on their own terms.

The OPEIU's cited cases do not support its sweeping claims. Those cases address circumstances in which the parties not only agree on what the Constitution requires but also "desire precisely the same result" in the litigation. *Pool v. City of Houston*, 87 F.4th 733, 734 (5th Cir. 2023) (quoting *Moore v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 47, 47-48 (1971) (per curiam)). In *Pool*, the parties agreed "throughout th[e] suit" that the statutory provisions were unconstitutional, and the relevant

6

agency recognized it "could not enforce the provisions." *Id*. (citation omitted). Likewise, the parties in *Moore* not only agreed on the constitutional question but also requested the same relief from the Court. 402 U.S. at 47-48. In other words, the parties agreed on both the merits and the result that should follow. The parties in these appeals do not.

The OPEIU wrongly contends that the President's legal position cures the statutes' constitutional defects. Mot. 9. "But the separation of powers does not depend on the views of individual Presidents." *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 497 (2010). Much as in *Free Enterprise*, Plaintiffs need judicial relief to avoid proceedings in front of decisionmakers whose accountability to the President remains uncertain at best. The President's position, while correct about his constitutional power, does not have the legal effect that a judgment in Plaintiffs' favor would. The removal protections are still on the books. Only permanent relief by a court of competent jurisdiction can "ensure that the [administrative] standards to which [Plaintiffs] are subject will be enforced only by a constitutional agency accountable to the Executive." *Id.* at 513.

This concern is not merely theoretical. As the OPEIU admits, a court recently enjoined the Executive Branch from removing Defendant

7

Wilcox. *See Wilcox v. Trump*, — F. Supp. 3d —, 2025 WL 720914, at *5 (D.D.C. Mar. 6, 2025), *appeal filed*, No. 25-5057 (D.C. Cir.). As a result, the NLRB continues to operate with an unconstitutional structure. The OPEIU suggests that the *Wilcox* decision is irrelevant because it is a different case. Mot. 11. But that proves Plaintiffs' point: Plaintiffs need relief in their own cases to provide meaningful relief for their own injuries.

The OPEIU likewise misses the mark citing voluntary-cessation cases where mootness arose from defendants' responses to changes in the law. *See Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620, 629 (5th Cir. 2023); *Yarls v. Bunton*, 905 F.3d 905, 907, 909 (5th Cir. 2018); *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 828, 831-35 (5th Cir. 2023); *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 674 (5th Cir. 2023). Here, the Executive Branch has changed one aspect of its legal position, but the statutes that create the unconstitutional removal protections are unchanged. And as Defendant Wilcox's reinstatement shows, the Executive Branch's new view of those statutes has hardly settled the matter.[3]

---

[3] The OPEIU's assorted other citations are even further from the mark. For example, *United States v. Johnson*, 319 U.S. 302, 305 (1943), involved collusive litigation between the original plaintiff and defendant. The plaintiff in *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975), had already secured the relief that he had originally sought through an

8

Far from being moot, the preliminary injunctions in these cases are guarding against mootness. They are protecting Plaintiffs from the irreparable harm of an unconstitutionally structured agency proceeding. And they are preserving the district courts' ability to fashion meaningful relief at final judgment. That is reason to keep the injunctions in place, not reason to find them unnecessary as the OPEIU erroneously suggests.

## CONCLUSION

The OPEIU's Motion should be denied.

Dated: March 26, 2025

Respectfully submitted,

s/ Michael E. Kenneally

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

*Counsel for Space Exploration Technologies Corp.*

---

injunction. Conversely, in *McClelland v. Gronwaldt*, 155 F.3d 507, 514 (5th Cir. 1998), *overruled in part on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003), the harm the plaintiffs needed an injunction to avoid had already occurred. Likewise, the harm in *In re Corrugated Container Grand Jury*, 659 F.2d 1330, 1331-32 (5th Cir. 1981) (per curiam)—production of grand jury transcripts to a group of plaintiffs—had already occurred, and there was no likelihood that the transcripts would be disseminated further.

9

# CERTIFICATE OF SERVICE

I certify that on this day, March 26, 2025, I served a true and correct copy of the foregoing on counsel of record for all other parties through this Court's CM/ECF system.

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for Space Exploration Technologies Corp.*

# CERTIFICATE OF COMPLIANCE

This document complies with the page limit of the Court's March 20, 2025 directive because it is not longer than ten pages.


Dated: March 26, 2025
        s/ Michael E. Kenneally
        MICHAEL E. KENNEALLY

        *Counsel for Space Exploration Technologies Corp.*