Nos. 24-50627, 24-40533, 24-10855

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES CORP.,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

ENERGY TRANSFER L.P. and its subsidiary and employing entity LA GRANGE ACQUISITION, L.P.,

*Plaintiff-Appellee,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

AUNT BERTHA, doing business as FINDHELP,

*Plaintiff-Appellee*,

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*.

## APPELLANTS' RESPONSE TO INTERVENOR'S MOTION TO DISMISS CASE NO. 24-10855 FOR MOOTNESS, AND TO VACATE/REMAND TO VACATE ORDER FOR PRELIMINARY INJUNCTION

WILLIAM B. COWAN
  *Acting General Counsel*
STEPHANIE CAHN
  *Acting Deputy General Counsel*
NANCY E. KESSLER PLATT
  *Associate General Counsel*
DAWN L. GOLDSTEIN
  *Deputy Associate General Counsel*

KEVIN P. FLANAGAN
  *Deputy Assistant General Counsel*
CHRISTINE FLACK
PAUL A. THOMAS
  *Supervisory Attorneys*
DAVID P. BOEHM
GRACE L. PEZZELLA
CRAIG EWASIUK
  *Trial Attorneys*

NATIONAL LABOR RELATIONS BOARD
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570
(202) 273-4202

Appellants National Labor Relations Board and various official-capacity officers (collectively, NLRB) hereby respond to the Motion to Dismiss as Moot Case No. 24-10855, *Aunt Bertha v. NLRB*, and Vacate Preliminary Injunction [ECF 205], filed by Intervenor Office and Professional Employees International Union (OPEIU). OPEIU asks the Court to dismiss this appeal and to vacate, or remand with instructions to vacate, the preliminary injunction issued by the district court below. [ROA 460–66.]

While the NLRB agrees with OPEIU that the preliminary injunction should be dissolved, it does so for different reasons. Based on changes of position announced by the Acting Solicitor General, the NLRB has ceased to argue that the multiple layers of removal restrictions for NLRB administrative law judges (ALJs) or the statutory tenure protections for members of the NLRB's five-seat Board are constitutional. [*See* NLRB Notice to Court dated Feb. 3, 2025, ECF 175-1; Suppl. Authorities, ECF 210-1.] OPEIU contends that this means the NLRB and Plaintiff-Appellee Aunt Bertha d/b/a Findhelp (Aunt Bertha) are no longer adverse parties, and hence this case is now moot.

[Intervenor's Mot., ECF 205, p. 2.][1] To further support this argument, OPEIU points to the fact that the President has recently attempted to remove a member of the NLRB, notwithstanding the removal protections at issue here. [*See id.*, p. 6 & n.1.]

The developments OPEIU cites do not demonstrate that this appeal is moot, because the NLRB remains harmed by an injunction that has not yet been dissolved. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 618 (1989). Nor is the case as a whole moot. Rather, as explained below, these developments are more accurately viewed as undermining Aunt Bertha's ability to satisfy its merits burden to show causal harm stemming from the challenged removal restrictions. On this point, Aunt Bertha and the NLRB remain highly adverse, as Aunt Bertha has at all times sought injunctive and declaratory relief against the NLRB, and the NLRB has at all times maintained that Aunt Bertha is entitled to no relief whatsoever because it has failed to state a claim. Moreover, the NLRB disagrees with OPEIU concerning the implications of the President's recent exercise of his removal power, as well as OPEIU's

---

[1] When citing to ECF documents, this Response uses the document's internal pagination when provided, not the ECF-generated pagination.

position that the parties' dispute over the applicability of the Norris LaGuardia Act (NLGA), 29 U.S.C. § 101 *et. seq.,* is insufficient to preserve adversity between the parties. [Intervenor's Mot., ECF 205, p. 8]. Finally, the NLRB believes that OPEIU's status as an intervenor with full-party status in this case preserves, for purposes of justiciability, whatever adversity may be lacking between the NLRB and Aunt Bertha.

1. It is well-settled that Article III of the United States Constitution restricts "the business of federal courts to questions presented in an adversary context." *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 382 (1980) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). Justiciable cases must contain "an honest and actual antagonistic assertion of rights by one party against another." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (quoting *Muskrat v. United States*, 219 U.S. 346, 359 (1911)) (cleaned up). That standard is clearly met here.

