# Nos. 24-50627, 24-40533, 24-10855

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

24-50627

Space Exploration Technologies Corporation,

*Plaintiff-Appellee*,

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

24-40533

Energy Transfer, L.P.; La Grange Acquisition, L.P.,

*Plaintiffs-Appellees*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellants*

consolidated with

24-10855

Aunt Bertha, doing business as Findhelp,

*Plaintiff - Appellee*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants – Appellants*

**FINDHELP'S RESPONSE TO INTERVENOR OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION'S MOTION TO DISMISS AS MOOT CASE NO. 24-10855, *AUNT BERTHA V. NLRB*, AND VACATE PRELIMINARY INJUNCTION**

/s/ Talley R. Parker
Talley R. Parker
Texas State Bar No. 24065872
talley.parker@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
(214) 520-2400 – Telephone
(214) 520-2008 – Fax

COUNSEL FOR AUNT BERTHA, A
PUBLIC BENEFIT CORPORATION
DOING BUSINESS AS FINDHELP

# INTRODUCTION

The Responses filed by Space Exploration Technologies Corp. ("SpaceX") and Energy Transfer LP and La Grange Acquisition, L.P. (collectively, "Energy Transfer") explain why the Office and Professional Employees International Union ("OPEIU") failed to show that this interlocutory appeal is moot.

In this Response, Aunt Bertha, a public benefit corporation doing business as Findhelp ("Findhelp"), shows that even if the interlocutory appeal were moot, the OPEIU has failed to show that "'the extraordinary remedy of vacatur'" would be appropriate. *Staley v. Harris County*, 485 F.3d 305, 310 (5th Cir. 2007) (en banc) (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). "Dismissal without vacatur is the usual practice for interlocutory appeals." *U.S. Navy Seals 1-26 v. Biden*, 72 F.4th 666, 676 n.10 (5th Cir. 2023) (cleaned up). Vacatur is inappropriate even when the appellant moots its appeal by *repealing* a challenged law. *Houston Chronicle Publ. Co. v. City of League City*, 488 F.3d 613, 619-20 (5th Cir. 2007). *A fortiori*, vacatur is inappropriate here, given that the National Labor Relations Board ("Board") has solely conceded that Appellees are

correct about the unconstitutionality of the statutes' removal protections,[1] but the offending law has not been repealed.[2]

## ARGUMENT

### A. The OPEIU Has Not Shown the Appeal is Moot.

For the reasons stated in the Responses filed by SpaceX and Energy Transfer, the appeal is not moot.

---

[1] (*See* Doc. 210-1) (Board Letter to the Clerk of Court dated March 5, 2025) ("[T]he NLRB is modifying its position with respect to the constitutionality of removal restrictions for NLRB administrative law judges . . . . The NLRB is no longer relying on its previous argument that the multiple layers of removal restrictions for ALJs in 5 U.S.C. § 7521 comport with the separation of powers and Article II of the United States Constitution.").

[2] The OPEIU's motion should be denied (or stricken) for a third reason: the Court should reconsider and vacate its February 5, 2025 order (Doc. 177) granting the OPEIU's renewed motion to intervene (Doc. 169), as requested in Appellees' Joint Motion for the Court to Construe Appellees' Oppositions to OPEIU's Motion to Intervene as Motions for Reconsideration. (Doc. 199.) As Appellees explained, intervention was apparently inadvertently granted without properly affording the parties a chance to respond and without notice to any of the parties. (Doc. 199.) Moreover, in the OPEIU's opposition to Appellees' Motion, the OPEIU falsely represented that "it does not seek any additional briefing" or "new argument," and that it "seeks only the right to bring relevant developments to the Court's attention pursuant to Federal Rule of Appellate Procedure 28(j), petition for panel rehearing or rehearing en banc of any decision adverse to its interests, and to petition the U.S. Supreme Court for a writ of certiorari should it prove appropriate." (Doc. 203 at 10.) In blatant contradiction, the OPEIU now seeks to exploit the apparently inadvertent and unserved order granting intervention by filing a motion to dismiss this appeal—which addresses not only mootness but also the merits of the constitutional issues—and seeking to vacate the preliminary injunction.

## B. The OPEIU Has Not Shown the Extraordinary Remedy of Vacatur Would be Appropriate.

Even if the appeal were moot, the OPEIU has not shown the extraordinary remedy of vacatur would be appropriate. The OPEIU cites no case in which a court of appeals vacated a preliminary injunction because the interlocutory appeal of the injunction order had become moot. On the contrary, "dismissal without vacatur is the usual practice for interlocutory appeals." *U.S. Navy Seals*, 72 F.4th at 676 n.10 (cleaned up). "'If the case remains alive in the district court, it is sufficient to dismiss the appeal without directing that the injunction order be vacated.'" *Id.* (quoting 13C Alan Wright, Arthur Miller, & Edward H. Cooper, Fed. Prac. and Proc. § 3533.10.3 (3d ed. April 2023)) (cleaned up). The cases remain alive in the district courts here, as Findhelp has ongoing claims for declaratory and permanent injunctive relief under the Seventh Amendment (and Energy Transfer has, in addition to the Seventh Amendment claim, other constitutional claims regarding Due Process not addressed by the district courts below).

