


**American Federation of Labor and Congress of Industrial Organizations**

815 Black Lives Matter Plaza NW
Washington, DC 20006

202-637-5000

aflcio.org

**EXECUTIVE COUNCIL**

**ELIZABETH H. SHULER**
PRESIDENT

**FREDRICK D. REDMOND**
SECRETARY-TREASURER

Cecil Roberts
Matthew Loeb
Randi Weingarten
Baldemar Velásquez
Lee A. Saunders
Sean McGarvey
Stuart Appelbaum
Mark Dimondstein
Sara Nelson
Marc Perrone
Eric Dean
Gabrielle Carteris
Mark McManus
Elissa McBride
John Samuelsen
Vonda McDaniel
Gwen Mills
Charles Wowkanech
Bonnie Castillo
Ernest A. Logan
James Slevin
John Costa
Tim Driscoll
Everett Kelley
Anthony Shelton
Edward A. Kelly
Evelyn DeJesus
Cheryl Eliano
Matthew S. Biggs
Roxanne Brown
Arthur Maratea
James A. Williams Jr.
Ben Valdepeña
Meghann Burke
Bernie Burnham
Frank Christensen
Roland Rexha
Jason Ambrosi
Kenneth Cooper
Brian Renfroe
Shawn Fain
Brent Booker
Michael Coleman
Claude Cummings Jr.
David Heindel
Margaret Mock
David McCall
Brian Bryant
Lloyd Howell
Nick Daniels
April Verrett
Rocío Sáenz
John Downey
Tyler Turner

April 11, 2025

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for The Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:   *Space Exploration Techs. Corp. v. NLRB, et al.*,
            Nos. 24-50627, and consolidated cases
           <u>Panel</u>: Judges Wiener, Willett, and Duncan

Dear Mr. Cayce,

Intervenor OPEIU files this response pursuant to FRAP 28(j). In its 28(j) letter from April 9, 2025, SpaceX brought to this Court's attention the D.C. Circuit's en banc order lifting a stay on the district court's injunction returning Gwynne Wilcox to the NLRB after her removal by President Trump. However, the U.S. Supreme Court has since stayed the district court's injunction pending further order of the Court and additional briefing. Order, *Trump et al. v. Wilcox*, 24A966 (Apr. 9, 2025), available at https://shorturl.at/viWQN. Thus, Member Wilcox is not currently serving on the Board. https://www.nlrb.gov/about-nlrb/who-we-are/the-board.

Additionally, SpaceX's argument that the *Wilcox* case demonstrates that its removal claims are not moot is wrong. *First*, the *Wilcox* case relates solely to the removal protections afforded Board members, not NLRB administrative law judges. *Wilcox* says nothing about the mootness of the ALJ removal-protection claim. And because the only proceeding any of the plaintiffs-appellees would be immediately subject to if the district court injunctions are

vacated is a proceeding before an ALJ, that is reason enough to vacate the injunctions. *Second*, SpaceX claims that it is relevant that Wilcox "continues to contest the President's legal position" regarding his removal authority in her *personal* capacity. But she does *not* do so in *the instant* cases. Indeed, Wilcox, through her attorneys representing her in her *official* capacity in these cases, has taken the position that the removal protections afforded her are unconstitutional. ECF No. 210. The final relief the plaintiffs seek—declaratory relief that the removal protections are unconstitutional and a permanent injunction against the Board's implementation of removal protections—would have no meaningful effect. The President, NLRB, and Board members (in their official capacities) agree that the removal protections are unconstitutional, and are not implementing them. For those reasons, the plaintiffs-appellees' removal claims are moot, and the injunctions should be vacated.

Respectfully submitted,

s/ Andrew Lyubarsky
Andrew Lyubarsky
AFL-CIO
815 Black Lives Matter Plaza, N.W.
Washington, D.C. 20006
Tel: (202) 227-8969
alyubarsky@aflcio.org

Jane Lauer Barker
Pitta LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3828
jbarker@pittalaw.com

cc: all counsel (via CM/ECF)