# United States Court of Appeals for the Fifth Circuit

No. 24-50627

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2025

Lyle W. Cayce
Clerk

SPACE EXPLORATION TECHNOLOGIES CORPORATION,

*Plaintiff—Appellee*,

*versus*

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, *in her official capacity as the General Counsel of the National Labor Relations Board*; MARVIN E. KAPLAN, *in his official capacity as the Chairman of the National Labor Relations Board*; MARVIN E. KAPLAN, *in his official capacity as Board Member of the National Labor Relations Board*; GWYNNE A. WILCOX, *in her official capacity as Board Member of the National Labor Relations Board*; DAVID M. PROUTY, *in his official capacity as Board Member of the National Labor Relations Board*; JOHN DOE, *Administrative Law Judge NLRB*,

*Defendants—Appellants*,

CONSOLIDATED WITH

24-40533

ENERGY TRANSFER, L.P.; LA GRANGE ACQUISITION, L.P.,

*Plaintiffs—Appellees*,

*versus*

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, *in her official capacity as the General Counsel of the National Labor Relations Board*; MARVIN E. KAPLAN, *in his official capacity as the Chairman of the National Labor Relations Board*; MARVIN E. KAPLAN, *in his official capacity as Board Member of the National Labor Relations Board*; GWYNNE A. WILCOX, *in their official capacities as Board Members of the National Labor Relations Board*; DAVID M. PROUTY, *in their official capacities as Board Members of the National Labor Relations Board*; JOHN DOE, *in their official capacity as an Administrative Law Judge of the National Labor Relations Board*,

*Defendants—Appellants*,

CONSOLIDATED WITH

_____

24-10855

_____

AUNT BERTHA, *doing business as* FINDHELP,

*Plaintiff—Appellee*,

*versus*

NATIONAL LABOR RELATIONS BOARD, A FEDERAL ADMINISTRATIVE AGENCY; JENNIFER ABRUZZO, *in her official capacity as the General Counsel of the National Labor Relations Board*; MARVIN E. KAPLAN, *in his official capacity as the General Counsel of the National Labor Relations Board*; MARVIN E. KAPLAN; GWYNNE A. WILCOX; DAVID M. PROUTY, *in their official capacities as Board Members of the National Labor Relations Board*; JOHN DOE, *in their official capacity as an Administrative Law Judge of the National Labor Relations Board*,

*Defendants—Appellants*.

_____

Appeals from the United States District Courts
for the Western, Southern, and Northern Districts of Texas
USDC Nos. 6:24-CV-203, 3:24-CV-198,
4:24-CV-798

_____

Before WIENER, WILLETT, and DUNCAN, *Circuit Judges.*

PER CURIAM:[1*]

Before us are motions by Aunt Bertha d/b/a FindHelp, Space Exploration Technologies Corporation, and Energy Transfer, L.P. to construe their various responses to the Office and Professional Employees International Union's motion to intervene as motions for reconsideration. Those requests are GRANTED, and we now consider whether to vacate the order permitting OPEIU's intervention in the case.

On October 1, 2024, the OPEIU moved to intervene in this suit against FindHelp. FindHelp opposed the motion, and it was denied. Litigation proceeded, and on January 28, 2025, OPEIU emailed FindHelp and stated it "disclaim[ed] interest in representing the [FindHelp] bargaining unit . . . effective immediately."

On February 3, 2024—two days before argument in the consolidated case—counsel for the National Labor Relations Board sent a letter informing us of his intent to only address the "lack of subject-matter jurisdiction by effect of the Norris-LaGuardia Act, lack of causal harm, lack of irreparable harm, and balancing of the equities" at oral argument and not "the Board-member-removability arguments raised in the government's briefs."

_____

[*] Because Judge Wiener concludes that the Government's assertions raised in their February and March letters to the court (and attachments therein) equate to the withdrawal of its arguments on Board-member and ALJ removability, he would deny the motions for reconsideration and permit OPEIU's intervention.

Two days later—hours before oral argument began—the OPEIU filed a renewed motion to intervene. The OPEIU cited "changed circumstances" caused by the Board's refusal to address the Board-Member-removability issue at argument. The Clerk's Office granted the motion. No OPEIU counsel presented oral argument before us that afternoon.

On February 18 and 19—almost two weeks after oral argument—Employer-Appellees filed responses in opposition to OPEIU's motion. Appellees were "surprise[d]" to learn that the motion had been granted, and they moved that their response motions be considered motions for reconsideration. Additionally, on March 5, we received another letter from counsel for the NLRB explaining that it "no longer rel[ies] on its previous argument that the statutory tenure protections for Board members are constitutional" or "on its previous argument that the multiple layers of removal restrictions for ALJs" are constitutional. We now consider Appellees' arguments.

It is well established that "[t]here is no appellate rule allowing intervention generally." *Richardson v. Flores*, 979 F.3d 1102, 1104 (5th Cir. 2020). Instead, we permit intervention only in "truly exceptional cases." *Id.* Phrased differently, "[a] court of appeals may, but only in an exceptional case for imperative reasons, permit intervention where none was sought in the district court." *McKenna v. Pan Am. Petroleum Corp.*, 303 F.2d 778, 779 (5th Cir. 1962) (internal citation omitted).

Appellees argue that the OPEIU cannot show that its intervention is justified. We agree.

We have granted intervention where the intervenors "assert a significant stake in the matter on appeal, where it is evident that their interest cannot adequately be represented by [the parties]," and where the "lack of timely intervention below may be justified" by the district court's failure to

provide notice. *United States v. Bursey*, 515 F.2d 1228, 1238 n.24 (5th Cir. 1975); *see Richardson*, 979 F.3d at 1105. When a party seeks intervention at the appellate level simply because it has "a unique view offered by neither party," it should express that interest as an amicus, not an intervenor. *Richardson*, 979 F.3d at 1106.

The elements favoring intervention are not present here. First, the OPEIU disclaimed its interest in January when it sent a letter to FindHelp saying as much. Second, it filed an amicus brief earlier in the appeal process expressing its views, months before oral argument. The OPEIU is correct that the Board refused to argue the Board-Member-removability issue. But the Board did not *withdraw* its argument; it merely rested on its briefing, which affirmatively argued the constitutionality of the removability provisions. And the OPEIU already addressed the Board-Member-removability issue in its amicus brief. Third, there is no evidence that the OPEIU attempted to intervene at the district court level; while it filed an amicus brief in the district court, it did not move to intervene until the Board filed its appeal. These reasons counsel against granting the OPEIU's motion to intervene, despite its interest in the outcome of the litigation.

Finally, the practicalities of the moment weigh against the OPEIU. The case has been fully briefed and argued, and the OPEIU did not appear at oral argument despite the grant of its motion earlier that afternoon. The OPEIU's arguments have received due consideration in the form of its amicus brief, and the Government's refusal to argue the Board-Member-removability and ALJ-removability issues does not diminish the reality that it pressed the issues in its brief.

IT IS ORDERED that the motions for reconsideration are GRANTED.

IT IS ALSO ORDERED that the order granting the motion to intervene is VACATED.