

UNITED STATES GOVERNMENT

NATIONAL LABOR RELATIONS BOARD
OFFICE OF THE GENERAL COUNSEL

Contempt, Compliance, and Special Litigation Branch
1015 Half Street, S.E. – Fourth Floor
Washington, D.C. 20003

May 30, 2025

Lyle W. Cayce, Clerk of Court
United States Court of Appeals
for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *Space Exploration Technologies Corp. v. National Labor Relations Board, et al.*, Nos. 24-50627, 24-40533, 24-10855 (argued Feb. 5, 2025)

Panel: Judges Wiener, Willett, and Duncan

Dear Mr. Cayce:

Defendants-Appellants National Labor Relations Board, et al. (collectively, NLRB) respectfully respond to the Notice of Supplemental Authority filed by Appellee Space Exploration Technologies Corp. (ECF 262) regarding the Supreme Court's Order in *Trump v. Wilcox*, No. 24A966, 2025 WL 1464804 (May 22, 2025). The Order supports the NLRB's position that Appellees cannot show causal harm stemming from 29 U.S.C. § 153(a), which purports to restrict the removal of Board members.

In January 2025, the President removed Gwynne Wilcox as a member of the NLRB without a "qualifying cause" specified by the statute. *Wilcox*, 2025 WL 1464804, at *1. Wilcox subsequently filed a lawsuit and obtained a district court order "enjoining the President's removal." *Id.* But on May 22, the Supreme Court stayed the district

court's order and allowed the President's removal of Wilcox to remain in effect "pending the disposition of the appeal in the United States Court of Appeals for the District of Columbia Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought." *Id.*

      Here, Appellees challenge the constitutionality of 29 U.S.C. § 153(a) and seek injunctive relief on that basis. But, as the NLRB has maintained, a party challenging an agency's removal-protection scheme is not entitled to any relief under *Collins v. Yellen*, 594 U.S. 220 (2021), unless the removal restriction itself caused harm to the challenger. *See* NLRB Br. at 26-35. Appellees never made this showing before Wilcox's removal. And now that the Supreme Court has permitted the President's removal of Wilcox to be effectuated pending further proceedings, they again have no basis to allege, let alone demonstrate, causal harm. *See Collins*, 594 U.S. at 259 (surmising that a removal-restrictions challenger might be able to show harm if "the President had attempted to remove a[n executive officer] but was prevented from doing so by a lower court decision holding that he did not have 'cause' for removal"). This forecloses Appellees' effort to obtain injunctive relief on their Board-member-removability claims.

      Sincerely,

s/ David P. Boehm
David P. Boehm
Senior Attorney
National Labor Relations Board
1015 Half St., SE
Washington, D.C. 20003
david.boehm@nlrb.gov
T: 202-273-1923
F: 202-273-4244
*Attorney for Appellants*