Aunt Bertha obtained a preliminary injunction in the district court halting the NLRB proceedings against it, that injunction remains in effect, and the NLRB has appealed to this Court to reverse the

3

injunction. The NLRB has consistently maintained [*see* ROA 243–45; Appellants' Br., ECF 65, pp. 25–36] that the district court abused its discretion in ordering the injunction because Aunt Bertha cannot succeed on the merits without showing that it has been harmed by the challenged removal restrictions, as required by *Collins v. Yellen*, 594 U.S. 220 (2021). *See Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 642 (5th Cir. 2022) (party must show that agency action "inflicted harm" to be entitled to relief under a removal-protection claim) (quoting *Collins*, 594 U.S. at 260), *rev'd and remanded on other grounds,* 601 U.S. 416 (2024), *reinstated in part by* 104 F.4th 930 (5th Cir. 2024), *petition for cert. filed*, No. 24-969 (Mar. 7, 2025).

OPEIU claims that because *Collins*'s causal-harm requirement merely raises a remedial question, it cannot serve as a basis for actual adversity between the parties. [Intervenor's Mot., ECF 205, p. 8.]² As a

---

² In support of this claim, OPEIU quotes a concurring opinion in *CFPB v. All American Check Cashing, Inc.*, 33 F.4th 218 (5th Cir. 2022) (en banc) [Intervenor's Mot., ECF 205, p. 8], stating that "a case involving only an improper removal restriction is, remedially speaking, unique." *CFPB*, 33 F.4th at 242 (five-judge concurrence). But the idea that a removal-protection case can be characterized as remedially unique has no bearing on whether the Article III case-or-controversy requirement has been satisfied in such a case.

preliminary matter, adversity over a remedial question alone *is* sufficient to create an Article III case or controversy.[3] But more fundamentally, the causal-harm principle derived from *Collins* is not an abstract remedial question but rather, an essential element of a removal-restrictions claim. *See Collins v. Department of the Treasury*, 83 F.4th 970, 983 & n.12 (5th Cir. 2023). Parties remain adverse to each other under *Collins* if they disagree over whether a cognizable claim has been stated in the first place. And there has been constant adversity between the NLRB and Aunt Bertha as to this causal-harm question, with the NLRB believing that it is dispositive of the underlying merits of the case and precluding relief, and Aunt Bertha [*see* ROA 38–43] arguing that it is unnecessary to make such a showing to prevail on the merits or for declaratory or injunctive relief. Nothing in the administration's change in position as to the constitutionality of the challenged removal restrictions resolves this fundamental disagreement between the parties.

---

[3] *See NLRB v. Constellium Rolled Prods. Ravenswood, LLC*, 43 F.4th 395, 401 (4th Cir. 2022) ("The parties before the court need not disagree about everything to be adverse enough to capture our jurisdiction. For example, parties may agree on liability but dispute the damages owed.") (internal citations omitted).

5

2. OPEIU argues that Aunt Bertha's claims have also "been rendered moot by the President's unequivocal assertion of his removal authority" over NLRB ALJs and Board Members [Intervenor's Mot., ECF 205, p. 6; *see also id.* at 6 n.1, 9–11; Ex. A]. This again conflates mootness with the merits. By declaring that the removal restrictions at issue here are unconstitutional and unenforceable, the President has underscored that he will not treat them as obstacles to his exercise of control over the Executive Branch. This affects Aunt Bertha's ability to demonstrate the prejudice necessary to sustain a cause of action, let alone an extraordinary preliminary injunction. It does not, however, moot the controversy between Aunt Bertha and the NLRB as to either the sufficiency of the complaint or the propriety of the preliminary injunction granted by the district court, which Aunt Bertha staunchly defends.

3. According to OPEIU, the NLGA is merely "remedial in nature" and "do[es] not go to . . . the Court's subject-matter jurisdiction" [Intervenor's Mot., ECF 205, p. 8 (citing *Emery Air Freight, Corp. v. Int'l Bhd. of Teamsters, Loc. 295*, 185 F.3d 85, 89 (2d Cir. 1999).] From OPEIU's perspective, the parties' ongoing dispute about the application

of the NLGA "does not mean adversity survives." [*Id.*] This is both incorrect and irrelevant. As the NLRB has demonstrated [Appellant's Reply Br., ECF 168, pp. 1–14], the district court's ordering of a preliminary injunction exceeded the limitations placed on the subject-matter jurisdiction of federal courts by the NLGA. This is because the NLGA restricts federal courts' judicial power to issue injunctive relief, even if it does not restrict the courts' jurisdiction to grant other forms of relief like a declaratory judgment. *See Milk Wagon Drivers' Union, Loc. No. 753 v. Lake Valley Farm Prods.*, 311 U.S. 91, 101 (1940) (NLGA is an "unequivocal jurisdictional limitation" placed on the federal courts, by Congress, to issue injunctions in matters involving or growing out of labor disputes); *Lauf v. E.G. Shinner & Co.*, 303 U.S. 323, 330 (1938) (holding, in case analyzing NLGA, "[t]here can be no question of the power of Congress thus to define and limit the jurisdiction of the inferior courts of the United States.").