Nor has the OPEIU shown it would be entitled to vacatur even under this Circuit's precedent governing moot appeals from final judgments. "The Supreme Court made clear and emphasized that vacatur is an 'extraordinary' and equitable remedy." *Staley*, 485 F.3d at 310 (citing *U.S. Bancorp*, 513 U.S. at 25-26). "[T]he Supreme Court noted from its precedents 'the principal condition to which we have looked is whether the party seeking relief from the judgment below caused the

mootness by voluntary action.'" *Id*. (cleaned up) (quoting *U.S. Bancorp*, 513 U.S. at 24). "[T]he Supreme Court clarified that the burden is on 'the party seeking relief from the status quo' of the lower court judgment to demonstrate '*equitable entitlement to the extraordinary remedy of vacatur*.'" *Id*. (quoting *U.S. Bancorp*, 513 U.S. at 26) (emphasis in original). "As a component in determining the grant of equitable relief, the Supreme Court also acknowledged the public interest, e.g., whether vacatur might be abused by the losing party to advance a legal position rejected by the lower court." *Id*. (citing *U.S. Bancorp*, 513 U.S. at 26-27).

In *Staley*, the district court issued a judgment ordering removal of a Bible from a public monument on the grounds of the Harris County Civil Courthouse because it violated the Establishment Clause. *Id*. at 307. *Staley* held the county's appeal became moot when it voluntarily removed the Bible for renovations unrelated to the lawsuit. *Id*. at 311-12. *Staley* also held, however, that the county did not meet "its burden of demonstrating an 'equitable entitlement to the extraordinary remedy of vacatur.'" *Id*. at 311-14 (quoting *U.S. Bancorp*, 513 U.S. at 26). *Staley* reasoned that the county's own actions caused its appeal to become moot. *Id*. at 311-13.

A unanimous Fifth Circuit panel later applied *Staley* in denying vacatur where the appellant's repeal of the challenged law mooted its appeal. *Houston Chronicle*, 488 F.3d at 619-20. The city mooted its appeal of a permanent injunction against enforcing an ordinance regulating street vendors by repealing the ordinance. *Id*. at

619.  *Houston Chronicle* held the city failed to show it was entitled to vacatur of the injunction, because its own change of position caused its appeal to become moot. *Id*. at 619-20.  "Vacatur of the lower court's judgment is warranted only where mootness has occurred through happenstance, rather than through voluntary action of the losing party." *Id*. (cleaned up).  "If mootness results from the losing party's voluntary actions, that party has forfeited his legal remedy by the ordinary process of appeal, thereby surrendering his claim to the equitable remedy of vacatur." *Id*. (cleaned up).

Here, the OPEIU claims the Board's appeal is moot solely because the Board changed its position by conceding Findhelp is correct about the unconstitutionality of the statutes' removal protections.  (*See* Doc. 210-1) (Board Letter to the Clerk of Court dated March 5, 2025).  Thus, even if the Board's change of litigation position had mooted its interlocutory appeal, under binding Fifth Circuit precedent vacatur would be inappropriate.  *Staley*, 485 F.3d at 311-13; *Houston Chronicle*, 488 F.3d at 619-20; *U.S. Navy Seals*, 72 F.4th at 676 n.10.

Moreover, the OPEIU's unprecedented argument is based on a false premise.  The OPEIU argues that because the Board concedes that Appellees are correct about the unconstitutionality of the statutes' removal protections, there is now an "absence of any articulable constitutional or statutory defect." (Motion at 16.)  But the OPEIU has it backwards: the Board's concession means the "constitutional or statutory

defect" is more certain, not that there isn't one. Given that vacatur is inappropriate even when the appellant affirmatively *repeals* the challenged law, *Houston Chronicle*, 488 F.3d at 619-20, it is even more clearly inappropriate when, as here, the appellant merely concedes the unconstitutionality of the statutes' removal protections.

For these reasons, even if the Board's appeal is moot, the OPEIU has not shown the extraordinary remedy of vacatur would be appropriate.

## **CONCLUSION**

For the foregoing reasons, Findhelp respectfully requests that the Court deny the OPEIU's motion.

Dated: March 26, 2025

Respectfully submitted,

/s/ Talley R. Parker
Talley R. Parker
Texas State Bar No. 24065872
talley.parker@jacksonlewis.com
David Kelly
Arizona State Bar No. 013035
david.kelly@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
(214) 520-2400 – Telephone
(214) 520-2008 - Fax

**ATTORNEYS FOR APPELLEE
AUNT BERTHA, A PUBLIC
BENEFIT CORPORATION
DOING BUSINESS AS FINDHELP**

# CERTIFICATE OF SERVICE

I certify that on March 26, 2025, I electronically filed the foregoing Opposition with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system.

/s/ Talley R. Parker
Talley R. Parker

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that the foregoing brief contains 1,353 words, as counted by counsel's word processing system, and thus complies with the 5,200-word limit. *See* FED. R. APP. P. 27(d)(A).

This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word using size 14 Times New Roman font.

/s/ Talley R. Parker
Talley R. Parker