Consistent with the NLRB's argument, the *Emery* case cited by OPEIU [Intervenor's Mot., ECF 205, p. 8] makes clear that the NLGA does not strip district courts of the "jurisdiction *to hear* labor cases in which injunctive relief is sought." 185 F.3d at 89 (quoting *Sheet Metal*

7

*Workers Int'l Ass'n v. Seay*, 693 F.2d 1000, 1003 (10th Cir. 1982) (emphasis added)). But the issue before this Court in the pending appeal is whether the district court had jurisdiction to order the preliminary injunctive relief that it did, not whether it has jurisdiction to resolve the underlying complaint on the merits. In any event, because the NLRB's topline position is that Aunt Bertha is not entitled to *any* relief, and because the parties disagree on the extent of relief even if Aunt Bertha could prevail on the merits, the parties remain adverse.

4. Finally, we note that OPEIU's Motion is in tension with the fact that it has successfully moved to intervene in this case without condition. As OPEIU explained in its opposed motion to intervene, (1) it "is the Charging Party in the NLRB proceedings that . . . Aunt Bertha . . . sought successfully to enjoin in the District Court" [ECF 179 at 3]; and (2) the NLRB's decision not to make removal-protection arguments that it wishes to make demonstrates that OPEIU's interests "are no longer adequately represented" by the NLRB [*id.* at 2]. After identifying these underlying controversies, the Court granted OPEIU's motion to intervene, and there is no indication that it granted anything less than full-party status [ECF 187-1].

8

Now that OPEIU has that full-party status, it "is treated as if [it] were an original party and has equal standing with the original parties." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 473 (5th Cir. 1984) (quoting Wright & Miller, *Federal Practice and Procedure: Civil* § 1920 at 611). And adversity is a condition of intervention. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("[I]ntervenors in lower federal courts may seek review in this Court on their own, so long as they have 'a sufficient stake in the outcome of the controversy' to satisfy the constitutional requirement of genuine adversity.") (quoting *Bryant v. Yellen*, 447 U.S. 352, 368 (1980)); *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (intervenor required to "show adversity of interest"); *Or. Prescription Drug Monitoring Program v. U.S. Drug Enf't Admin.*, 860 F.3d 1228, 1233 (9th Cir. 2017) (to fulfill case-or-controversy requirement, intervenor required to show "presence of concrete adversity").

Given recent developments, it is odd for OPEIU to raise the issue of adversity, or lack thereof. For even though the administration's change of position affects portions of the dispute between Aunt Bertha and the NLRB, adversity between Aunt Bertha and OPEIU remains

wholly untouched. And as described above, the NLRB and Aunt Bertha remain very much adverse on the issue of causal harm and its impact on Aunt Bertha's ability to obtain any relief at all.

Accordingly, OPEIU's motion should be denied, but the injunction entered below should be vacated or reversed as the NLRB has previously urged.

Respectfully submitted,

s/David P. Boehm
DAVID P. BOEHM
  *Senior Attorney*

WILLIAM B. COWAN
  *Acting General Counsel*
STEPHANIE CAHN
  *Acting Deputy General Counsel*
NANCY E. KESSLER PLATT
  *Associate General Counsel*
DAWN L. GOLDSTEIN
  *Deputy Associate General Counsel*

KEVIN P. FLANAGAN
  *Deputy Assistant General Counsel*
CHRISTINE FLACK
PAUL A. THOMAS
  *Supervisory Attorneys*
GRACE L. PEZZELLA
CRAIG EWASIUK
  *Trial Attorneys*

NATIONAL LABOR RELATIONS BOARD
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570
(202) 273-4202

Dated March 26, 2025
at Washington, DC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document was electronically filed through the court's e-filing system, which will distribute the document to counsel for all parties, on this 26th day of March, 2025.

s/David P. Boehm
DAVID P. BOEHM
  *Senior Attorney*

## CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; and (2) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

<u>s/David P. Boehm</u>
DAVID P. BOEHM
  *Senior Attorney*

Dated March 26, 2025

# CERTIFICATE OF COMPLIANCE

I certify that this response complies with Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in 14-point Century, a proportionally spaced font, and that it complies with the Court's Order dated March 20, 2025 [ECF 220], which specified that the response should be no longer than ten pages, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

s/David P. Boehm
DAVID P. BOEHM
  *Senior Attorney*

Dated March 26, 2025